Amy Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS P.C.
201 E. 5TH Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis,<br><br>                Plaintiff,<br><br>v.<br><br>American Express Company,<br><br>                Defendant. | Case No.: 2:24-cv-03370-PHX-DWL<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM**<br><br>**Oral Argument Requested** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Express Company respectfully moves the Court for an Order dismissing Plaintiff Sophia R. Lewis's Complaint because it is barred by the applicable statute of limitations and hence fails to state a claim upon which relief can be granted.

This Motion is supported by the following Memorandum, the accompanying Request for Judicial Notice, the Court's entire file in this matter, and any oral argument that the Court may wish to hear.

## MEMORANDUM

## INTRODUCTION

Plaintiff Sophia Lewis raises a single cause of action in her Complaint—Discrimination in Violation of Section 806 of the Sarbanes-Oxley Act of 2002 ("SOX")—alleging she was "harassed, subjected to a hostile work environment, and wrongfully terminated from her employment with Defendant American Express Company"[1] and that her "termination was motivated in whole or in part because Plaintiff made protected disclosures that she reasonably believed violated [SOX] and regulations." (Complaint ¶ 1.)

Plaintiff's claims should be dismissed because they are barred by the applicable statute of limitations, which is the federal default four-year statute of limitations, 28 U.S.C. § 1658(a). Plaintiff alleges that Defendant violated SOX by engaging in various adverse actions after she made what she claims are protected disclosures. According to her complaint, these adverse actions began in 2018 and ultimately resulted in her employment being terminated on August 20, 2020. (Complaint ¶¶ 1, 56-62.) Because all the alleged adverse actions occurred more than four years before Plaintiff filed this action on November 26, 2024, they are time barred. Furthermore, any equitable tolling of the statute of limitations is not justified here because (1) Plaintiff has not been diligently pursuing her

---

[1] Defendant American Express Company was not Plaintiff's employer. American Express Travel Related Services Company, Inc. was Plaintiff's employer. Defendant American Express Company reserves all rights to argue in the future that it is not a proper party to this lawsuit.

1

rights; and (2) no "extraordinary circumstance" stood in the way of Plaintiff filing this action in a timely fashion.

**FACTS**

On December 10, 2019, Plaintiff filed a complaint with OSHA alleging that Defendant retaliated against her in violation of SOX (the "First Administrative Complaint"). (Complaint ¶¶ 4, 48.) In the First Administrative Complaint, Plaintiff alleged:

> On or about June 20, 2019, Ms. Lewis was denied a promotion and on or about November 12, 2019, she was disciplined in retaliation for her complaints about employees submitting applications for corporate credit card accounts for customers that did not meet qualifications and using false signatures and false financial information on corporate credit card applications. Ms. Lewis also contends that she has been subjected to harassment and intimidation because of her complaints.

(Complaint ¶ 48.)

At Plaintiff's request, OSHA dismissed the First Administrative Complaint on August 13, 2020. (Complaint ¶ 4.) Upon the dismissal of the First Administrative Complaint, OSHA expressly advised Plaintiff that she had "30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ)" and that if objections were not filed, "these Findings will become final and not subject to court review." (Defendant's Request for Judicial Notice ("RJN"), Ex. A.) Plaintiff did not file objections to the dismissal of the First Administrative Complaint within 30 days of receipt of OSHA's findings; instead, Plaintiff waited almost two and a half years until February 10, 2023, to file objections and request a hearing before an ALJ. (RJN, Ex. B.)

In the meantime, on August 24, 2020, Plaintiff filed a second complaint with OSHA (the "Second Administrative Complaint") against Defendant alleging that her employment with Defendant was terminated in retaliation for filing her First Administrative Complaint and for her ongoing complaints about the actions of her fellow employees, stating:

2

> On or about August 20, 2020, Respondent [American Express] terminated Complainant's employment in retaliation for her complaints about employees submitting applications for corporate credit card accounts for customers that did not meet qualifications and using false signatures and false financial information on corporate credit card applications. Complainant also believes Respondent's actions are in retaliation for her filing her original SOX complaint in December 2019 and that Respondent has violated the Sarbanes-Oxley Act (SOX), 18 U.S.C.A. §1514A.

(RJN, Ex. C.)[2] OSHA dismissed the Second Administrative Complaint on January 26, 2023. (RJN, Ex. D.)

On February 10, 2023, Lewis filed objections to OSHA's dismissals of both the First and Second Administrative Complaints and requested a hearing before the Department of Labor Office of Administrative Law Judges. (RJN, Ex. B.) The parties then engaged in discovery and had a four-day evidentiary hearing on Plaintiff's Complaints before ALJ Christopher Larsen on February 15, 2024; February 16, 2024; March 4, 2024; and April 10, 2024. (Complaint ¶ 6; RJN, Exs. E at 2, M-N); 29 C.F.R. §§ 18.50-18.65. On August 8, 2024, ALJ Larsen issued a 90-page Decision and Order denying Plaintiff's claims, ruling that Plaintiff never engaged in protected activity under SOX. (Complaint ¶ 6; RJN, Ex. E.)

On August 12, 2024, Plaintiff filed a Petition for Review with the Department of Labor Administrative Review Board ("ARB") of ALJ Larsen's August 8, 2024, Decision and Order. (RJN, Ex. F.) On August 26, 2024, the ARB issued a Notice of Appeal Acceptance and Briefing Order which, among other things, directed Plaintiff to file an opening brief on or before September 23, 2024. (RJN, Ex. G.) After requesting two extensions to the briefing schedule, the ARB extended Plaintiff's deadline to file an opening brief to November 4, 2024. (RJN, Exs. H-I.)

Plaintiff did not file an opening brief by the deadline. Instead, on November 4, 2024, Plaintiff filed a Notice of Intent to File in U.S. District Court, stating "her intent to

---

[2] Although Plaintiff refers to "both" of her DOL-OSHA "complaints" in several paragraphs (Complaint ¶¶ 4, 6) and alleges that they were "consolidated" into one matter before the DOL, she does not detail the contents of her Second Administrative Complaint in her Complaint.

bring an action for *de novo* review in the appropriate district court of the United States for equitable and monetary relief and a trial by jury." (RJN, Ex. J.) On November 12, 2024, the ARB ordered Plaintiff to file either a file-stamped copy of a district court complaint or an opening brief in her appeal by November 26, 2024. (RJN, Ex. K.) Plaintiff filed the instant action on November 26, 2024, and filed proof of same with the ARB on the same date. (RJN, Ex. L.)

Plaintiff alleges that this Court has jurisdiction under "18 U.S.C. §1514A(b)(1)(B), which establishes jurisdiction … 'if the Secretary [of Labor] has not issued a final decision within 180 days of the filing of the [administrative] complaint and there is no showing that such delay is due to the bad faith of the claimant ….'" (Complaint ¶ 2.) Plaintiff further alleges that "[m]ore than 180 days have lapsed since the filing of both of Plaintiff's [U.S. Department of Labor ("DOL")]-OSHA complaints with no final agency decision." (Complaint ¶ 4.) To be specific, 1,813 days (or four years, 11 months, and 16 days) lapsed between the filing of Plaintiff's First Administrative Complaint and this lawsuit; 1,555 days (or four years, three months, and two days) lapsed between the filing of Plaintiff's Second Administrative Complaint and this lawsuit; and 1,559 days (or four years, three months, and six days) lapsed between August 20, 2020, Plaintiff's termination date, and this lawsuit.

## ARGUMENT

### I. Plaintiff's Claims Should Be Dismissed Pursuant to the Applicable Statute of Limitations.

A claim should be dismissed under Rule 12(b)(6) as untimely when "the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 1003-04 (9th Cir. 2006)). In ruling on a 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference[] and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

4

SOX's whistleblower provision provides a statute of limitations of 180 days for "filing a complaint with the Secretary of Labor" (i.e. an administrative complaint) pursuant to 18 U.S.C. § 1514A(b)(1)(A). *See* 18 U.S.C. § 1514A(b)(2)(D). The statute, however, does not provide a time limitation for "bringing an action at law or equity for de novo review in the appropriate district court of the United States" pursuant to 18 U.S.C. § 1514A(b)(1)(B). Because SOX does not provide a time limitation for filing a *de novo* action in district court, 28 U.S.C. § 1658, the federal "catch-all" statute of limitations applies.

Section 1658(a) states: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." SOX was enacted on July 30, 2002, and is silent as to a limitations period for filing a *de novo* action in federal court; thus, Plaintiff's claims are therefore governed by the federal default four-year statute of limitations. *Cf. Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (applying Section 1658(a)'s four-year limitations period to claims for race discrimination under 42 U.S.C. § 1981 because Section 1981 fails to provide a statute of limitations and plaintiff's claim against defendant was made possible by a post-1990 enactment).

In *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 668 (4th Cir. 2015), the Fourth Circuit confirmed that Section 1658(a)'s four-year "catch-all" limitations period applies to SOX whistleblower claims. In *Jones*, a former employee, the chief financial officer (CFO) of a company, brought an action in federal district court against the company, its chairman, and its chief executive officer (CEO), claiming that she was terminated in retaliation for raising concerns about the company's Securities and Exchange Commission (SEC) filings, in violation of the anti-retaliation provision of SOX. A jury found that the company and its officers violated SOX and defendants appealed. On appeal, defendants argued that plaintiff's action was barred by Section 1658(b), which

provides a two-year statute of limitations where the action "involves a claim of fraud … in contravention of a regulatory requirement concerning the securities laws." *Jones*, 777 F.3d at 666-67 (quoting 28 U.S.C. § 1658(b)). The court held that Section 1658(b)'s two-year limitation period did not apply because plaintiff did not advance a claim of fraud, but rather retaliatory discharge under SOX. *Jones*, 777 F.3d at 668. Instead, the court held that plaintiff's SOX retaliation claims were governed by Section 1658(a)'s four-year "catch-all" statute of limitations and thus, were not time barred.

Although the Ninth Circuit has yet to rule on this issue, a district court in this Circuit, as well as the Sixth Circuit Court of Appeals, have cited, with approval, *Jones*' holding that the four-year federal default statute of limitations applies to SOX retaliation claims. *See Harmon v. Intelligrated*, No. 23-3741, 2024 WL 4117026, at *5 (6th Cir. Aug. 15, 2024) (citing *Jones* for the proposition that Section 1658(a)'s four-year "catch-all" statute of limitations applies to the filing of a SOX retaliatory-discharge claim in federal court); *Pittman v. Cedars-Sinai Med. Ctr.*, No. 2:14-07857-SVW-FFM, 2015 WL 13857137, at *2 (C.D. Cal. Apr. 9, 2015) (citing, with approval, *Jones*' holding that Section 1514A retaliation claims are subject to a four-year statute of limitations); *see also Vuoncino v. Forterra, Inc.*, No. 3:21-CV-01046-K, 2024 WL 967846, at *7 (N.D. Tex. Mar. 6, 2024) (citing *Jones* and stating "[I]t would be curious if Congress intended to give claimants an indefinite period after commencing administrative proceedings to file in court rather than intending that some specific or fallback limitations period would apply."); *Bogenschneider v. Kimberly Clark Glob. Sales, LLC*, No. 14-CV-743-BBC, 2015 WL 796672, at *2 (W.D. Wis. Feb. 25, 2015) (noting that "[a]t some point, a plaintiff could run into a problem with the statute of limitations" in connection with SOX whistleblower claims filed in a *de novo* action in federal court and citing *Jones* in support of same); Mem. of P. & A. in Supp. of Def. Department of Labor's Mot. to Dismiss or, in the Alternative, for Summ. J. at n.3, *Moldauer v. Constellation Brands, Inc.*, No. 1:14-CV-01984 (CRC), 2015 WL 5885582 (D.D.C. Feb. 11, 2025) ("DOL believes that

6

Plaintiff's right to file for de novo review in District Court is governed by 28 U.S.C. § 1658(a), which provides a general four-year statute of limitations for district court actions when no other statute of limitations applies.").

Here, Plaintiff alleges that Defendant last violated SOX's whistleblower provision by terminating her employment on August 20, 2020, and by engaging in various other adverse actions between 2018 and August 20, 2020. (Complaint ¶¶ 1, 56-62.) This means the last date on which Plaintiff's SOX claims accrued was August 20, 2020. *Cf. Del. State Coll. v. Ricks*, 449 U.S. 250, 259 (1980) (holding that employment-related legal claims accrue, and the statute of limitations starts to run, when the employer "notifie[s]" the employee of the adverse action). The adverse actions alleged in Plaintiff's Complaint all accrued and became actionable more than four years before Plaintiff filed this action on November 26, 2024. As such, they are time barred pursuant to Section 1658(a)'s four-year "catch-all" statute of limitations.

**II. The Applicable Statute of Limitations Was Not Tolled.**

Defendant expects Plaintiff will argue, as she alleges in her Complaint, that the statute of limitations should be tolled for the period of time her claims were pending before the DOL. (*See* Complaint ¶¶ 4-5.) This argument is meritless.

"[E]quitable tolling applies only if a litigant (1) has been diligently pursuing [their] rights, and (2) failed to timely file because some 'extraordinary circumstance' stood in his way." *Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021) (citation omitted). The diligence prong "covers those affairs within the litigant's control" and the "extraordinary-circumstances prong, by contrast, is meant to cover matters outside [her] control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016).

As to the first element of equitable tolling, Plaintiff has not been diligently pursuing her rights to assert a claim in federal court. Plaintiff was free to file the claims raised in her First Administrative Complaint in federal district court at the latest, beginning on June 7, 2020, 180 days after filing with OSHA. (Complaint ¶ 4.). She was

7

free to file the claims raised in her Second Administrative Complaint in federal court at the latest, beginning on February 20, 2021, 180 days after filing with OSHA. (RJN, Ex. C.) However, she failed to file this action until *after* she engaged in discovery and failed to prove her case during a four-day evidentiary hearing. (RJN, Exs. E at 2, M-N.)

There were several other clear opportunities for Plaintiff to file in federal court within the statute of limitations, but she avoided doing so at every turn. For example, Plaintiff could have filed her claims in federal court:

- On August 13, 2020, following dismissal of her First Administrative Complaint (Complaint ¶ 4);
- On January 26, 2023, following dismissal of her Second Administrative Complaint. (RJN, Ex. D); or
- On August 8, 2024, following the ALJ's ruling denying her SOX claims (Complaint ¶ 6).

Instead of taking these clear opportunities to file in federal court within the statute of limitations, Plaintiff delayed the matter by filing an appeal with the ARB. (RJN, Ex. F.) She then further delayed by seeking two extensions of time to file her opening brief. (RJN, Exs. H-I.) Following the ARB's grant of these extensions, on November 4, 2024, the last possible day to file her opening brief, instead of filing her opening brief with the ARB, Plaintiff filed a notice of intent to file in federal court. (RJN, Ex. J.) Even then, Plaintiff did not immediately file in federal court. Instead, she failed to advance her claims in federal court, resulting in the ARB entering an order requiring her to file a file-stamped copy of her federal court complaint (or an opening appellate brief) with the ARB on or before November 26, 2024. (RJN, Ex. K.)

This is not reasonable diligence that would justify applying equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (concluding a petitioner, who did not "advance[] his claims within a reasonable time of their availability," lacked the diligence necessary for equitable tolling to apply); c*f. Cohen v. Ariz. State Univ.*, No. CV-21-01178-

PHX-GMS, 2022 WL 1747776, at *5 (D. Ariz. May 31, 2022) (rejecting application of equitable tolling to Arizona Civil Rights Act claim because plaintiff could have filed suit in court after requesting notice of right to sue from the EEOC after his charge of discrimination had been pending 180 days, but failed to do so); *Enriquez v. Gemini Motor Transp. LP*, No. CV-19-04759-PHX-GMS, 2021 WL 5908208, at *6 (D. Ariz. Dec. 14, 2021) (same).

Plaintiff also cannot meet the second element of equitable tolling–extraordinary circumstance. The plain language of SOX makes clear that following the expiration of the 180-day administrative waiting period before filing in federal court, there was no procedural impediment to Plaintiff filing a federal court complaint: "A person … may seek relief … if the Secretary has not issued a final decision within 180 days of the filing of the complaint …, bringing an action at law or equity for de novo review in the appropriate district court of the United States …." 18 U.S.C. § 1514A(b)(1)(B); *Doe*, 17 F.4th at 946 (finding that plaintiff failed to meet the second element of equitable tolling because "nothing stood in the way" of plaintiff filing his claim in court while he was seeking remedies outside of court at the same time)*; see also Barry v. Wash. State Dep't of Corr.*, 833 F. App'x 700, 701 (9th Cir. 2021) (holding plaintiff was not entitled to equitable tolling on his federal habeas petition while he pursued state court relief: "Because [plaintiff] had the ability to file a federal protective petition while pursuing state relief, no extraordinary circumstance prevented him from timely filing his federal petition.").

Because Plaintiff did not exercise reasonable diligence *and* no "extraordinary circumstance" stood in her way of filing in federal court, equitable tolling does not apply to the time period Plaintiff's administrative complaints were pending before the DOL.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court grant its Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

Dated:  February 3, 2025.

By  *s/ Amy J. Gittler*
Amy Gittler
Jackson Lewis P.C.
2111 E. Highland Avenue
Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Amy.Gittler@jacksonlewis.com
-and-
David Nenni (admitted *pro hac vice*)
Jackson Lewis P.C.
PNC Building, Floor 26
201 E. 5th St.
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
David.Nenni@jacksonlewis.com

Michael Delikat (admitted *pro hac vice*)
Mark Thompson (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 W 52nd St,
New York, NY 10019
Telephone: (212) 506-5000
mdelikat@orrick.com
mthomspon@orrick.com

Attorneys for Defendant American Express
Company

10

**CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 12.1(c) of the District Court of Arizona, I, Amy J. Gittler, certify that I have personally conferred with counsel for Plaintiff regarding this Motion to Dismiss and counsel for both parties agree that there is nothing Plaintiff can do to amend her Complaint to cure the deficiencies raised in Defendant's Motion to Dismiss.

Date:  February 3, 2025                                          /s/ *Amy J. Gittler*
                                                                               Amy J. Gittler

11

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4919-0513-5636, v. 4

12