Amy Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS P.C.
201 E. 5TH Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis, | Case No.: 2:24-cv-03370-PHX-DWL |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| American Express Company, | |
| Defendant. | |

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of a fact that is not subject to reasonable dispute because it is either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference[] and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In addition, documents which are not mentioned in the complaint, but whose authenticity is not contested, and upon which the plaintiff's complaint necessarily relies, may also be considered on a motion to dismiss without converting it into a motion for summary judgment. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

Accordingly, Defendant American Express Company hereby requests that in connection with Defendant's Motion to Dismiss, the Court take judicial notice of the following documents:

- Exhibit A: Dismissal of Plaintiff Sophia R. Lewis's ("Plaintiff") First Occupational Safety and Health Administration ("OSHA") Complaint ("First Administrative Complaint") dated August 13, 2020. (Complaint ¶ 4.)

- Exhibit B: Plaintiff's Notice of Objections and Request for Hearing Before an Administrative Law Judge ("ALJ") dated February 10, 2023. (Complaint ¶ 4.)

- Exhibit C: Plaintiff's Second OSHA Complaint dated August 24, 2020 (the "Second Administrative Complaint"). (Complaint ¶¶ 4, 6.)

1

- Exhibit D: OSHA's Dismissal of the Second Administrative Complaint dated January 26, 2023. (Complaint ¶ 6.)

- Exhibit E: OSHA ALJ Amended Decision and Order dated August 8, 2024. (Complaint ¶ 6.)

- Exhibit F: Plaintiff's Petition for Review with the Administrative Review Board ("ARB") dated August 12, 2024. (Complaint ¶ 6.)

- Exhibit G: ARB's Notice of Appeal Acceptance and Briefing Order dated August 26, 2024. (Complaint ¶ 8.)

- Exhibit H: ARB's Order Granting Extension of Time dated September 30, 2024. (Complaint ¶ 8.)

- Exhibit I: ARB's Order Granting Extension of Time dated October 24, 2024. (Complaint ¶ 8.)

- Exhibit J: Plaintiff's Notice of Intent to File in U.S. District Court dated November 4, 2024. (Complaint ¶ 8.)

- Exhibit K: ARB Order dated November 12, 2024. (Complaint ¶ 8.)

- Exhibit L: Plaintiff's Notice to ARB of Filing Complaint dated November 26, 2024. (Complaint ¶ 4.)

- Exhibit M: Notice of Video Hearing and Pre-Hearing Order dated March 28, 2023. (Complaint ¶ 4.)

- Exhibit N: Order Continuing Hearing dated September 5, 2023. (Complaint ¶ 4.)

Here, the Court may take judicial notice of Exhibits A-N because they are incorporated into Plaintiff's Complaint by reference and because the Complaint necessarily relies on them. Plaintiff directly references the dismissal of her First Administrative Complaint (Exhibit A) and her request for hearing before an ALJ (Exhibit B) in Paragraph 4 of the Complaint. Plaintiff references her Second Administrative Complaint (Exhibit C) by referring to "both" of her OSHA complaints in Paragraph 4 and

2

these "complaints", plural, in Paragraph 6 of the Complaint. Plaintiff's Complaint also necessarily relies on the dismissal of her Second Administrative Complaint (Exhibit D) because Plaintiff could not proceed before an ALJ on those claims as she alleges (Complaint ¶ 6) had there been no such dismissal. 29 C.F.R. §§ 1980.106, 1980.107. Plaintiff also specifically references the ALJ's decision and Order (Exhibit E) and her Petition for Review with the ARB (Exhibit F) in Paragraph 6 of the Complaint.

Plaintiff's Complaint also necessarily relies on the ARB's Notice of Appeal Acceptance and Briefing Order (Exhibit G) and the ARB Orders Granting Extensions of Time (Exhibits H, I) because they explain and clarify the procedural history of her administrative appeal and the timing of Plaintiff's November 4, 2024 Notice of Intent to File in U.S. District Court (Exhibit J), which is directly referenced in Paragraph 8 of the Complaint. Plaintiff's Notice to the ARB of the filing of the instant complaint in federal Court (Exhibit L) is referenced in Paragraph 8 of the Complaint and the Complaint necessarily relies on Exhibit K, the ARB Order dated November 12, 2024, because that is the Order, which required her to file such notice (Exhibit L). Plaintiff's Complaint also necessarily relies on Exhibit M (Notice of Video Hearing and Pre-Hearing Order) and Exhibit N (Order Continuing Hearing dated September 5, 2023) because they were orders made in connection with and were necessary to the ALJ hearing which is referenced in Paragraph 4 of the Complaint.

The Court may also take judicial notice of Exhibits A-N because they are official government agency documents and filings that are not subject to reasonable dispute. *See, e.g.*, *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (taking judicial notice of Department of Energy study and holding that "[j]udicial notice is appropriate for records and 'reports of administrative bodies'"); *Geary v. Parexel Int'l Corp.*, No. 5:19-CV-07322-EJD, 2022 WL 827250, at \*3 n.3 (N.D. Cal. Mar. 18, 2022) (taking judicial notice of OSHA's letter and preliminary findings regarding SOX complaint "as an administrative record of a U.S. government agency")

For the foregoing reasons, Defendant respectfully requests that this Court take judicial notice of Exhibits A-N in connection with Defendant's Motion to Dismiss.

Dated: February 3, 2025.

By   *s/ Amy J. Gittler*
Amy Gittler
Jackson Lewis P.C.
2111 E. Highland Avenue
Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Amy.Gittler@jacksonlewis.com
-and-
David Nenni (*pro hac vice* pending)
Jackson Lewis P.C.
PNC Building, Floor 26
201 E. 5th St.
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
David.Nenni@jacksonlewis.com

Michael Delikat (*pro hac vice* pending)
Mark Thompson (*pro hac vice* pending)
Orrick, Herrington & Sutcliffe LLP
51 W 52nd St,
New York, NY 10019
Telephone: (212) 506-5000
mdelikat@orrick.com
mthomspon@orrick.com

Attorneys for Defendant American Express Company

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4906-5254-5812, v. 4

5