Stephani L. Ayers, Esq., *Pro Hac Vice (Wash Bar #31610)*
Law Office of S.L. Ayers
P.O. Box 1061
Medford, OR 97501
Washington State #31610
stephani@whistleblowerdefenders.com
Tel: 813.382.7865

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **SOPHIA LEWIS,** | |
| Plaintiff, | Case No. 2:24-cv-03370-PHX-DWL |
| v. | |
| **AMERICAN EXPRESS COMPANY,** | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| Defendant. | Request for Oral Argument |

## INTRODUCTION

Plaintiff Lewis respectfully submits this Opposition to Defendant's Motion to Dismiss. The Motion should be denied because: (1) Plaintiff's Sarbanes-Oxley Act ("SOX") whistleblower claim is governed by a statute of limitations already contained in SOX, meaning a 4-year general catch-all provision does not apply; (2) if the Court did determine a general statute of limitations were to apply, said statute was properly tolled during the pendency of her administrative proceedings; and (3) equitable tolling principles further support the timeliness of Plaintiff's action under the circumstances of this case.

Defendant's argument that Plaintiff's claim is time-barred ignores the plain language of the SOX statute and the on point case law from this district. As detailed below, Plaintiff followed the administrative process required by SOX, until she determined to exercise her statutory right to pursue her remedies in federal court. This Court should reject Defendant's attempt to impose an inapplicable technical barrier to the substantive consideration of her whistleblower retaliation claim.

## I.  FACTUAL BACKGROUND

Plaintiff generally agrees with the facts set forth by Defendant in its Motion with the following distinctions:[1]

1.  From August 2020 to January 2023, Lewis' complaints resided with OSHA, who indicated they were conducting an investigation.[2]

---

[1] Plaintiff does not oppose the Motion for Judicial Notice.
[2] Motion for Judicial Notice, Ex. B.

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

*-2-*    ***OPP TO MOTION TO DISMISS***

2. After OSHA issued a close-out letter on January 26, 2023 indicating their investigation was done, the Office of Administrative Law Judges issued a hearing order setting a July 2023 hearing.[3]

3. That hearing was twice continued on joint request from the parties. On September 5, 2023, the DOL ALJ continued the October 2023 hearing to February 15, 2024 pursuant to *joint* request of the parties. The ALJ noted he had previously reset the July 2023 hearing to November 2023 on joint request of the parties.[4]

4. In September 2024, Plaintiff's legal team transitioned from David Seide at the administrative level to a new attorney, Stephani Ayers. Defendant and Plaintiff jointly filed two stipulated joint motions for extensions of time to file the briefs related to the appeal, including additional time for Defendant to brief its issues.[5]

5. Instead of proceeding before the ARB after November 2024, Plaintiff opted to exercise her statutory right on November 4, 2024, under 18 U.S.C. § 1514A(b)(1)(B) to bring this action for *de novo* review in federal court with a jury trial.

## II. LEGAL ARGUMENT

### A. Sarbanes-Oxley, Like The Other OSHA Administered Whistleblower Statutes, Has Its Own Statute of Limitations Set Forth In the Plain Language of Statute

OSHA currently oversees 25 statutes with whistleblower anti-retaliation

---

[3] Motion for Judicial Notice, Ex. B, p. 2, Ex. N.
[4] Motion for Judicial Notice, Ex. N.
[5] Motion for Judicial Notice, Ex. H.

provisions, on topics ranging from airline safety to food safety to air pollution to financial fraud.  Generally, each statute's anti-retaliation provisions provide that employers may not discharge or otherwise retaliate against an employee because the employee has filed a complaint or exercised any other rights provided to employees by the statute.[6]   Congress enacted Sarbanes-Oxley (SOX) anti-retaliation provisions to protect whistleblower employees of publicly traded companies who make disclosures to protect shareholders, employees, and the public from accounting errors and fraudulent or illegal financial practices.  Similarly, Congress enacted the Federal Railway Safety Act (FRSA) anti-retaliation provisions to protect railroad employee whistleblowers.[7]   SOX and FRSA complaints must first be presented to OSHA, within 180 days of the action the employee is challenging.

SOX and FRSA, along with several of the other whistleblower statutes, have "kickout provisions" providing that if the Secretary of Labor does not take final action within 180 days, the employee can file suit in federal district court against the employer. Neither SOX nor FRSA specifies an additional time limit for the right to file suit in federal district court, as long as the administrative complaint was timely filed.

---

[6] See Occupational Safety and Health Administration: Whistleblower Protection Program, <publicly available at https://www.whistleblowers.gov/statutes>

[7] 49 U.S.C. § 20109.  OSHA currently oversees 25 statutes with anti-retaliation provisions.  Generally, each statute contains whistleblower (anti-retaliation) provisions that generally provide that employers may not discharge or otherwise retaliate against an employee because the employee has filed a complaint or exercised any other rights provided to employees by the statute.

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

*-4-*   *OPP TO MOTION TO DISMISS*

SOX specifically states the statute of limitations is satisfied by filing within 180 days with the Secretary of Labor: "(D) Statute of limitations.--An action under paragraph (1) shall be commenced "not later than 180 days after the date on which the violation occurs".[8] "Paragraph 1" of Sarbanes-Oxley allows for persons to file enforcement actions via the Secretary of Labor and via federal court (so long as the filing with federal court is prior to a final decision from the Secretary of Labor):

> (b) Enforcement action.-- (1) In general.--A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by--(A) filing a complaint with the Secretary of Labor; or (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States…

Nearly identically, the Federal Railroad Safety Act (FRSA), 49 U.S.C. §20109, sets forth exactly the same procedural scheme as Sarbanes-Oxley, with both a 180-day statute of limitations for filing with the Secretary of Labor, and a right to remove to federal court if the Secretary has not issued a final decision within 210 days of filing.[9]

> **(d) Enforcement action.-- (1) In general.**--An employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b) or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor.
> ***
> **(ii) Statute of limitations.**--An action under paragraph (1) shall be commenced not

---

[8] 18 U.S.C. §1514A(b)(2)(D)

[9] 49 U.S.C. §20109(d)(1) "Enforcement action", (d)(2)(A)(ii) "Statute of limitations" and (d)(3) "De novo review".

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

-5-   *OPP TO MOTION TO DISMISS*

later than 180 days after the date on which the alleged violation of subsection (a), (b) or (c) of this section occurs.
***

**(3) De novo review.**--With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States...[10]

### B. Because SOX Has Its Own Statute of Limitations Provided by Law, the Four Year Catch All Statute Of Limitations Never Comes Into Play

The provision argued by Defendant, 28 U.S. Code § 1658 (a) provides: "*Except as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." SOX already sets forth a statute of limitations that is satisfied by filing with the Secretary of Labor within 180 days. To this end, this Court has already considered, and rejected, Defendant's argument that the four-year catch-all provision applies here or prohibits employees from filing these retaliation actions in federal court.

In *Despain v. BNSF Ry. Co.*, 186 F. Supp. 3d 988, 993 (D. Az. 2016), this Court analyzed the Federal Railroad Safety Act's (FRSA) kick-out provision, which as shown above, is worded nearly identically to the SOX's kick-out provision, administered identically to SOX, and subject to identical burdens of proof and process (both following the AIR-21 framework). Defendant completely ignores this precedent in their Motion

---

[10] FRSA and SOX then both follow the processes set forth in the aviation whistleblower statute. 49 U.S.C. §20109

though the precedent is directly on point and from this Court. In 2010, Despain filed a complaint with the Secretary of Labor against his employer, BNSF Railway Company, alleging retaliation in violation of the Federal Railroad Safety Act. Five years later, the Secretary still had not reached a final decision. Despain then brought this action pursuant to the Act's "kick-out" provision, which authorizes an "original action" in federal district court for "de novo review" in cases where the Secretary has not reached a final decision within 210 days. 49 U.S.C. § 20109(d)(3).

Defendant BNSF Railway argued the same as the Defendant here, that, though the 180-day limitation was satisfied for Despain's complaint to the Secretary under § 20109(d)(1), the four-year catch-all limitations of 28 U.S.C. § 1658(a) limited Despain's original action in district court under the Act's kick-out provision. This Court noted first that the catch-all statute does not apply *at all* because the FRSA (like SOX) already has a limitations period*:*

> As noted, the catch-all statute, 28 U.S.C. § 1658(a), applies only in the absence of other limitations periods ("[e]xcept as otherwise provided by law"). As also noted, actions before the Secretary under 49 U.S.C. § 20109(d)(1) are governed by a 180-day statute of limitations. 49 U.S.C. § 20109(d)(2)(A)(ii). Thus, the catch-all limitations period does not apply to those actions.

The *Despain* Court further explained the federal court action is simply a continuation of the OSHA filing, and filing in federal court does not create a new statute of limitations. The Court added that setting an additional statute of limitations would serve no purpose and in fact would undermine Congressional purpose:

> The action in district court "[w]ith respect to a complaint under paragraph (1) [before the Secretary]" *is essentially a continuation of the action before the Secretary and therefore requires no additional limitations period.* Indeed, adding a limitations period would serve no purpose and would in fact defeat Congress's

specific purpose in allowing employees to transfer stagnant retaliation proceedings from the agency to district court. [11]

Further, as a practical matter, the Court explained Defendant attempting to impose an additional statute of limitations was nonsensical:

> In fact, a separate limitation here would only defeat the purpose of the Federal Railroad Safety Act's kick-out provision. Congress decided, in a comprehensive statutory scheme, to allow reassignment of review of employees' claims in the event of agency delay. It is nonsensical to infer, from a different statute, that *more* agency delay somehow defeats the reassignment. That would be like a court dismissing a timely claim on the ground that the court itself failed to grant relief within some arbitrary time limit.[12]

The Court elaborated, in addition to already having a statute of limitations met by filing with the Department of Labor, the statute has its own expiration date for initiating the federal court complaint, i.e. when the agency reaches a "final decision":

> Even if the court action is separate from the agency action, the catch-all limitation would not apply because the court action is available as long as, and only as long as, the agency fails to reach a final decision.[13]

This Court said even if the kick-out provision authorizes an action meaningfully distinct from the agency action, the catch-all provision would not apply:

> First, actions under the kick-out provision do not need a limitations period because they are available as long as the conduct that occasions them continues. The provision authorizes employees to transfer their complaint to district court in the event of agency delay. Under this authorization, the action can be brought as long as the targeted harm persists, that is, as long as the agency delays. Thus, the action expires only with passage of the harm, not with passage of time. This is analogous to the equitable doctrine that, in some contexts, a statute of limitations does not run

---

[11] *Despain,* at 993 (emphasis added).
[12] *Despain*, at 994.
[13] *Despain*, at 993.

against a claim as long as the actionable harm continues.[14] [citations omitted]. Second, to the extent that actions under the kick-out provision need a separate limitations period, the provision itself provides a natural time limit. Such actions are timely only as long as the Secretary "has not issued a final decision." 49 U.S.C. § 20109(d)(3). Once the Secretary reaches a final decision, the employee's right to de novo review in district court expires. This literal time limit tracks rather than defeats Congress's remedy for delayed agency proceedings. The remedy ends when the need ends and not before. Thus*, no matter how one slices it, the Federal Railroad Safety Act's kick-out provision leaves no limitations gap for the catch-all limitations period to fill. Accordingly, the catch-all statute has no application here.*[15]

This Court also endorsed the holding in *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917 (D. Kan. 2014), a SOX federal court action, which also found the four year catch-all did not apply for the same reasons as above, including that SOX already has a specific statute of limitations:

> There, as in Jones and Ellis, the employee filed a Sarbanes-Oxley retaliation complaint with the Secretary of Labor under 18 U.S.C. § 1514A(b)(1)(A) and years later brought an action for de novo review in federal court under §1514A(b)(1)(B). The court held that no part of the catch-all statute of limitations—neither § 1658(a) nor § 1658(b)—governed the timeliness of the employee's action in federal court. The court reasoned that the catch-all statute applies "except as otherwise provided by law," (quoting 28 U.S.C. § 1658(a)), and the Sarbanes-Oxley Act already provides a specific limitations period in which retaliation claims must be filed with the Secretary, (referring to 18 U.S.C. § 1514A(b)(2)(D)).[16]

Despite this, Defendant seeks to impose an arbitrary third deadline for action here. However, it is clear Defendant's proposed action would dishonor the plain language of the

---

[14] *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (finding Fair Housing Act claim timely where alleged unlawful practice "continue[d] into the limitations period"); *see generally* Kyle Graham, *The Continuing Violations Doctrine*, 43 Gonz. L. Rev. 271 (2008) (explaining formulations, justifications, and applications of the doctrine).

[15] *Id*., at 995.

[16] *Id*., at 996-997 (citations omitted).

statute, clear Congressional intent that these actions be available until the expiration of the agency reaching a final action, and this Court's precedent.  The Court should deny this request.

### C. **Defendant's Cited Cases Are Irrelevant or Inapplicable**

Defendant's reliance on *Jones v. Southpeak Interactive Corp.*, 777 F.3d 658 (4th Cir. 2015), is misplaced. While the *Jones* court did apply the four-year "catch-all" limitations period to SOX whistleblower claims, it not only did not analyze the application of the actual statute of limitations contained in the SOX statute, it also did not address the question of whether the limitations period should be tolled during administrative proceedings. Tolling was not at issue in *Jones* at all.

Defendant's argument for the application of *Jones* is not persuasive over the application of the law that is on point here.  The *Despain* Cort addressed this as well. In *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658 (4th Cir. 2015), Jones alleged SOX retaliation (which as described above contains an enforcement procedure and kick-out provision very similar to FRSA). Jones filed a timely complaint with the Secretary and nearly three years later, while still waiting for a final decision, brought an action in district court for de novo review.[17]

The Defendant characterizes *Jones* as "holding" that the catch-all statute of limitations, 28 U.S.C. § 1658, applies to the Sarbanes-Oxley kick-out provision. But, as

---

[17] *Despain*, at 995-996, citing *Jones*, 777 F.3d at 663-64

the *Despain* Court explained, that mischaracterizes the case holding, which did not examine the actual application of § 1658 because the parties had stipulated the issue away and did not examine whether 1658 applied in light of SOX's clearly articulated statute of limitations of 180 days:

> The litigated question was which subsection of the statute fit Jones's specific claim: the four-year general limitation in § 1658(a) or the two-year securities fraud limitation in § 1658(b)(1). Because the employee filed in district court after two years but under four years, to win under § 1658 the employer had to shoehorn that claim into a securities fraud claim. The court's precise holding was that the shoe did not fit. It was not a securities fraud claim, so § 1658(b)(1) could not bar the claim even if § 1658 in general governed Sarbanes- Oxley Act retaliation claims. The employee defeated the motion the easy way. Indeed, the parties framed the question as whether § 1658(b)(1) applied. *See* Appellants' Opening Br., 2014 WL 1511197, at *2 (presenting question whether plaintiff's claims "'involve a claim of fraud' and [are] therefore subject to the two-year statute of limitations of 28 U.S.C. § 1658(b)(1)"); Appellee Br., 2014 WL 2115956, at *5 (presenting question whether "the four-year statute of limitations set forth at 28 U.S.C. § 1658(a) or the two-year statute of limitations set forth at 28 U.S.C. § 1658(b)(1)" applies). The court treated the question as the parties posed it: whether the four-year limitation of § 1658(a) or the two-year limitation of § 1658(b)(1) applied, not whether § 1658 applied at all. The court began: "We first consider [the employer's] contention that the statute of limitations bars their action." 777 F.3d at 666. The court explained why § 1658(b)(1) did not apply. *Id.* at 666-68. The court's statement that § 1658(a) controls, if it means anything beyond a conclusion that that employee's claim was not a securities fraud claim within the description of § 1658(b)(1), is dictum on two levels. First, the facts of that case required no such holding because that case was undisputedly timely even under 28 U.S.C. § 1658(a). Second, the parties apparently agreed (mistakenly) that § 1658 in general applies and never argued that the express time limitation in the Sarbanes-Oxley Act oust § 1658 limitations. A stipulation of the parties in one case is not a binding precedent against other litigants in other cases.

The Despain Court further added:

> Finally, if somehow *Jones* did hold that § 1658 ousts claims that are timely under the Sarbanes-Oxley Act itself, it lacks essential analysis and is therefore unpersuasive. No one can fault the *Jones* court for its summary comment on a point the parties had stipulated away. The question does matter in this case and is sharply contested. We decide it afresh.

It is surprising the Defendant would completely disregard the *Despain* precedent from this Court, though it is directly on point. Instead, they cite *Harmon v. Intelligrated*, No. 23-3741, 2024 WL 4117026, at *5 (6th Cir. Aug. 15, 2024) (unpublished).  Defendant ignored that *Harmon* is not relevant to the matter here because the employee in Harmon never even filed a complaint with OSHA. Harmon thus failed to meet the 180 day statute of limitations, so she was attempting to argue that she could have filed her complaint within 4 years.  The court did not hold that the 4-year catch all statute of limitations actually applied; the court only analyzed the *Plaintiff's* argument that *Jones applied and ths* excused her failure to file with OSHA, which it did not.

The same is true with regards to Defendant's cited case *Pittman v. Cedars-Sinai Med. Ctr.*, No. 2:14-07857-SVW-FFM, 2015 WL 13857137, at *2 (C.D. Cal. Apr. 9, 2015).  Again, the employee never exhausted their SOX claim with OSHA as required. And in fact, the Plaintiff did not file any opposition to the motion to dismiss, so the court performed no analysis whatsoever to the actual statute of limitations.  By contrast, the *Despain* Court performed extensive analysis of all of these issues; the Defendant just chose to ignore it.

Defendant then cites *Vuoncino v. Forterra, Inc.*, No. 3:21-CV-01046-K, 2024 WL 967846, at *7 (N.D. Tex. Mar. 6, 2024) (citing *Jones* and stating "[I]t would be curious if Congress intended to give claimants an indefinite period after commencing administrative proceedings to file in court rather than intending that some specific or fallback limitations period would apply.").  Indeed, had Defendant or the Texas court analyzed this court's decision or the statute they would understand there is not an indefinite period but rather a

specific deadline to file in federal court built into the statute – no one can file in federal court once the Secretary of Labor issues a final decision. So, the _Vuoncino_ Court did not understand the basic fact that Congress never gave an employee indefinite time to file. Instead, Congress wrote a statute that would address the issues of agency delay by ending the employee's time to file in federal court once the agency issued its "final decision".

In *Bogenschneider v. Kimberly Clark Glob. Sales, LLC*, No. 14-CV-743-BBC, 2015 WL 796672, at *2 (W.D. Wis. Feb. 25, 2015), no one even raised a statute of limitations issue.  Instead, the Court rejected Defendant's complaints about Plaintiff's statutory rights, much like they raised here, and noted Plaintiffs have the right to file even after an agency decision is issued, regardless of the Defendant's thoughts on the matter:

> They [Defendants] note that plaintiff received a decision from the administrative law judge after the 180-day deadline expired and that he waited to file a lawsuit in this court until that decision was issued. They argue that § 1514A should be construed to limit de novo review in the district court to situations in which the plaintiff never received an administrative decision. Otherwise, it allows plaintiffs to take a "wait and see approach" after 180 days, in which they can accept the administrative decision if they like it or file a lawsuit in federal court if they don't. In addition, defendants argue that giving plaintiff de novo review is a waste of judicial resources that requires the court and the parties to duplicate the administrative proceedings. I agree with defendants that there are strong policy arguments for limiting the scope of § 1514A, *but they are not supported by the text. The statute gives a plaintiff the right to seek de novo review in district court if the department has not issued a final decision in 180 days. There is no language in the statute that limits this right if a final decision comes out at some later time.*

It is unclear what Defendant is citing with regards to "Mem. of P. & A. in Supp. of Def. Department of Labor's Mot. to Dismiss or, in the Alternative, for Summ. J. at n.3, *Moldauer v. Constellation Brands, Inc.*, No. 1:14-CV-01984 (CRC), 2015 WL 5885582 (D.D.C. Feb. 11, 2025)" (Motion, p. 9-10). It is hard to imagine the relevance as the *Moldauer* Court there did not find it had jurisdiction over Constellation or DOL back in

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

*-13-*    **OPP TO MOTION TO DISMISS**

2015.  Additionally, Defendant filed their motion on Feb. 3, 2025, so it is unlikely they are properly citing a case decision or memo from Feb. 11, 2025 that post-dates their brief.[18]

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. Plaintiff met the applicable SOX statute of limitations of filing with OSHA within 180 days.  The law is clear as to her next steps; she is allowed to remove her complaint to federal court at any point before the Secretary of Labor issues a final decision.  No final decision was issued as the ALJ order was appealed, thus statutorily Plaintiff was completely within her rights to file this action.

Dated: March 3, 2025.

Respectfully submitted,


_____s/Stephani L. Ayers_____
        Stephani L. Ayers,  *Pro Hac Vice* (Washington #31610)
        Law Office of S.L. Ayers
        4701 Admiral Way SW #276
        Seattle, WA 98116
        (813) 382-7865
        stephani@whistleblowerdefenders.com

        On behalf of the Government Accountability Project
        1612 K St., NW #808

_____

[18] Regardless, the DOL's "belief" as a party to a lawsuit is irrelevant.

Washington, DC 20006
(202) 408-0034

Attorneys for Plaintiff

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

-15-   *OPP TO MOTION TO DISMISS*