Amy Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS, P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS, P.C.
201 E. 5th Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis,<br><br>                    Plaintiff,<br><br>v.<br><br>American Express Company,<br><br>                    Defendant. | Case No.: 2:24-cv-03370-PHX-DWL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**(Oral Argument Requested)** |

4131-4609-6986.16

**INTRODUCTION**

Plaintiff Sophia R. Lewis does not dispute that if her claims are, as Defendant contends, subject to 28 U.S.C. § 1658(a)'s ("Section 1658(a)") four-year federal default statute of limitations, they must be dismissed. Instead, Plaintiff argues her federal court claim is timely because SOX does not specify an "additional time limit for the right to file suit in the federal district court, as long as the administrative complaint was timely filed." (Opp. at 4.) Plaintiff's argument is meritless. The 180-day limitations period for filing an administrative complaint has no application to the statute of limitations for de novo SOX actions filed in federal court. Rather, the statute only provides a waiting period for filing such a federal claim by stating that if the Secretary of Labor has not issued a final decision within 180 days of the filing of the administrative complaint, a de novo action can be filed in the district court. But that option is not open indefinitely as Plaintiff argues. Section 1658(a) was a clear effort by Congress to enact "federal limitations periods for all federal causes of actions" and provides the applicable statute of limitations for asserting a SOX claim in court. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 380 (2004) (internal quotation marks omitted). The default four-year statute of limitations applies to de novo actions brought in federal court under SOX and renders Plaintiff's filing untimely.

**ARGUMENT**

**I.    The Federal Four-Year Default Statute of Limitations Applies to Plaintiff's District Court Complaint.**

In her Opposition, Plaintiff, who agrees with Defendant's facts and "does not oppose the Motion for Judicial Notice," argues that the 180-day statute of limitation for filing an administrative complaint with the Secretary of Labor is the only statute of limitations in SOX, and so long as she filed a complaint with the Secretary of Labor within this time period, she can subsequently file a federal lawsuit with the same claims in perpetuity until the Secretary of Labor issues a "final decision." Caselaw and statutory language do not support this position and render Plaintiff's complaint untimely. Adopting Plaintiff's position would lead to an absurd result, an almost never-ending limitations period.

1

Title 18, Section 1514A is the primary statute at issue. Section 1514A(b)(1) provides two litigation tracks for a plaintiff: (1) filing a complaint with the Secretary of Labor and litigating within the administrative process; or (2) "kicking out" the administrative complaint and filing a complaint in federal court, if the Secretary of Labor has not issued a final decision "within 180 days of the filing of the complaint" that was filed with the Secretary. 18 U.S.C. § 1514A(b)(1).

A Secretary of Labor "final decision" does not arise until a plaintiff fails to timely appeal an OSHA determination, an ALJ's decision from the Office of Administrative Law Judges, or an Administrative Review Board (ARB) final appealable order. *See* 29 C.F.R. § 1980.106-110; Secretary's Order 01-2020—Declaration of Authority and Assignment of Responsibility to the Administrative Review Board, 85 Fed. Reg. 13186, 13187 (Mar. 6, 2020). As described below, obtaining a "final decision" from the Secretary of Labor can take more than five years and often, as was the case here, involves substantial litigation and appeals. The plain language of the statute reads:

> Statute of limitations. – An action under paragraph (1) shall be commenced not later than 180 days after the date on which the violation occurs, or after the date on which the employee became aware of the violation."

18 U.S.C. § 1514A(b)(2)(D).

The "action" section D refers to is the administrative complaint filed with the Secretary of Labor, *not the de novo action in district court*, which is permitted if the Secretary has not issued a final decision on the administrative complaint within 180 days of filing. Because SOX is silent as to the statute of limitation for claims filed de novo in federal court, the Court should apply the catch-all four-year default statute of limitation contained in 28 U.S.C. § 1658(a) and decline to "borrow" the 180-day statute of limitations applicable to administrative actions and apply it here. *See Lubniewski v. Lehman*, 891 F.2d 216, 221 (9th Cir. 1989) (applying catch-all statute of limitations rather than statute of limitations from another section of the relevant statute: "Nor do we think it proper to borrow a limitation period from another section of the ADEA."), *overruled on other grounds*, *Williams–Scaife v. Dep't of Def. Dependent Schs.*, 925 F.2d 346, 348 n.4 (9th Cir. 1991); *see also Burnett v.*

2

*Grattan*, 468 U.S. 42, 50 (1984) (holding that borrowing an administrative statute of limitations for a claim filed in court is inappropriate). In fact, courts have applied Section 1658(a)'s four-year default statute of limitations to SOX whistleblower claims. *See e.g.,* *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 668 (4th Cir. 2015); *Pittman v. Cedars-Sinai Med. Ctr.*, No. 2:14-07857-SVW-FFM, 2015 WL 13857137, at *2 (C.D. Cal. Apr. 9, 2015).

A review of other employment discrimination statutes, which provide for separate statute of limitations for claims filed with an administrative agency and in court, also leads to the conclusion that Plaintiff's reading of SOX is incorrect. For example, Title VII, like SOX, requires a complainant to first file their claim with an administrative agency, the Equal Employment Opportunity Commission ("EEOC"), before filing in court and provides a 180-day statute of limitations for filing with the EEOC (42 U.S.C. § 2000e-5(e)(1)) and a separate 90-day statute of limitations for filing in court following issuance of a right to sue (42 U.S.C. § 2000e-5(f)(1)). Similarly, Arizona's Civil Rights Act ("ACRA") provides a 180-day statute of limitation for filing a charge of discrimination with the Civil Rights Division (A.R.S. § 41-1481(A)) and a separate one-year statute of limitation for filing discrimination claims in court (A.R.S. § 41-1481(D)). Here, the statute should be read in accord with other similar employment discrimination statutes like Title VII and ACRA so that a separate limitations period—namely, Section 1658(a)'s four-year default statute of limitation—applies to filings in court.

Plaintiff's view that there is no statute of limitations for filing in district court provided a plaintiff has satisfied the limitations period for filing a complaint with the Secretary should also be rejected because applying a single administrative statute of limitations to both SOX claims filed with the DOL *and* in court would lead to an absurd result. *United States v. Price*, 980 F.3d 1211, 1218 (9th Cir. 2019) (courts should also interpret statutes to avoid absurd results). Namely, if Plaintiff's interpretation of the statute were adopted, a plaintiff would be free to commence her claim de novo in federal court for an indefinite period of time after the accrual of her claim as long as she first filed her claim

3

with the Secretary of Labor within 180 days. This cannot and should not be the case. "Statutes of limitations are designed to protect potential defendants from defending claims after evidence has been lost, memories have faded, and witnesses have disappeared." *DeMalherbe v. Int'l Union of Elevator Constructors*, 449 F. Supp. 1335, 1341 (N.D. Cal. 1978) (internal quotation marks omitted); *see also Parker v. Shaw & Lines, LLC*, No. CV 09-2003 PHX-JAT, 2010 WL 1640963, at *2 (D. Ariz. Apr. 20, 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade.").

In this case, Plaintiff did not file this lawsuit until November 26, 2024, at least 1,975 days (5.41 years) after the June 2019 alleged adverse employment action and 1,559 days (4.27 years) after the August 20, 2020, alleged adverse employment action. Plaintiff undisputedly filed this lawsuit more than four and even more than five years after her claims arose.

Notably, Plaintiff was not yet at the end of the DOL process for obtaining a "final decision" from the Secretary of Labor. Had Plaintiff continued with her appeal before the ARB, Plaintiff's administrative case would have continued for some number of months before final briefing and a subsequent decision from the ARB. If the ARB overruled the ALJ, the matter would have been remanded to the ALJ for further consideration, likely a new decision, and a subsequent appellate process lasting some number of months or years more. Throughout this administrative process, Plaintiff argues there are no time limitations on her ability to file a new case in federal court. This is essentially an indefinite period of time in which Plaintiff could file a SOX case in federal court. This would be absurd.

In support of her reading of SOX, Plaintiff cites to the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20109, which she claims "sets forth exactly the same procedural scheme as Sarbanes-Oxley, with both a 180-day statute of limitations for filing with the Secretary of Labor, and a right to remove to federal court if the Secretary has not issued a final decision within 210 days of filing." (Opp. at 5.) However, the Eighth Circuit rejects the interpretation that the administrative statute of limitations under the FRSA applies to de

4

4131-4609-6986.16

novo actions filed in federal court recognizing that no federal statute of limitations expressly applied to such actions under the FRSA and that the right to file a kick out district court action is not unlimited or absolute. *Gunderson v. BNSF Ry. Co.*, 850 F.3d 962, 972 (8th Cir. 2017).

## II.     The District Court Cases Cited by Plaintiff Are Neither Precedential nor Persuasive.

In her Opposition, Plaintiff principally relies on *Despain v. BNSF Railway Co.*, 186 F. Supp. 3d 988, 993 (D. Ariz. 2016), in which the court held, contrary to *Gunderson*, that as long as plaintiff timely filed her administrative complaint within the 180-day statute of limitations under the FRSA, there was no statute of limitations applicable to filing a de novo federal court action. (Opp. at 6.)

First, *Despain* is not "directly on point"; it is legally and factually distinguishable. In *Despain*, the plaintiff filed his administrative complaint under the FRSA in April 2010. The Secretary then took *five years*, until July 2015, to conclude its investigation, after which it awarded the plaintiff $270,000 in damages. The defendant employer then requested a hearing before an ALJ. Before any decision was reached by the ALJ however, plaintiff filed a notice of intent to file a de novo action in federal court based on the "kickout" provision of the FRSA. *Despain*, 186 F. Supp. 3d at 993-95. Here, the facts are quite different in that the delay in filing in district court was not attributable to the Department of Labor but to Plaintiff, herself. Plaintiff filed her First Administrative Complaint in December 2019. (Complaint ¶¶ 4, 48.) At Plaintiff's request, OSHA dismissed that Complaint in August 2020. (Complaint ¶ 4.) She then filed her Second Administrative Complaint in August 2020. (Defendant's Motion for Judicial Notice ("MJN"), Ex. C.) The Secretary concluded its investigation by January 2023. (MJN, Ex. D). Plaintiff then requested and had a four-day evidentiary hearing before an ALJ. (Complaint ¶ 4, MJN, Ex. E.) After the hearing, the ALJ issued a 90-page plus opinion denying Plaintiff's claims on August 8, 2024. (MJN, Ex. E.) All of these determinations occurred within the four-year statute of limitation to seek de novo review in the district court. In contrast to *Despain*, there had been no administrative

5

delay that carried the case beyond the four-year statute of limitations. However, rather than seek de novo review after the issuance of the ALJ's opinion (or in the multiple years before that in which she could have used the "kick out" provision), Plaintiff elected to continue to pursue the administrative process and filed a petition for review with the ARB. (MJN, Ex. F.) After all of this, Plaintiff chose to withdraw her appeal for a second bite of the apple in this Court after the four-year statute of limitations expired. (MJN, Ex. J.)

Moreover, the *Despain* court held that "imposing a separate limitations period on the [plaintiff]'s court action would not advance traditional limitations policies" because the plaintiff in *Despain* did not "sleep on his rights" during the Secretary's five-year investigation and "[a]ny loss of evidence would lie entirely at the feet of the Secretary." 186 F. Supp. 3d at 994. That is not the case here. Here, Plaintiff did, in fact, "sleep on her rights" to file a de novo action in federal court. Plaintiff was free to file the claims raised in her First Administrative Complaint in federal district court beginning on June 7, 2020, 180 days after filing with OSHA and was free to file the claims raised in her Second Administrative Complaint in federal court beginning on February 20, 2021. (Motion to Dismiss at 7-8.) But Plaintiff waited multiple years to file the instant action and only did so after receiving an adverse ruling in an evidentiary hearing she chose to pursue. Thus, unlike in *Despain*, any loss of evidence lies entirely at the feet of Plaintiff, not the Secretary.

Second, contrary to Plaintiff's contention, *Despain* is not "precedent." "[D]istrict court decisions are not binding on this court, and therefore are not controlling. It is not uncommon for district courts to disagree, but only decisions by the Court of Appeals for the Ninth Circuit or the U.S. Supreme Court are controlling." *Wilkins v. Barber*, No. 2:19-cv-1338, 2022 WL 252586, at *2 (E.D. Cal. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 673868 (E.D. Cal. Mar. 7, 2022).

While the reasoning of another district court's decision can be persuasive, the *Despain* court's is not. The *Despain* court held that "adding a limitations period would serve no purpose and would in fact defeat Congress's specific purpose in allowing employees to transfer stagnant retaliation proceedings from the agency to district court." 186 F. Supp. 3d

6

4131-4609-6986.16

at 993. Not so in this case. Applying the four-year default limitations period here would serve the purpose of protecting defendants and the courts from having to re-litigate stale claims after a separate evidentiary hearing on the merits, just to satisfy a plaintiff's desire for two bites at the apple. In addition, applying the four-year statute of limitations would not "defeat Congress's specific purpose in allowing employees to transfer stagnant retaliation proceedings from the agency to district court." In fact, it would serve to encourage employees to pursue their claims diligently by requiring them to file in federal court within a reasonable four-year period rather than sitting on her hands. The administrative process in the instant case was not "stagnant." Plaintiff dragged her feet unnecessarily and could have filed much earlier rather than pursuing a four-day evidentiary hearing.

In her Opposition, Plaintiff also cites *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917 (D. Kan. 2014). In *Jordan*, the court held that Section 1658(a) was "not applicable to the facts of this case" because "Section 1514A sets forth a statute of limitations." 3 F. Supp. 3d at 927. But for the reasons discussed in Section I, the 180-day statute of limitations for filing an administrative complaint with the Secretary does not apply to a SOX federal de novo court action.

**III.    Plaintiff's Argument That Defendant's Cited Circuit Court Cases Are Irrelevant or Inapplicable Is Meritless.**

Plaintiff's argument that the cases cited by Defendant in support of its Motion to Dismiss are irrelevant or inapplicable is also meritless. Plaintiff first contends that Defendant's "reliance on *Jones v. Southpeak Interactive Corp.*, 777 F.3d 658 (4th Cir. 2015), is misplaced" because "it [] did not analyze the application of the actual statute of limitations contained in the SOX statute." (Opp. at 10.) This is not true. The Fourth Circuit (1) stated at the start of its opinion "[t]he case requires us to consider such issues as when a whistleblower may file suit" and (2) pointed out that reviewing the District Court's determination of the statute of limitations for SOX court cases was a legal issue which the Fourth Circuit reviewed and analyzed de novo. *Jones*, 777 F.3d at 662-63, 666. In doing so,

7

4131-4609-6986.16

the Fourth Circuit held that Section 1658(a)'s four-year default statute of limitation applied to SOX whistleblower claims. *Id.* at 663. Plaintiff's contention that this analysis did not happen is just not accurate.

In her Opposition, Plaintiff goes on to cite a passage in *Despain* stating that *Jones'* application of Section 1658(a) is "dictum." (Opp. at 11.) It is not dictum. "By definition, dictum is an unnecessary statement made by the majority…." *United States v. Johnson*, 256 F.3d 895, 921 (9th Cir. 2001) (Tashima, J., concurring). *Jones'* finding that Section 1658(a)'s four-year statute of limitations applies to SOX whistleblower was at the heart of and necessary to resolution of the appeal: "Section 1658(a) controls, and because Appellee brought her suit within that section's four-year window, her claim is not barred." 777 F.3d at 668. The text of both the Fourth Circuit's decision in *Jones* and the Eighth Circuit's decision in *Gunderson* make clear that the court's finding that the four-year default statute of limitations applies was the court's holding and not simply dictum. *Jones*, 777 F.3d at 663 ("**[W]e hold** that Sarbanes–Oxley Act retaliatory discharge claims are subject to the four-year statute of limitations under 28 U.S.C. § 1658(a)…." (emphasis added)); *Gunderson*, 850 F.3d at 972 n. 11. (citing *Jones*: "At least one circuit **has held** that the 'catchall' four-year statute of limitations in 28 U.S.C. § 1658(a) applies to a similar whistleblower statute [i.e. SOX]." (emphasis added)). That holding could not have been stated more clearly and was certainly not dictum.

Citing *Despain* again, Plaintiff argues that *Jones* "did not examine the actual application of § 1658 because the parties had stipulated the issue away and did not examine whether 1658 applied in light of SOX's clearly articulated statute of limitations of 180 days." (Opp. at 11.) Contrary to Plaintiff's contention, there is no indication in the text of the *Jones* decision that the parties made any stipulation regarding the applicable statute of limitations. Moreover, a review of the briefing in *Jones* reveals that the issue of whether only the 180-day statute of limitations period applied to de novo actions was raised by the parties in discussing *Jordan*, and thus, was necessarily rejected by *Jones*. (Supplemental Authority to Motion for Judicial Notice ("Supp. MJN"), Ex. O at *28 ("Should this Court

8

find the reasoning in *Jordan* persuasive, Jones' claim is still timely and not barred by the statute of limitations.").)

Plaintiff further argues that *Harmon v. Honeywell Intelligrated*, No. 23-3741, 2024 WL 4117026 (6th Cir. Aug. 15, 2024) "is not relevant to the matter here because the employee in [*Harmon*] never even filed a complaint with OSHA." (Opp. at 12.) That is also not true. In fact, the employee in *Harmon* filed a complaint with OSHA, just not within the 180-day administrative filing requirement. 2024 WL 4117026, at *4. In any event, *Harmon* is relevant because it is yet another circuit court case citing *Jones*' holding with approval: "The four-year period discussed in *Jones* was the limitations period for filing a SOX retaliatory-discharge claim in federal court, *id*. at 663, not the 180-day period for filing an administrative complaint; the latter was the threshold stumbling block for Harmon." *Id*. at *5.

Furthermore, contrary to Plaintiff's contention, the court in *Pittman*, 2015 WL 13857137, at *2, also analyzed SOX's statute of limitations for a de novo action filed in federal court and, relying on *Jones*, found that the four-year limitation period applied:

> [T]he majority of Pittman's claims are clearly time-barred. His first, second, third, fourth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action are, at most, subject to a four-year statute of limitations…. *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 666-68 (4th Cir. 2015) (subjecting Section 1514A retaliation claims to a four-year statute of limitations).

In *Vuoncino v. Forterra, Inc.*, No. 3:21-cv-01046-K, 2024 WL 967846, at *7 (N.D. Tex. Mar. 6, 2024), the court held that "it would be curious if Congress intended to give claimants an indefinite period after commencing administrative proceedings to file in court rather than intending that some specific or fallback limitations period would apply." Plaintiff claims that "the *Vuoncino* Court did not understand the basic fact that Congress never gave an employee indefinite time to file" and "[i]nstead, Congress wrote a statute that would address the issues of agency delay by ending the employee's time to file in federal court once the agency issued its 'final decision.'" (Opp. at 13.) But the time for a complainant to file an appeal following a "final decision" of the DOL (60 days—29 C.F.R.

9

§ 1980.112) is irrelevant. It was not at issue in *Vuoncino* and is not at issue here. No "final decision" was issued by the Secretary—Plaintiff filed her notice of intent to file this de novo action before the ARB could hear her appeal. What is at issue here is the time period for filing a de novo action in federal court and it cannot be disputed that failing to apply Section 1658(a)'s statute of limitations would lead to an indefinite time to file a de novo action in federal court—an absurd result.

While it is true, as Plaintiff claims, that the statute of limitation was not crucial to the court's decision in *Bogenschneider v. Kimberly Clark Global Sales, LLC*, No.14-cv-743-bbc, 2015 WL 796672, at *2 (W.D. Wis. Feb. 25, 2015), the case is a helpful touchpoint because it cites *Jones* with approval and recognizes a plaintiff's right to seek de novo review in district court is limited by Section 1658(a)'s four year-statute of limitation: "At some point, a plaintiff could run into a problem with the statute of limitations." (citing *Jones v. Southpeak Interactive Corp.*, 2013 WL 1155566, at *7 (E.D. Va. 2013)).

Finally, contrary to Plaintiff's contention, DOL's belief that a four-year statute of limitations applies to SOX de novo actions (Supp. MJN, Ex. P at n.3) is relevant. Although an agency's interpretation of a statute is not binding, it should be given "due respect." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 403 (2024).

## IV.    Plaintiff Cites No Legal Authority and Makes No Cognizable Argument That Tolling Should Apply.

Tolling does not apply to Plaintiff's claims for the reasons discussed in Defendant's Motion to Dismiss—namely, Plaintiff did not exercise reasonable diligence and no "extraordinary circumstance" stood in her way of filing in federal court. (Motion to Dismiss at 8-9.) In the Introduction to her Opposition, without further explanation, Plaintiff states: "if the Court did determine a general statute of limitations were to apply, said statute was properly tolled during the pendency of her administrative proceedings"; and "equitable tolling principles further support the timeliness of Plaintiff's action under the circumstances of this case." (Opp. at 2.)

10

4131-4609-6986.16

To the contrary, Plaintiff cites no legal support and makes no cognizable argument regarding tolling in her response. By failing to address tolling in the body of her Opposition, Plaintiff concedes that it does not apply to her claims. *See, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding plaintiff who failed to address issues raised in defendant's motion in his opposition brief "has effectively abandoned his claim, and cannot raise it on appeal"); *Lee v. Summit Tr. Servs., LLC*, No. CV 19-3814 (DMG), 2020 WL 1249971, at *3 (C.D. Cal. Jan. 22, 2020) (granting motion to dismiss because plaintiff's opposition "[did] not address Defendants' arguments to dismiss" and thus "conceded that those claims should be dismissed").

## CONCLUSION

Defendant respectfully requests that the Court grant its Motion to Dismiss.

Dated: March 24, 2025.

By  *s/ Amy J. Gittler*
Amy Gittler
Jackson Lewis, P.C.
2111 E. Highland Avenue
Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Amy.Gittler@jacksonlewis.com
-and-
David Nenni (admitted *pro hac vice*)
Jackson Lewis, P.C
PNC Building, Floor 26
201 E. 5th Street
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
David.Nenni@jacksonlewis.com

Michael Delikat (admitted *pro hac vice*)
Mark Thompson (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
mdelikat@orrick.com
mthomspon@orrick.com

Attorneys for Defendant American Express Company

11

4131-4609-6986.16

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4912-0203-4478, v. 1

12