Stephani L. Ayers, Esq., *Pro Hac Vice (Wash Bar #31610)*
Law Office of S.L. Ayers
P.O. Box 1061
Medford, OR 97501
Washington State #31610
stephani@whistleblowerdefenders.com
Tel: 813.382.7865


Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **SOPHIA LEWIS,** | |
| Plaintiff, | Case No. 2:24-cv-03370-PHX-DWL |
| v. | |
| **AMERICAN EXPRESS COMPANY**, | Request for Oral Argument |
| Defendant. | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NEW ARGUMENTS AND EVIDENCE, OR ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

**<u>INTRODUCTION</u>**

Plaintiff respectfully moves to strike Defendant American Express Company's new arguments and evidence improperly raised for the first time in its Reply in support of the Motion to Dismiss and in its so-called "Supplemental Authority" filing (ECF No. 17) with an embedded request for judicial notice. In the alternative, Plaintiff requests leave to refile this Motion to Strike as a sur-reply addressing these belated materials. This motion is

GOVERNMENT ACCOUNTABILITY PROJECT, INC.,
and T.M. GUYER AND AYERS & FRIENDS, PC,                    *-1-*
ATTORNEYS AT LAW

made pursuant to Fed. R. Civ. P. 7(b) and this Court's inherent authority to manage briefing and is supported by the following Memorandum of Points and Authorities. Plaintiff conferred with Defendant as to this Motion, and informed Defendant of Plaintiff's intent to file a motion to strike or in the alternative to file a sur-reply. Defendant indicated they were opposed to the sur-reply and did not agree to remedy their submission of new exhibits not properly moved before the Court.

## I.  <u>INTRODUCTION</u>

Defendant's Reply brief introduces entirely new arguments and authorities that were not presented in its Motion to Dismiss, most significantly new arguments and references to "dual track" filing deadlines of Title VII of the Civil Rights Act and the Arizona Civil Rights Act ("ACRA").  In addition, after filing its Reply, Defendant submitted a so-called "Notice of Supplemental Authority" (ECF No. 17) attaching new exhibits (Exhibits O and P) (which are briefs, not court opinions) and explicitly requesting that the Court "take judicial notice" of those materials. Those 40-pages of briefs are submitted for their contents and are not appropriate unless leave of court is first given.  Because the pertinent sections of Ex. O brief favor's Plaintiff's position, she should be allowed to address those supportive points.  A moving party may not introduce new arguments or evidence in a reply brief that were not presented in its opening motion. Likewise, Federal Rule of Civil Procedure 7(b)(1) requires that any request for a court order be made by a properly noticed motion, not through back-door filings labeled as "notices."

## II. DEFENDANT'S REPLY RAISES A NEW "SEPARATE" TRACK LIMITATIONS ARGUMENT

Defendant's Motion to Dismiss did not make the arguments raised in its Reply that the Court should apply the concept of "separate" administrative and judicial track limitations period as will Title VII and the ACRA.  But now in Reply, Defendant invokes a dual-deadline framework for SOX as arguably exists under Title VII and ACRA. Defendant argues that because those anti-discrimination statutes impose a separate, shorter deadline for filing suit after an administrative charge, SOX should implicitly be understood as doing the same. The Reply now argues at pp. 3-4:

> A review of other employment discrimination statutes, which provide for *separate statute of limitations for claims filed with an administrative agency and in court*, also leads to the conclusion that Plaintiff's reading of SOX is incorrect. For example, Title VII, like SOX, requires a complainant to first file their claim with an administrative agency, the Equal Employment Opportunity Commission ("EEOC"), before filing in court and provides a 180-day statute of limitations for filing with the EEOC (42 U.S.C. § 2000e-5(e)(1)) *and a separate 90-day statute of limitations for filing in court following issuance of a right to sue* (42 U.S.C. § 2000e-5(f)(1)). Similarly, Arizona's Civil Rights Act ("ACRA") provides a180-day statute of limitation for filing a charge of discrimination with the Civil Rights Division (A.R.S. § 41-1481(A)) *and a separate one-year statute of limitation for filing discrimination claims in court* (A.R.S. § 41-1481(D)). *Here, the statute should be read in accord with other similar employment discrimination statutes like Title VII and ACRA* so that a separate limitations period—namely, Section 1658(a)'s four-year default statute of limitation—applies to filings in court.

(Emphasis added).  Plaintiff had no opportunity to address this theory in her Opposition.

It is well-settled that "[t]he district court need not consider arguments raised for the first time in a reply," and introducing new legal theories at that stage is improper. The Ninth Circuit has made clear that a moving party cannot sandbag its opponent by saving key arguments for reply; such tactics violate basic fairness.  Because Defendant's new

Title VII/ACRA analogy and "indefinite timeline" argument were not presented in the initial motion, they should be stricken or disregarded. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (court may disregard new arguments in reply brief); *275 Rivulon Boulevard, LLC v. Am. Pac. Mortg. Corp.*, No. CV-24-02244-PHX-SPL, 2025 U.S. Dist. LEXIS 14587, at *1 (D. Ariz. Jan. 28, 2025) (district court need not consider arguments raised for the first time in a reply brief); *Alexander v. Golden Margarita LLC*, No. CV-22-00781-PHX-DWL, 2023 U.S. Dist. LEXIS 63418, at *8 (D. Ariz. Apr. 11, 2023) (raising new arguments in reply "is impermissible as a matter of basic motions practice and fairness to the other side"); *Benitez v. Roelfsema*, No. CV-17-04209-PHX-JJT, 2018 U.S. Dist. LEXIS 33261, at *6-7 n.2 (D. Ariz. Feb. 28, 2018) (disallowing arguments raised for the first time in the reply brief unless non-movants "have been afforded the benefit of a Sur-Reply"); and *Roland v. Hickman*, No. 2:15-cv-1133-JCM-VCF, 2015 U.S. Dist. LEXIS 177774, at *7, 117 A.F.T.R.2d (RIA) 2016-1166 (D. Nev. Aug. 12, 2015) ("If the court does not grant the nonmovant's request to file a sur-reply, then it should disregard matters raised for the first time in reply"). At a minimum, Plaintiff should be permitted to respond.

## III.   EVEN UNDER DEFENDANT'S DUAL TRACK ADMINISRATIVE AND JUDICIAL LIMITATIONS ARGUMMENT, PLAINTIFF FILED WITHIN THE LIMITATIONS PERIOD

Even if the Court were to apply the four-year catch-all statute of limitations in 28 U.S.C. § 1658(a) to Plaintiff's SOX claim (as Defendant urges), Plaintiff's lawsuit was timely because the limitations clock did not—and could not—begin running until all statutory preconditions to suit were satisfied. Under SOX, that precondition was the

mandatory 180-day Department of Labor ("DOL") period, during which Plaintiff was barred from filing in federal court. Only once that 180-day period expired (with no DOL final decision) did Plaintiff have a "complete and present cause of action" enabling her to sue. The U.S. Supreme Court has explained that a claim accrues when the plaintiff has a complete and present cause of action, i.e. when she can file suit and obtain relief. *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 195 (1997). ("limitations period ordinarily does not begin to run until the plaintiff has a complete and present cause of action *citing Rawlings* v. *Ray,* 312 U.S. 96, 98 (1941)). The Court emphasized that when Congress sets a limitations period in remedial legislation, the courts must not narrowly construe or apply that limitation.  *Id.* There under Multiemployer Pension Plan Amendments Act (MPPAA) the six-year statute of limitations was found to run from the date on which the cause of action arose, not on the date of discovery.  *Id.*

Thus, the Court found the MPPAA incorporates "the standard rule" that the limitations period commences when the plaintiff has "a complete and present cause of action." *Citing Rawlings* v. *Ray*, 312 U.S. at 98.  Also citing *Clark* v. *Iowa City,* 87 U.S. 583, 20 Wall. 583, 589, 22 L. Ed. 427 (1875), the Court held:

> Unless Congress has told us otherwise in the legislation at issue, a cause of action does not become "complete and present" for limitations purposes until the plaintiff can file suit and obtain relief. See Reiter v. Cooper, 507 U.S. 258, 267, 122 L. Ed. 2d 604, 113 S. Ct. 1213 (1993) ("While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute.").

*Bay Area Laundry & Dry Cleaning* at 201. *See also Pouncil v. Tilton*, 704 F.3d 568, 573-

74 (9th Cir. 2012) (Under federal law, accrual occurs when the plaintiff has a complete and present cause of action *and may file a suit* to obtain relief.) (Emphasis added).  Thus, if as American Express argues, a statute like Title VII expressly provides a dual track limitation period, the courts will likely give it effect.  But where, as with SOX, Congress has not provided such a dual track, it would be improper under the Supreme Court's precedents to imply such a dual track as American Express argues.

Here, SOX's statutory scheme expressly required Ms. Lewis to file an administrative complaint with the DOL and then *wait not less than* 180 days before commencing a *de novo* action in federal court. 18 U.S.C. § 1514A(b)(1)(B). During that 180-day window, Ms. Lewis had *no legal right* to sue in district court; her claim was unripe and she lacked statutory authorization to file.  Applying these principles to the facts of Ms. Lewis's case demonstrates the timeliness of her claim.

As the Motion to Dismiss recites: "According to her complaint, these adverse actions began in 2018 and ultimately resulted in her employment being terminated on August 20, 2020. (Complaint ¶¶ 1, 56-62.)". The Motion continues that four days later she filed her second DOL complaint: "In the meantime, on August 24, 2020, Plaintiff filed a second complaint with OSHA (the "Second Administrative Complaint") against Defendant alleging that her employment with Defendant was terminated***". Thus, the earliest date she could file with a federal district court was August 24, 2020, plus 180 days, which means the clock began on any four-year limitations period on Saturday, February 20, 2021, and that four years expired on February 20, 2025. As the Motion to Dismiss notes: "Plaintiff filed this action on November 26, 2024". Thus, even under the dual-track

approach American Express argues for, Plaintiff timely filed this action.

## IV.  DEFENDANT'S "SUPPLEMENTAL AUTHORITY" FILING VIOLATES RULE 7(B) AND INTRODUCES NEW EVIDENCE

Defendant compounded its procedural impropriety by filing a document styled as "Supplemental Authority" (ECF No. 17) after the Reply, which attaches new exhibits (Exhibits O and P) and—*after the fact of filing and with no separate motion*-- requests judicial notice of those exhibits. In doing so, Defendant is seeking affirmative relief (the Court's acceptance of additional evidence/exhibits) without a proper motion.[1]  This approach violates Federal Rule of Civil Procedure 7(b)(1), which mandates: "A request for a court order *must* be made by motion." (Emphasis added). By presenting new evidentiary material under the guise of a notice, Defendant has bypassed the motion requirements and denied Plaintiff the opportunity to formally oppose the request. Parties may not introduce new evidence or broaden the scope of the record in a reply brief.  *See, e.g., Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("We agree with the Seventh Circuit, which held that 'where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond.")

The content of Exhibit O (Brief of Appellee Jones) --a party's legal brief in a

---

[1] On February 3, 2025, Defendant had filed a Motion for Judicial Notice as to Exhibits A through N. [Doc. 11].  There were no Exhibits O-P in that filing. Instead, Defendant now attempts to tack on those new briefs as "exhibits" in their reply brief, though they were never presented via Motion.  Defendant even filed a new proposed order [ECF No. 17-2] suggesting O-P were included in the Motion for Judicial Notice, though they were not.

Fourth Circuit appeal-- is highly problematic and inadmissible to prove the state of the law on any proposition.  The reply goes so far as to incredulously claim that a matter briefed by the parties, but not discussed in a court's opinion, is nonetheless presumed to have been adjudicated—and thus constitutes or demonstrates precedent.  Defendant's Reply argues: "Moreover, a review of the briefing in *Jones* reveals that the issue of whether only the 180-day statute of limitations period applied to de novo actions *was raised by the parties* in discussing Jordan, *and thus, was necessarily rejected* by *Jones*." (Reply, p. 8.) (Emphasis added). On that faulty assumption (unadorned with citation), Defendant seeks judicial notice of a party's appellate brief.  (Supplemental Authority to Motion for Judicial Notice, Ex. O).  The universal rule is there are no silent holdings in the federal courts because "unstated assumptions on non-litigated issues are not precedential holdings binding future decisions." *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1132 (9th Cir. 2024), citing *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1226 (9th Cir. 2009), and elaborating that this "principle extends to embedded yet unexplored questions" even as to jurisdictional issues, quoting *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011).

Ex. O is inadmissible to create precedent from an advocate's briefs. But if it were, the discussion on point (ECF No. 17-1 pp. 13-16) supports Plaintiff, not Defendant. Exhibit O explicitly distinguishes fraud-based securities claims (where a two-year "discovery" rule in 28 U.S.C. § 1658(b) might apply) from SOX whistleblower claims, which center on an adverse employment action rather than the discovery of any fraudulent conduct. As the excerpt explains, applying a two-year limit triggered by "discovery"

would be ill-suited to whistleblower retaliation, because retaliation may occur long after the underlying wrongdoing is first discovered—and, in many instances, before the whistleblower even realizes she has a claim. This risk of the statute "running out" prematurely underscores why § 1658(b) does not govern in non-fraud contexts. By contrast, a SOX claim is triggered by the adverse action (e.g., termination) and is subject to a mandatory 180-day waiting period in the Department of Labor.

Exhibit O affirms that the four-year default of § 1658(a) is both "more appropriate" and necessary to avoid the "absurd" result of time expiring before the claim matures. More importantly, nothing in Exhibit O contradicts Ms. Lewis's argument that the earliest accrual date is day 181 after filing with the DOL, when she is first permitted to seek *de novo* review in district court. Thus, rather than undermining Ms. Lewis's position, the logic in Exhibit O supports her contention that § 1658(a) does not apply at all to SOX claims, but if it did, even under Defendant's newly argued dual track model, 180 days would, in effect, be added to the four years of § 1658(a).

Similarly, Ex. P is another memorandum of a party to a lawsuit (the Department of Labor) in another case *Moldauer v. Constellation Brands Inc.*, 87 F. Supp. 3d 148 (D.D.C. 2015), and Defendant attempts to add new argument based on the contents of the Department of Labor's brief.  However, the case did not make any findings about or even litigate, statute of limitations issues.  In *Moldauer,* there were no findings as to the relevant issue here, because the plaintiff there allowed the Secretary of Labor to enter final orders and then he tried to file in federal district court (when his proper forum was Circuit Court).  Thus. the District Court there did not have jurisdiction. The Secretary here

however did not enter final orders in Lewis's case before she properly filed in U.S. District Court.

Instead, Defendant slips in Ex. P to suggest a third party's tangential footnote argument from ten years ago in an unrelated matter, as to their beliefs of the statute of limitations bear on the actual state of the law here.  Defendant even cites *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369, 403 (2024), to try to bolster its suggestion this Court give weight to a footnote in a 2015 Department of Labor brief, but *Loper* specifically tells courts that they need not (and cannot under the APA) defer to an agency's interpretation of a law if the statute is ambiguous.  Plaintiff argues SOX is not ambiguous as to this point—it has a statute of limitations that expires when the Secretary of the Agency issues a final order. However, if this Court finds the statute to be ambiguous, a DOL footnote in a legal brief unrelated to this issue is not an agency's reasoned and considered "interpretation of the law" entitled to any weight, particularly any weight against the court considering the rights of a private litigant like Lewis.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court strike the new arguments and materials that Defendant introduced for the first time in its Reply and in its "Supplemental Authority" notice (ECF No. 17), including the Title VII/ACRA arguments, and Exhibits O and P with the associated request for judicial notice. Such content was not properly before the Court and was submitted in violation of Rule 7(b)(1) and settled procedural law.

In the alternative, if the Court elects to consider any of Defendant's new arguments or

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

*-10-*    *MOTION TO STRIKE OR SUR-REPLY*

evidence, Plaintiff asks that the Court grant her leave to file a sur-reply (which has been substantively incorporated into this motion) so that she is not prejudiced by Defendant's belated submissions.

Dated: March 31, 2025.

Respectfully submitted,

_____s/Stephani L. Ayers_____
Stephani L. Ayers, *Pro Hac Vice* (Washington #31610)
Law Office of S.L. Ayers
4701 Admiral Way SW #276
Seattle, WA 98116
(813) 382-7865
stephani@whistleblowerdefenders.com

On behalf of the Government Accountability Project
1612 K St., NW #808
Washington, DC 20006
(202) 408-0034

Attorneys for Plaintiff

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

-11-    *MOTION TO STRIKE OR SUR-REPLY*

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 12.1(c) of the District Court of Arizona, I, Stephani L. Ayers, certify that I have conferred with counsel for Defendant regarding this Motion to Strike and/or for Leave to File a Sur-Reply, and they are opposed to the motions and did not offer to remove their improperly submitted exhibits or arguments.

Date: March 31, 2025

/s/ *Stephani L. Ayers*

Stephani L. Ayers

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

-12-   *MOTION TO STRIKE OR SUR-REPLY*