Stephani L. Ayers, Esq., *Pro Hac Vice (Wash Bar #31610)*
Law Office of S.L. Ayers
P.O. Box 1061
Medford, OR 97501
Washington State #31610
stephani@whistleblowerdefenders.com
Tel: 813.382.7865

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **SOPHIA LEWIS**, | |
| Plaintiff, | Case No. 2:24-cv-03370-PHX-DWL |
| v. | **[PROPOSED] PLAINTIFF'S SUR-REPLY** |
| **AMERICAN EXPRESS COMPANY**, | |
| Defendant. | |

## I. **INTRODUCTION**

Defendant's Reply makes significantly new arguments and references to "separate" or dual track filing deadlines for administrative and judicial complaints contending that this Court should import from Title VII of the Civil Rights Act and the Arizona Civil Rights Act ("ACRA"). In addition, Defendant submitted a so-called "Notice of Supplemental Authority" (ECF No. 17) attaching new exhibits (Exhibits O and P) (which are briefs, not court opinions) and explicitly requesting that the Court "take judicial notice" of those materials. Because the pertinent sections of the Ex. O brief favors Plaintiff's position, she

now address those supportive positions.

## II. DEFENDANT'S "SEPARATE" TRACK LIMITATIONS ARGUMENT LACKS MERIT BECAUSE CONGRESS DID NOT ADOPT IT

Defendant's Reply urges the Court to apply the concept of "separate" administrative and judicial track limitations periods similar to Title VII and the ACRA.  Defendant invokes a dual-deadline framework for SOX as it arguably exists under Title VII and ACRA. Defendant argues that because those anti-discrimination statutes impose a separate, shorter deadline for filing in court after filing an administrative charge, SOX should implicitly be understood as doing the same. The Reply argues at pp. 3-4:

> A review of other employment discrimination statutes, which provide for *separate statute of limitations for claims filed with an administrative agency and in court*, also leads to the conclusion that Plaintiff's reading of SOX is incorrect. For example, Title VII, like SOX, requires a complainant to first file their claim with an administrative agency, the Equal Employment Opportunity Commission ("EEOC"), before filing in court and provides a 180-day statute of limitations for filing with the EEOC (42 U.S.C. § 2000e-5(e)(1)) *and a separate 90-day statute of limitations for filing in court following issuance of a right to sue* (42 U.S.C. § 2000e-5(f)(1)). Similarly, Arizona's Civil Rights Act ("ACRA") provides a180-day statute of limitation for filing a charge of discrimination with the Civil Rights Division (A.R.S. § 41-1481(A)) *and a separate one-year statute of limitation for filing discrimination claims in court* (A.R.S. § 41-1481(D)). *Here, the statute should be read in accord with other similar employment discrimination statutes like Title VII and ACRA* so that a separate limitations period—namely, Section 1658(a)'s four-year default statute of limitation—applies to filings in court.

(Emphasis added).  Congress could have adopted such a dual track limitations scheme but it did not.

In *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 195 (1997), the Court emphasized that when Congress sets a limitations period in remedial legislation, the courts must not narrowly construe or apply that limitation. There

the Multiemployer Pension Plan Amendments Act (MPPAA) six-year statute of limitations was found to run from the date on which the cause of action could first be filed in court, not on the date of discovery of the injury.  Citing *Clark* v. *Iowa City,* 87 U.S. 583, 20 Wall. 583, 589, 22 L. Ed. 427 (1875) and *Reiter v. Cooper*, 507 U.S. 258, 267 (1993), the Court held:

> While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute.

*Bay Area Laundry & Dry Cleaning* at 201 (internal citations and quotations omitted).

Thus, if as American Express argues, a statute like Title VII expressly provides a dual track limitation period, the courts will likely give it effect.  But where, as with SOX, Congress has not provided such a dual track, it would be improper under the Supreme Court's precedents to imply such a dual track scheme.

## III.    EVEN UNDER A DUAL TRACK LIMITATIONS STATUTE, PLAINTIFF'S COMPLAINT IN THIS COURT IS TIMELY

The Supreme Court has explained that a claim accrues when the plaintiff has a complete and present cause of action, i.e. when she can file suit and obtain relief. *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp*., 522 U.S. 192, 195 (1997) ("limitations period ordinarily does not begin to run until the plaintiff has a complete and present cause of action *citing Rawlings* v. *Ray,* 312 U.S. 96, 98 (1941)"). *See also Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) (under federal law, accrual occurs when the plaintiff has a complete and present cause of action *and may file a suit* to obtain relief.) (Emphasis added).  Even if the Court were to apply the four-year

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

*-3-*                              *PROPOSED SUR-REPLY*

catch-all statute of limitations of 28 U.S.C. § 1658(a) to SOX under a dual track model, Plaintiff's lawsuit was timely because the judicial track clock did not—and could not— begin running until all statutory preconditions to suit were satisfied. Under SOX, that precondition was the mandatory 180-day Department of Labor ("DOL") period, during which Plaintiff was barred from filing in federal court. Only once that 180-day period expired (with no DOL final decision yet entered) did Plaintiff have a "complete and present cause of action" enabling her to sue. 18 U.S.C. § 1514A(b)(1)(B).

Applying these principles to the facts of Ms. Lewis's case demonstrates the timeliness of her claim. As Defendant acknowledges, while the adverse employment actions began in 2018 they did not result in her employment being terminated until August 20, 2020. (Complaint ¶¶ 1, 56-62). And as Defendant further acknowledges, on August 24, 2020, Plaintiff filed a second complaint with OSHA alleging that her employment with Defendant was unlawfully terminated. Thus, under a dual track statute, the earliest date she could file with a federal district court was August 24, 2020 plus 180 days, which means the clock could not begin until February 20, 2021. Thus, the putative four years limitation period expired on February 20, 2025, and Plaintiff filed this action on November 26, 2024, well before the four years expired.

## IV.   DEFENDANT'S "SUPPLEMENTAL AUTHORITY" BRIEFS SUPPORT PLAINTIFF'S ARGUMENTS

The Reply relies in part on two new exhibits (Exhibits O and P) for which Defendant

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

*-4-*                                                    **PROPOSED SUR-REPLY**

requests judicial notice.[1]  The content of Exhibit O (Brief of Appellee Jones) --a party's legal brief in a Fourth Circuit appeal-- is highly problematic for establishing the state of the law on any proposition.  But if it were not, the discussion on point (Ex. O, ECF No. 17-1 pp. 13-16) supports Plaintiff.  Exhibit O explicitly distinguishes fraud-based securities claims (where a two-year "discovery" rule in 28 U.S.C. § 1658(b) might apply) from SOX whistleblower claims, which center on an adverse employment action rather than the discovery of any fraudulent conduct. As the Ex. O argument explains, applying a two-year limit triggered by the "discovery rule" would be ill-suited to whistleblower retaliation, because retaliation may occur long after the underlying wrongdoing is first discovered—and, in many instances, before the whistleblower even realizes she has a claim. This risk of the statute "running out" prematurely underscores why § 1658(b) does not govern in non-fraud contexts.  Exhibit O affirms that as a matter of Congressional intent, the statute was designed so that the once the administrative complaint is filed, the judicial limitations could not run out prematurely.

Commencing only after the kick-out provision is exercised thereby terminating the DOL action, the four-year default of § 1658(a) would be "more appropriate" and necessary to avoid the "absurd" result of time expiring before the claim matures or is even known. More importantly, nothing in Exhibit O contradicts Ms. Lewis's argument that the

---

[1] On February 3, 2025, Defendant had filed a Motion for Judicial Notice as to Exhibits A through N. [Doc. 11].  There were no Exhibits O-P in that filing. Instead, Defendant now attempts to tack on those new briefs as "exhibits" in their reply brief, though they were never presented via Motion.  Defendant even filed a new proposed order [ECF No. 17-2] suggesting O-P were included in the Motion for Judicial Notice, though they were not.

earliest accrual date is day 180 after filing with the DOL, when she is first permitted to seek *de novo* review in district court. Thus, rather than undermining Ms. Lewis's position, the logic in Exhibit O supports her contention that § 1658(a) does not apply at all to SOX claims where a whistleblower moves directly from the administrative track to the judicial track, but if it did, a liberal construction of SOX would require that the 180 days be added to the four years of § 1658(a).

Similarly, Ex. P is another memorandum of a party to a lawsuit (the Department of Labor) in another case *Moldauer v. Constellation Brands Inc*., 87 F. Supp. 3d 148 (D.D.C. 2015). However, the case did not make any findings about or even litigate, statute of limitations issues. In *Moldauer,* there were no findings as to the relevant issue here, because the plaintiff there allowed the Secretary of Labor to enter final orders and then he tried to file in federal district court (when his proper forum was Circuit Court). Thus. the District Court there did not have jurisdiction. The Secretary here however did not enter final orders in Lewis's case before she properly filed in U.S. District Court.

Instead, Defendant more likely slips in Ex. P to suggest a third party's tangential footnote argument from ten years ago in an unrelated matter, as to their beliefs of how the statute of limitations bears on the actual state of the law here. Defendant even cites *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369, 403 (2024), to try to bolster its suggestion this Court give weight to a footnote in a 2015 Department of Labor brief, but *Loper* specifically tells courts that they need not (and cannot under the APA) defer to an agency's interpretation of a law if the statute is ambiguous. Plaintiff argues SOX is not ambiguous as to this point—it has an indefinite judicial statute of limitations that cannot

expire until the Secretary or ARB issues a final order. The § 1658(a) four-year period can start only if the whistleblower exercises the kick-out before a final agency order in entered. However, if this Court finds the statute to be ambiguous, a DOL footnote in a legal brief unrelated to this issue is not an agency's reasoned and considered "interpretation of the law" entitled to any weight, particularly any weight against the court considering the rights of a private litigant like Lewis.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff asks that the Court reject Defendant's argument that § 1658(a) should be applied to SOX under a dual track statutory scheme that Congress did not adopt. If the Court does adopt such a dual track, then Plaintiff asks the court to find that the effective deadline for her judicial filing was four years, but not starting until 180 days had lapsed in the DOL processing of her complaints.

Dated: March 31, 2025.

Respectfully submitted,

_____s/Stephani L. Ayers_____
Stephani L. Ayers, *Pro Hac Vice* (Washington #31610)
Law Office of S.L. Ayers
4701 Admiral Way SW #276
Seattle, WA 98116
(813) 382-7865
stephani@whistleblowerdefenders.com

On behalf of the Government Accountability Project
1612 K St., NW #808
Washington, DC 20006
(202) 408-0034

Attorneys for Plaintiff

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 12.1(c) of the District Court of Arizona, I, Stephani L. Ayers, certify that I have conferred with counsel for Defendant regarding this Motion to Strike and/or for Leave to File a Sur-Reply, and they are opposed to the motions and did not offer to remove their improperly submitted exhibits or arguments.

Date: March 31, 2025

/s/ *Stephani L. Ayers*

Stephani L. Ayers

Government Accountability Project
1612 K St, NW, Suite 808
Washington, DC 20006

*-8-*

***PROPOSED SUR-REPLY***