Amy Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS P.C.
201 E. 5th Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis,<br><br>Plaintiff,<br><br>v.<br><br>American Express Company,<br><br>Defendant. | Case No:  2:24-cv-03370-PHX-DWL<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NEW ARGUMENTS AND EVIDENCE, OR ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY** |

4124-6744-1755.8

## INTRODUCTION

Plaintiff Sophia R. Lewis's ("Plaintiff") Motion to Strike Defendant's New Arguments and Evidence, or Alternatively, for Leave to File Sur-Reply ("Motion to Strike/Leave") is a meritless attempt to raise new arguments to the Court, which could have been raised in Plaintiff's Opposition to Defendant's Motion to Dismiss but were not. Plaintiff's Motion should be rejected.

First, Plaintiff's Motion to Strike should be denied because it is procedurally improper. As detailed below, this Court has held on multiple occasions that a motion to strike is an "inappropriate device" for challenging substantive material contained in motions and other briefs.

Second, Plaintiff's Motion for Leave should be denied because there was no "new evidence" offered or contained in Defendant's Reply in Support of Its Motion to Dismiss ("Defendant's Reply"). Plaintiff claims that Defendant's Reply contained impermissible "new arguments," however, these arguments are merely permissible rebuttals to points raised by Plaintiff in her Opposition; in essence, the very purpose of a reply brief in motion practice.

Third, Plaintiff's Motion for Leave should be denied because her proposed sur-reply would not be helpful to the resolution of the Defendant's pending Motion to Dismiss. Specifically, it would not be helpful because the arguments contained therein have been waived by failing to raise them in her Opposition and in any event are meritless.

Fourth, Plaintiff's Motion for Leave should be denied because it would be unduly prejudicial to Defendant to permit Plaintiff to revive arguments that have been waived.

## ARGUMENT

### I. The Court Should Deny Plaintiff's Motion to Strike Because It Is Procedurally Improper.

"Motions to strike are not favored by the District Court." *Longariello v. Phoenix Union High Sch. Dist.*, No. CV-09-1606-PHX-LOA, 2009 WL 3815736, at *1 (D. Ariz. Nov. 13, 2009); *see also Holyoak v. United States*, No. CV 08-8168-PHX-MHM, 2009

1

WL 1456742, at *1 (D. Ariz. May 21, 2009) ("[M]otions to strike are a drastic remedy and generally disfavored."). Local Rule 7.2(m)(1) provides:

> Generally. Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

Here, Plaintiff's Motion to Strike Defendant's alleged "new arguments and evidence" in Defendant's Reply is not authorized by a statute or rule, such as Federal Rules of Civil Procedure 12(f) (concerning motions to strike a *pleading*[1]), 26(g)(2) (concerning motions to strike *discovery*) or 37(b)(2)(A)(iii) (concerning motion to strike *pleadings* as a discovery sanction). Furthermore, none of the cases cited by Plaintiff support striking alleged "new" arguments and evidence from a reply brief. Instead, these cases simply stand for the proposition that the Court may disregard new matters raised on reply. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Here, however, as discussed below in Section II(a)-(b), the arguments and evidence offered in Defendant's Reply are not impermissibly "new" and thus, there is no reason for the Court to disregard them.

In sum, Plaintiff's Motion to Strike should be denied because a motion to strike is not the "correct vehicle" for advancing an argument regarding alleged "new arguments and evidence" in a reply brief. *See Edwards v. Vemma Nutrition*, No. CV-17-02133-PHX-DWL, 2018 WL 11469695, at *2 (D. Ariz. Dec. 17, 2018) ("[E]ven if Plaintiff had been sandbagged by an argument improperly raised for the first time in a reply—which, as noted, didn't happen here—there still would be no need for Plaintiff to move to 'strike' the new arguments."); *see also Karlsson v. Ronn Motor Grp. Inc.*, No. CV-19-04510-PHX-DWL, 2020 WL 2615972, at *1-2 (D. Ariz. May 22, 2020) (holding that a motion

---

[1] "Rule 7 defines 'pleadings' generally as complaints and answers." *Holyoak*, 2009 WL 1456742, at *1 (citing Fed. R. Civ. P. 7(a)).

2

4124-6744-1755.8

to strike is an "inappropriate device" for opposing a motion to dismiss and noting that a "motion to strike technically is not available to strike material contained in motions and other briefs." (internal quotation marks omitted)).

## II.　The Court Should Deny Plaintiff's Motion for Leave to File a Sur-Reply for Multiple Reasons.

"The Local Rules do not provide for sur-replies, and because sur-replies are highly disfavored, courts generally do not allow them absent extraordinary circumstances, such as to respond to new evidence or arguments raised for the first time in a reply brief." *Smoketree Holding LLC v. Apke*, No. CV-22-02123-PHX-DLR, 2024 WL 776772, at *1 n.1 (D. Ariz. Feb. 26, 2024). Here, Plaintiff's Motion for Leave to File a Sur-Reply should be denied because she has not shown "extraordinary circumstances" to justify a sur-reply. As detailed below: (1) the alleged "new arguments" contained in Defendant's Reply are not impermissibly "new"; instead, they are permissible rebuttals to points raised by Plaintiff in her opposition brief and (2) there was no "new evidence" submitted in Defendant's Reply Brief.

Plaintiff's Motion for Leave should also be denied because: (1) Plaintiff's proposed sur-reply would not be helpful to the resolution of the pending motion to dismiss since Plaintiff's arguments have been waived and are meritless; and (2) Defendant would be unfairly prejudiced if Plaintiff was permitted to revive previously waived arguments. *See Cattanach v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-22-00572-TUC-RCC, 2023 WL 2708572, at *1 (D. Ariz. Mar. 30, 2023) ("The Court may, in its discretion, permit a party to file a sur-reply, considering whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed sur[-]reply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." (internal quotation marks omitted)).

3

4124-6744-1755.8

**A.    Plaintiff's Motion For Leave Should Be Denied Because Defendant's "Separate Track Limitations Argument" Is Not An Impermissibly "New" Argument.**

Plaintiff's Motion for Leave should be denied because Defendant's "separate track limitations arguments" is not an impermissible "new argument." *See Smoketree*, 2024 WL 776772, at *1 n.1.

In Defendant's Motion to Dismiss, Defendant argued that two separate statutes of limitations apply to SOX whistleblower claims based on the chosen track (administrative or federal court):

> SOX's whistleblower provision provides a statute of limitations of 180 days for "filing a complaint with the Secretary of Labor" (i.e. an administrative complaint) pursuant to 18 U.S.C. § 1514A(b)(1)(A). *See* 18 U.S.C. § 1514A(b)(2)(D). The statute, however, does not provide a time limitation for "bringing an action at law or equity for de novo review in the appropriate district court of the United States" pursuant to 18 U.S.C. § 1514A(b)(1)(B). Because SOX does not provide a time limitation for filing a de novo action in district court, 28 U.S.C. § 1658, the federal "catch-all" statute of limitations applies.

(Motion to Dismiss at 5 (Dkt. 9).)

Plaintiff's Motion for Leave argues that Defendant raised this argument for the first time in its Reply Brief and cites the following passage in Defendant's Reply to support her argument:

> A review of other employment discrimination statutes, which provide for separate statute of limitations for claims filed with an administrative agency and in court, also leads to the conclusion that Plaintiff's reading of SOX is incorrect. For example, Title VII, like SOX, requires a complainant to first file their claim with an administrative agency, the Equal Employment Opportunity Commission ("EEOC"), before filing in court and provides a 180-day statute of limitations for filing with the EEOC (42 U.S.C. § 2000e-5(e)(1)) and a separate 90-day statute of limitations for filing in court following issuance of a right to sue (42 U.S.C. § 2000e-5(f)(1)). Similarly, Arizona's Civil Rights Act ("ACRA") provides a 180-day statute of limitation for filing a charge of discrimination with the Civil Rights Division (A.R.S. § 41-1481(A)) and a separate one-year statute of limitation for filing discrimination claims in court (A.R.S. § 41-1481(D)). Here, the statute should be read in accord with other similar employment discrimination statutes like Title VII and ACRA so that a separate limitations period—

4

4124-6744-1755.8

namely, Section 1658(a)'s four-year default statute of limitation—applies to filings in court.

(Motion to Strike/Leave at 3 (citing Defendant's Reply at 3-4) (Dkt. 16).)

Given Defendant's argument in its Motion to Dismiss, this is not an impermissibly "new" argument, but instead an extension of Defendant's underlying arguments and a rebuttal to an argument in Plaintiff's Opposition Brief. Specifically, Defendant's argument that two separate statutes of limitations govern SOX whistleblower claims (one for filing an administrative complaint (180 days) and one for filing a de novo action in federal court (four years) responds to Plaintiff's argument, raised several times in her Opposition, that SOX is governed only by the single 180-day statute of limitations period for filing an administrative complaint. (Opp. at 5 ("SOX specifically states the statute of limitations is satisfied by filing within 180 days with the Secretary of Labor….") (Dkt. 15); Opp. at 6 ("SOX already sets forth a statute of limitations that is satisfied by filing with the Secretary of Labor within 180 days."); Opp. at 7 ("This Court noted first that the [four-year] catch-all statute does not apply *at all* because the FRSA (like SOX) already has a limitations period…"); *see also* Defendant's Reply at 1 ("Plaintiff … argues … that the 180-day statute of limitation for filing an administrative complaint with the Secretary of Labor is the only statute of limitations in SOX….").)

In its Reply, Defendant simply cited to analogous statutory schemes for bringing employment related discrimination claims — under Title VII and the ACRA —to buttress the argument it originally made in its Motion to Dismiss, which is permissible to do in a reply brief. *See, e.g.*, *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-cv-0808-KG-SMV, 2020 WL 1033172, at *1 n.1 (D.N.M. Mar. 3, 2020) ("[C]iting new cases to support legal theories already raised in a motion is permissible and does not warrant a surreply." (alterations omitted) (collecting cases)); *Salerno v. Steel Plate, LLC*, No. 5:20-CV-1598, 2021 WL 1061939, at *1 n.1 (N.D. Ohio Mar. 19, 2021) ("[C]iting additional authority in a reply to support of an argument previously raised in a motion or to counter an argument raised in an opposition brief does not constitute a new argument [or]

5

4124-6744-1755.8

otherwise justify a sur-reply."). Rebuttal arguments, such as Defendant's argument that SOX whistleblower claims are governed by two separate statutes of limitations, are not impermissibly "new" and are permitted in a reply brief as an extension of Defendant's original argument. *Beckhum v. Hirsch*, No. CV07-8129-PCT-DGC, 2010 WL 582095, at *8 (D. Ariz. Feb. 17, 2010) ("Defendants' arguments are not new; they are rebuttal arguments, which are permitted in a reply brief.").

### B. Plaintiff's Motion For Leave Should Be Denied Because Defendant's Supplemental Authority Is Not Impermissible "New Evidence."

The only alleged "new evidence" that Plaintiff calls out in her Motion for Leave is Defendant's Supplemental Authority (Exhibits O-P) which clearly is not "new evidence." *Smoketree*, 2024 WL 776772, at *1 n.1.

In its Reply, Defendants cited Exhibit O, which is the brief of the appellee in the matter *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658 (4th Cir. 2015), for the proposition that the parties in *Jones* did, in fact, raise the issue of whether the 180-day statute of limitations period applied to de novo actions in their briefing. (Defendant's Reply at 8.) This was in direct rebuttal to Plaintiff's unfounded and unsupported argument that the parties in *Jones* "stipulated away" the issue of the statute of limitations and that they "did not examine whether [Section] 1658 applied in light of SOX's clearly articulated statute of limitations of 180 days" (Opp. at 11), which Exhibit O makes clear is simply not true. This Court has been clear on this issue: "[w]hile a party may not file 'new' evidence with a reply, it may file 'rebuttal' evidence to contravene arguments first raised by the non-moving party in its opposition." *ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980-PHX-DWL, 2021 WL 1424408, at *11 (D. Ariz. Apr. 15, 2021) (internal quotation marks omitted). Exhibit O clearly falls in this category.

Exhibit P is also permissible. Exhibit P, which is a brief from the Department of Labor in the case *Moldauer v. Constellation Brands Inc.*, 87 F. Supp. 3d 148 (D.D.C. 2015), was initially raised in Defendant's Motion to Dismiss and cited with a Westlaw citation for the proposition that the "DOL believes that Plaintiff's right to file for de novo

6

4124-6744-1755.8

review in District Court is governed by 28 U.S.C. § 1658(a), which provides a general four-year statute of limitations for district court actions when no other statute of limitations applies." (Motion to Dismiss at 6-7.) Plaintiff expressed confusion regarding Defendant's citation stating in her Opposition: "It is unclear what Defendant is citing with regards to "Mem. of P. & A. in Supp. of Def. Department of Labor's Mot. to Dismiss or, in the Alternative, for Summ. J. at n.3." (Opp. at 13.)[2] Thus, as a matter of courtesy and to alleviate Plaintiff's confusion, Defendant attached a copy of the DOL brief as Exhibit P to its Reply. Similar to Exhibit O, this too is permissible to "contravene arguments first raised by the non-moving party in its opposition." *See ThermoLife Int'l LLC*, 2021 WL 1424408, at *11.

Contrary to Plaintiff's contentions, Defendant's Supplemental Authority (Exhibits O and P) do not violate Federal Rule 7(b). Federal Rule 7(b)(1) provides that "[a] request for a court order must be made by motion." Here, a review of Defendant's filing reveals that, in fact, Defendant moved the court for an order seeking judicial notice of Exhibits O-P. (Dkt. No. 17, 17-1, 17-2.) If Plaintiff wanted to oppose Defendant's request for judicial notice of Exhibits O-P, Plaintiff could have easily filed an opposition to it. Tellingly, however, she did not. This is no doubt because it is black letter law that a district court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (Fed. R. Evid. 201(b)(2)), which includes the "existence of briefing from another case" (*Mazgaj v. Galvez*, No. 3:24-CV-00776-JAH-AHG, 2025 WL 642016, at *1 n.3 (S.D. Cal. Feb. 27, 2025)). Moreover, while Defendant could have simply cited to the briefs contained in Exhibits O-P using their Westlaw and PACER cites, as stated in its request, it attached them to its "motion for judicial notice for the convenience of the Court and the parties." (Dkt. No. 17.)

---

[2] If Plaintiff's counsel does not have a Westlaw account, she could have easily obtained the brief from PACER.

7

**C.    Plaintiff's Motion For Leave Should Be Denied Because Plaintiff's Proposed Sur-Reply Would Not Be Helpful To The Resolution Of The Pending Motion To Dismiss.**

Plaintiff's Motion for Leave should be denied because her proposed sur-reply would not be helpful to the resolution of Defendant's pending Motion to Dismiss. *Cattanach*, 2023 WL 2708572, at *1. Specifically, Plaintiff's proposed sur-reply would not be helpful because the arguments contained therein have been waived and in any event are meritless.

**i.    Plaintiff's New Accrual Argument Has Been Waived and Is Meritless.**

In her Motion, Plaintiff argues, for the first time, that "[e]ven if the Court were to apply the four-year catch-all statute of limitations in 28 U.S.C. § 1658(a) to Plaintiff's SOX claim (as Defendant urges), Plaintiff's lawsuit was timely because the limitations clock did not—and could not—begin running until all statutory preconditions to suit were satisfied"—here, "the mandatory 180-day Department of Labor ('DOL') period, during which Plaintiff was barred from filing in federal court." (Motion to Strike/Leave at 4-5.) This is an entirely new argument that Plaintiff could have easily made in her Opposition. Instead, Plaintiff exclusively argued in her Opposition that only the 180-day statute of limitation period applied to SOX whistleblower claims and that Section 1658(a)'s four-year statute of limitations did not apply at all. Plaintiff could have made the argument she now makes that, in the alternative, even if the four-year statute of limitation applies it has not run here, but she simply did not and as such has waived that argument. *See Geiger v. Chubb Indem. Ins. Co.*, No. 23-CV-01080-PAB-KAS, 2024 WL 814539, at *5 n.6 (D. Colo. Feb. 27, 2024) ("[Plaintiff's] proposed sur-reply goes well beyond its stated purpose of distinguishing the *Reynolds* case and raises new arguments regarding equitable tolling. [Plaintiff] had the opportunity to raise equitable tolling arguments in her response, but failed to do so. Accordingly, the Court denies Ms. Geiger's request to file a sur-reply." (citations omitted)).

4124-6744-1755.8

Plaintiff's argument also fails on its merits because the case upon which she relies to assert that her claim did not accrue until 180 days after filing her OSHA complaint, *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, 522 U.S. 192 (1997), is not applicable here. In *Bay Area Laundry*, the Court addressed a specific, narrow question: "When does the MPPAA's [Multiemployer Pension Plan Amendments Act of 1980] six-year statute of limitations begin to run on a pension fund's action to collect unpaid withdrawal liability?" *Id*. at 195. The Court held the statute of limitations did not begin to run until an employer fails to make payment on a withdrawal schedule set by fund because under the MPPAA, a cause of action does not ripen until trustees first calculate the debt, set a schedule of installments, and demand payment, and employer defaults on an installment due and payable under trustees' schedule. *Id*. at 202.

Here, unlike under the MPPAA, under SOX, there are no hurdles that must be cleared before a cause of action ripens—a person who alleges discharge or other discrimination in violation of SOX may immediately file a claim and seek relief with the DOL. 18 U.S.C.A. § 1514A(b)(1). That a complainant must wait 180 days to exhaust her administrative remedies once her claim has been filed with the DOL is irrelevant—her claim accrues when she is aware of the wrong and can successfully bring a cause of action, whether that be with an administrative agency or directly in court. *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1396 (9th Cir. 1986) ("Under federal law a cause of action accrues when the plaintiff is aware of the wrong and can successfully bring a cause of action.").

Plaintiff has failed to identify a single case in which a court held that the statute of limitation does not accrue until the expiration of a period of administrative exhaustion. In fact, the Ninth Circuit, when presented with a similar circumstance in *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018) rejected this approach. In *Soto*, a prisoner case brought under 42 U.S.C. § 1983, the court held that delaying accrual until after exhaustion of administrative remedies would result in unnecessary delay and "frustrate the purpose of the limitations period." *Id*. Citing cases, the court noted that "[t]he courts that have

9

addressed the issue keep the accrual trigger fixed to the inmate's knowledge of the injurious event." *Id*.[3]

### ii. Plaintiff's Arguments Regarding Exhibits O-P Have Been Waived and Are Meritless.

With respect to Exhibit O, Plaintiff contends that Defendant's Reply "goes so far as to incredulously claim that a matter briefed by the parties, but not discussed in a court's opinion, is nonetheless presumed to have been adjudicated—and thus constitutes or demonstrates precedent." (Motion to Strike/Leave at 8.) Plaintiff's contention is meritless. First, contrary to Plaintiff's contention, it is well-established that it may be presumed that a court implicitly rejected an argument of which it was clearly aware. *See United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010) ("[W]hen it is apparent from the record that the district court understood the defendant's argument, it may implicitly reject it…."); *see also Gonzalez v. Diamond Resorts Int'l Mktg. Inc.*, No. 2:18-cv-00979-APG-NJK, 2019 U.S. Dist. LEXIS 176051, at *4-5 (D. Nev. Oct. 10, 2019) ("Courts are not required to address every argument presented by parties and unaddressed arguments are deemed rejected to the extent inconsistent with the Court's ruling." (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992))).

Second, Defendant does not contend that appellee's briefing in the matter of *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658 (4th Cir. 2015) is controlling precedent. Defendant only cited to Exhibit O to rebut Plaintiff's unfounded and unsupported argument that the parties in *Jones* stipulated the issue of the statute of

---

[3] The *Soto* Court noted that "potential unfairness of limitations running during exhaustion is better addressed by equitable tolling" rather than through the issue of accrual. 882 F.3d at 871. Here, however, there is no such "potential unfairness" because under SOX a complainant is free to file in federal court a mere 180 days following her filing of her complaint with OSHA. 18 U.S.C. § 1514A(b)(1)(B); *see also Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."). In any event, Plaintiff has failed to raise any substantive tolling argument and thus, has waived any argument that tolling applies here. (*See* Defendant's Reply at 10-11.)

4124-6744-1755.8

limitations issue away. *Supra.* Because the parties agree that the briefing from another case is not controlling precedent, Plaintiff's arguments relating to this are irrelevant and should be disregarded.

In her Motion and proposed sur-reply, Plaintiff cites to Exhibit O to argue against application of a two-year statute of limitations. (Motion to Strike/Leave at 8-9; Proposed Sur-Reply at 5.) Plaintiff's arguments should be disregarded because they were waived—Plaintiff was free to make these arguments in her Opposition brief, but she did not. *Walsh*, 471 F.3d at 1037. In any event, the arguments are immaterial because Defendant is not arguing that Section 1658(b)'s two-year statute of limitation applies to Plaintiff's claims.

Regarding Exhibit P, Plaintiff argues that the DOL's belief that Section 1658(a)'s four-year statute of limitation applies to SOX whistleblower claims is entitled to no weight under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 403 (2024). This argument has been waived. Plaintiff could have made this argument in her Opposition because, as detailed above, Defendant cited the DOL's brief in its opening brief via Westlaw citation. (Motion to Dismiss at 6-7.) In any event, Plaintiff's argument falls flat on its merits—*Loper Bright* makes clear that while a court's function is to determine the meaning of federal statutes, agency interpretations are to be given "due respect." *Loper Bright*, 603 U.S. at 403; *Lopez v. Garland*, 116 F.4th 1032, 1039 (9th Cir. 2024) (holding that under *Loper Bright*, the court's "task is to evaluate the statute independently…, giving 'due respect,' but not binding deference to the agency's interpretation.").

**D.    Plaintiff's Motion For Leave Should Be Denied Because Defendant Would Be Unduly Prejudiced If Leave Were Granted.**

Plaintiff's motion for leave to file a sur-reply should also be denied because Defendant would be unduly prejudiced if leave were granted. *Cattanach*, 2023 WL 2708572, at *1. As detailed above in Section II(c), Plaintiff's proposed sur-reply goes well beyond responding to alleged "new arguments and evidence" in Defendant's Reply and raises several brand-new arguments, including one regarding when a SOX claim actually accrues for purposes of filing a federal court action. Plaintiff had every opportunity to

11

4124-6744-1755.8

raise these arguments in her Opposition brief but chose not to. Thus, they were waived and allowing Plaintiff to raise them now would unfairly prejudice Defendant. *See Geiger*, 2024 WL 814539, at *5 n.6.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike Defendant's New Arguments and Evidence, or Alternatively, for Leave to File Sur-Reply.

DATED:  April 14, 2025.

JACKSON LEWIS P.C.

By:*/s/ Amy J. Gittler*
    Amy Gittler
    Jackson Lewis P.C.
    2111 E. Highland Avenue
    Suite B-250
    Phoenix, AZ 85016
    Telephone: (602) 714-7044
    Amy.Gittler@jacksonlewis.com
    -and-
    David Nenni (*pro hac vice* pending)
    Jackson Lewis P.C.
    PNC Building, Floor 26
    201 E. 5th St.
    Cincinnati, Ohio 45202
    Telephone: (513) 898-0050
    David.Nenni@jacksonlewis.com

    Michael Delikat (*pro hac vice* pending)
    Mark Thompson (*pro hac vice* pending)
    Orrick, Herrington & Sutcliffe LLP
    51 W 52nd St,
    New York, NY 10019
    Telephone: (212) 506-5000
    mdelikat@orrick.com
    mthomspon@orrick.com

    Attorneys for Defendant American Express Company

12

4124-6744-1755.8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com

Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4933-8315-9606, v. 1

13

4124-6744-1755.8