Stephani L. Ayers, Esq., *Pro Hac Vice* (Wash Bar #31610)
Law Office of S.L. Ayers
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Tel: 813.382.7865

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

**SOPHIA LEWIS,**

    Plaintiff,

v.                                                    Case No. 2:24-cv-03370-PHX-DWL

**AMERICAN EXPRESS COMPANY,**

    Defendant.

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR ALTERNATIVELY TO FILE SURREPLY

## I.  OVERVIEW

Plaintiff Sophia Lewis ("Lewis") moved to strike Defendant American Express Company's ("AmEx") new arguments and evidence or, in the alternative, for leave to file a sur-reply addressing these belated materials. Of the numerous arguments in AmEx's Opposition, reply is needed only as to two of them: (1) that a motion to strike is procedurally improper and unavailable to challenge arguments

1

in briefs; and (2) that Lewis has waived her argument about when the statute of limitations accrues by not raising it in her Opposition to the Motion to Dismiss. Both arguments misapprehend the procedural posture of this case and the governing law. AmEx does not dispute the key chronological facts that are determinative of the statute of limitations issue.

## II. <u>STANDARD OF REVIEW AND AMENDMENT</u>

In reviewing a motion to dismiss based on the statute of limitations, all factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. *Leone v. Aetna Casualty & Surety Co.*, 599 F.2d 566 (3rd Cir. 1979)." *Jablon*, *id*. "Accepting as true the allegations in the complaint, as we must when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must determine whether 'the running of the statute is apparent on the face of the complaint'. A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal citations and quotations omitted).

Even if the Court were to grant the motion to dismiss on statute of limitations grounds, Lewis should still be afforded the opportunity to amend her complaint to replead the statute of limitations facts with greater specificity. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). "A district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

### III. THE MOTION TO STRIKE WITH ALTERNATIVE OF SURREPLY IS THE PROPER TOOL TO CHALLENGE NEW ARGUMENTS OR EXHIBITS

Contrary to AmEx's reading, Local Rule 7.2(m)(1) expressly contemplates motions to strike in contexts beyond pleadings. While the rule references Federal Rules of Civil Procedure 12(f), 26(g)(2), and 37(b)(2)(A)(iii), it also explicitly permits motions to strike in a broader context: "or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." *See* Local Rule 7.2(m)(1). This language plainly encompasses motions to strike improper arguments or evidence raised for the first time in a reply brief. Granted, "while courts acknowledge that motions to strike

3

can serve legitimate ends, they certainly do not encourage lawyers to file them."

*Karlsson v. Ronn Motor Grp. Inc.*, No. CV-19-04510-PHX-DWL, 2020 U.S. Dist.

LEXIS 90249, at *6 (D. Ariz. May 21, 2020), however, a motion to strike or in the

alternative a motion to file a sur-reply should not be lumped with generally

disfavored motions to strike. If disallowing a motion to file sur-reply "would have

the practical effect of granting Mehta's motion to dismiss, see LRCiv 7.2(i), [then]

it is preferable for matters to be resolved on the merits after adversarial

presentation" by allowing the arguments to be presented. *Edwards v. Vemma*

*Nutrition*, No. CV-17-02133-PHX-DWL, 2018 U.S. Dist. LEXIS 211698, at *5

(D. Ariz. Dec. 17, 2018) (denying motion to strike but allowing extension to file

arguments).

**IV.   THE *SOTO* PRISONER SECTION 1983 EXHAUSTION STATUTE AND LIMITATIONS RULING HAS NO APPLICATION TO A PROCEDURALLY COMPLETE STATUTORY SCHEME LIKE SOX**

AmEx's new reliance on *Soto v. Sweetman*, 882 F.3d 865 (9th Cir. 2018), is

misplaced because that case is readily distinguishable from the SOX whistleblower

context. The Ninth Circuit in *FERC v. Vitol Inc.*, 79 F.4th 1059 (9th Cir. 2023)

explicitly distinguished between two types of statutes: (1) those that merely add a

procedural prerequisite to a preexisting cause of action (like the PLRA to Section

1983 in *Soto*), and (2) those that define the cause of action itself with statutorily-

mandated events that must occur before a plaintiff can file suit (like the Federal

4

Power Act in *Vitol* and SOX in the present case).  *Soto* involved the former type of statute where the PLRA did not change the preexisting Section 1983 cause of action but merely added a procedural prerequisite to filing prisoner suits. *Vitol*, at 1065. In contrast, where a statute defines the cause of action in the first instance and makes it contingent on the completion of administrative proceedings, the cause of action cannot be complete until those filing outcomes are complete:

> To be sure, the accrual of a claim does not always have to await the satisfaction of every procedural obstacle to filing suit. In *Soto v. Sweetman*, for example, we held that a prisoner's action under 42 U.S.C. § 1983 accrued when his injury occurred, even though he could not go to court until he exhausted his administrative remedies as required under the Prison Litigation Reform Act ***. But we did not alter the rule that a cause of action accrues when it is "complete and present," that is, when "the substantive elements of the cause of action on which the suit is based" have matured. Before the PLRA was enacted, it was well established that a cause of action under section 1983 accrues "when a plaintiff knows or has reason to know of the injury which is the basis of his action." *** The PLRA did not change that preexisting cause of action but merely added a procedural prerequisite to filing suit: "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1977e(a). Section 823b(d)(3)(B) differs because it does not add a procedural prerequisite to a cause of action that has been created elsewhere.

*Vitol*, at 1064-65 (internal citations and quotations omitted).

## V.  <u>PLAINTIFF INCLUDED HER OPPOSITION TO DEFENDANT'S NEWLY SUBMITTED EXHIBITS O AND P IN HER MOTION TO STRIKE</u>

Defendant inexplicably claims Plaintiff did not file an opposition to the Defendant's submission of Exhibits O and P (Amex Opp, p. 8).  However, this

5

assertion is plainly and demonstrably untrue.  Plaintiff specifically included her opposition to these Exhibits in her Motion to Strike.  (Doc. 18, Motion to Strike, pp. 7-10).  Defendant's claim that it is somehow "telling" are without merit because Plaintiff did timely oppose these improperly filed exhibits.

Additionally, Defendant's critique of Plaintiff's mode of opposition or procedural vehicle for opposing is strange in light of the fact Defendant did not file Exhibits O and P via a noted Motion.  Defendant now claims that Doc. 17 was a motion for the admission of Exhibits O and P.  This is belied by at least two facts: (1) Defendant did not even title Doc. 17 as a Motion; and (2) they did not file Doc. 17 as a Motion.

Doc. 17 was not titled or filed as a Motion. A comparison of Doc. 11 (filed Feb. 3, 2025) with Doc. 17 (filed March 24, 2025) clarifies this point.  Doc. 11 was specifically titled "*Defendant's Motion* for Judicial Notice in Support of Its Motion to Dismiss Plaintiff's Complaint".  After Plaintiff's time for filing her opposition to the Motion to Dismiss, Defendant then filed Doc. 17, titled "*Defendant's Supplemental Authority* To Its Motion For Judicial Notice in Support of Its Reply" on March 24, 2025 and tried to add additional exhibits O and P.

Defendant also did not label Doc. 17 as a Motion in its ECF filing, rather choosing to file it as "*Supplement Authority to Its* Motion For Judicial Notice in Support of Its Reply".   [Docket #17]. By contrast, Doc. 10's ECF filing was

labelled "*Motion* for Judicial Notice." [Docket #10]. Critiquing Plaintiff for filing her opposition via a Motion to Strike when Defendant did not file a Motion for the admission of Exs. O-P is unmerited, as Plaintiff lodged her objections quickly after their filing.

Additionally, as noted in Plaintiff's Motion to Strike, Defendant has gone far afield of facts that are appropriate for judicial notice. Defendant is submitting pages and pages of briefs that were not implicated by the complaint. For instance, Defendant now claims it seeks admission of Ex. O to rebut what the parties ultimately presented for a decision before the court. However, as explained in plaintiff's opposition to the motion to dismiss that the parties had not ultimately challenged the point in question was raised and discussed by the *Despain* court:

> **the Despain Court explained**, that mischaracterizes the case holding, which did not examine the actual application of § 1658 because the parties had stipulated the issue away and did not examine whether 1658 applied in light of SOX's clearly articulated statute of limitations of 180 days.

(Opp. Motion to dismiss, p. 11) (emphasis added).

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court either strike AmEx's new arguments and evidence raised for the first time in its Reply or grant Plaintiff leave to file a sur-reply addressing those arguments.

Dated: April 21, 2025.

Respectfully submitted,

*s/Stephani L. Ayers*

_____

Stephani L. Ayers, *Pro Hac Vice*
(Washington #31610)
Law Office of S.L. Ayers
4701 Admiral Way SW #276
Seattle, WA 98116
(813) 382-7865
stephani@whistleblowerdefenders.com

On behalf of the Government
Accountability Project
1612 K St., NW #808
Washington, DC 20006
(202) 408-0034

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2025, I caused the foregoing Reply

to be served through this Court's electronic filing system on all counsel of record.


/s/ Stephani L. Ayers

_____

Stephani L. Ayers

8