**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia Lewis, | No. CV-24-03370-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| American Express Company, | |
| Defendant. | |

In this action, Plaintiff Sophia Lewis ("Lewis") asserts a claim of whistleblower discrimination, in violation of the Sarbanes-Oxley Act of 2002 ("SOX"), against Defendant American Express Company ("Amex"). (Doc. 1.)  On February 3, 2025, Amex filed a motion to dismiss for failure to state a claim. (Doc. 9.)  That motion will be addressed by separate order in due course—this order addresses several ancillary matters that must be resolved before reaching the merits of the dismissal request.

At the same time it filed its motion to dismiss, Amex filed a motion for judicial notice of various administrative documents denominated as Exhibits A-N because they are "incorporated into [Lewis's] Complaint by reference and because the Complaint necessarily relies on them" and "because they are official government agency documents and filings that are not subject to reasonable dispute." (Doc. 11 at 1-4.)  On March 24, 2025, both of Amex's motions became fully briefed. (Docs. 15, 16.)

Also on March 24, 2025, Amex filed a document entitled "SUPPLEMENT Authority to Its Motion for Judicial Notice in Support of Its Reply to Motion to Dismiss

Plaintiff's Complaint." (Doc. 17.) In that filing, Amex argues that "[i]n addition to the documents originally included with its Motion for Judicial Notice, . . . the Court [should] take judicial notice" of two briefs,[1] denominated Exhibits O and P, that were filed in unrelated cases. (*Id.*)

On March 31, 2025, Lewis moved to strike certain purportedly new arguments raised by Amex and to strike certain pieces of evidence or, in the alternative, for leave to file a sur-reply. (Doc. 18.) Enclosed with the motion is the proposed sur-reply. (Doc. 19.)

On April 21, 2025, Lewis's motion became fully briefed.[2] (Docs. 20, 21.)

## DISCUSSION

I.  <u>Motion To Strike</u>

    A.  **The Parties' Arguments**

Lewis argues that Amex "did not make the arguments raised in its Reply that the Court should apply the concept of 'separate' administrative and judicial track limitations . . . as arguably exists under Title VII and ACRA" and that "[b]ecause [Amex's] new Title VII/ACRA analogy and 'indefinite timeline' argument were not presented in the initial motion, they should be stricken or disregarded." (Doc. 18 at 3-4.) Lewis also argues that Amex "compounded its procedural impropriety by filing a document styled as 'Supplemental Authority' after the Reply, which attaches new exhibits (Exhibits O and P) and—after the fact of filing and with no separate motion—requests judicial notice of those exhibits." (*Id.* at 7.) Lewis further argues that Exhibit O "is highly problematic and inadmissible to prove the state of the law on any proposition" and that Exhibit P is not "entitled to any weight, particularly any weight against the court considering the rights of a private litigant like Lewis." (*Id.* at 8-10.)

---

[1] Those briefs are Exhibit O: Brief of Appellee Andrea Gail Jones, *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658 (4th Cir. 2015) (No. 13-2399), 2014 WL 2115956 and Exhibit P: Memorandum of Points and Authorities in Support of Defendant Department of Labor's Motion to Dismiss, or, in the Alternative, for Summary Judgment, *Moldauer v. Constellation Brands Inc.*, 87 F. Supp. 3d 148 (D.D.C. 2015) (No. 1:14-cv-01984 (CRC)), 2015 WL 5885582.

[2] Lewis's request for oral argument as to her motion to strike or for leave to file a sur-reply (Doc. 18 at 1) is denied because the issues are fully briefed and oral argument would not aid the Court's decision. *See* LRCiv 7.2(f).

In response, Amex argues that although the Court may "disregard new matters raised on reply," "a motion to strike is not the 'correct vehicle' for advancing an argument regarding alleged 'new arguments and evidence' in a reply brief." (Doc. 20 at 1-3.)

In reply, Lewis argues that "[c]ontrary to [Amex's] reading, Local Rule 7.2(m)(1) . . . plainly encompasses motions to strike improper arguments or evidence raised for the first time in a reply brief." (Doc. 21 at 3-4.)

B.  **Analysis**

The Court agrees with Amex that a motion to strike is the wrong procedural vehicle for challenging an opponent's perceived attempt to raise new arguments for the first time in a reply brief. "Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Here, Lewis is not seeking to strike a pleading, as contemplated by Rules 12(f) and 37(b)(2)(A)(iii), or an unsigned discovery disclosure, request, response, or objection, as contemplated by Rule 26(g)(2). Additionally, although it is generally impermissible for a litigant to raise new arguments for the first time in a reply brief, the source of this prohibition is not a specific "statute, rule, or court order," as required to trigger LRCiv 7.2(m)(1), but rather a "well-settled prudential doctrine." *Aleutian Pribilof Islands Ass'n, Inc. v. Kempthorne*, 537 F. Supp.2d 1, 12 n.5 (D.D.C. 2008). Thus, the relief that Lewis seeks is not authorized by LRCiv 7.2(m)(1).

This conclusion, to be clear, does not mean that a litigant who believes he or she has been sandbagged by new arguments raised for the first time in a reply brief lacks a remedy. But the remedy is to request permission to file a sur-reply or to ask the Court to disregard the new arguments. *See, e.g.*, *SiteLock LLC v. GoDaddy.com LLC*, 2021 WL 50453, *5 (D. Ariz. 2021) ("[T]he motion to strike does not appear to be authorized by statute or rule. . . . Nevertheless, the Court has the discretion to disregard arguments and evidence raised for the first time in the reply brief. Thus, rather than strike any new arguments and

evidence that were improperly raised for the first time in SiteLock's reply, the Court will simply disregard them."); *Edwards v. Vemma Nutrition*, 2018 WL 11469695, *1 (D. Ariz. 2018) ("[E]ven if Plaintiff had been sandbagged by an argument improperly raised for the first time in a reply . . . there still would be no need for Plaintiff to move to 'strike' the new arguments."); *AIRFX.com v. AirFX LLC*, 2012 WL 129804, *1 (D. Ariz. 2012) ("Defendant moves to strike plaintiffs' reply . . . arguing that the reply raises new arguments. Motions to strike may only be filed if authorized by statute, rule, or court order. Defendant has not cited any statute or rule authorizing its motion to strike. Moreover, a motion to strike in this case is unnecessary, as we do not consider new arguments raised in a reply."). *See generally Osterhaus Pharmacy Inc. v. CVS Health Corp.*, 2025 WL 472731, *3 (D. Ariz. 2025) ("One reason that motions to strike are frowned upon by courts is that they often needlessly run up the cost of litigation and squander judicial resources . . . . Motions to strike are particularly disfavored where the challenged impropriety is a legal argument that a court can simply ignore.") (citations omitted).

The analysis as to Exhibits O and P is somewhat different, but the outcome is the same. To start, Lewis nowhere argues that Rules 12(f), 26(g)(2), or 37(b)(2)(A)(iii) support striking the exhibits. In fact, Lewis appears to concede they do not. (Doc. 21 at 3-4.) Lewis does argue that by characterizing Doc. 17 as a notice of "Supplemental Authority" rather than as a formal motion, Amex is effectively seeking a court order (*i.e.*, a determination that Exhibits O and P are subject to judicial notice) without filing a motion, in violation of Rule 7(b)(1) of the Federal Rules of Civil Procedure.[3] This argument is misplaced. First, although Amex's filing was not expressly denominated as a "motion," it functionally met the requirements of Rule 7(b)(1) because it was submitting in writing, was signed by counsel, unambiguously set forth the relief sought, and stated with particularity the grounds for the request. *See, e.g.*, *Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir. 1987) ("[N]o particular form of words is necessary to render a filing a 'motion.' Any submission

---

[3] Rule 7(b)(1) provides: "In General. A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."

- 4 -

signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers . . . should suffice"). *See generally* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 7 (2024) ("[A] court may treat a request made in a brief as fulfilling the motion requirement if it conspicuously and clearly communicates a request for a court order and states the grounds with the particularity required by Rule 7(b)."). Second, at any rate, even without a motion, Rule 201 of the Federal Rules of Evidence provides that a court "may take judicial notice on its own . . . at any stage of the proceeding." Fed. R. Evid. 201(c)(1), (d). *See also Callan v. New York Cmty. Bank*, 643 F. App'x 666, 666–67 (9th Cir. 2016) ("The district court did not abuse its discretion in sua sponte taking judicial notice.").

II.  Motion To File A Sur-Reply

   A.  **The Parties' Arguments**

Lewis argues, in the alternative, that "if the Court elects to consider any of [Amex's] new arguments or evidence," the Court should "grant her leave to file a sur-reply (which has been substantively incorporated into this motion) so that she is not prejudiced by [Amex's] belated submissions." (Doc. 18 at 10-11.)

In response, Amex argues that Lewis "has not shown 'extraordinary circumstances' to justify a sur-reply" because "(1) the alleged 'new arguments' contained in [Amex's] Reply are not impermissibly 'new'; instead, they are permissible rebuttals to points raised by [Lewis] in her opposition brief and (2) there was no 'new evidence' submitted in [Amex's] Reply Brief." (Doc. 20 at 3.) Amex further argues that "(1) [Lewis's] proposed sur-reply would not be helpful to the resolution of the pending motion to dismiss since [Lewis's] arguments have been waived and are meritless; and (2) [Amex] would be unfairly prejudiced if [Lewis] was permitted to revive previously waived arguments." (*Id.*)

In reply, Lewis does not directly respond to Amex's core arguments but appears to argue that Doc. 17 goes "far afield of facts that are appropriate for judicial notice," thereby effectively constituting new arguments, and that because Amex filed Doc. 17 with its reply brief and improperly characterized it as a "Supplemental Authority," she was unable to

respond to it through traditional briefing. (Doc. 21 at 6-7.)

B. **Analysis**

"[S]ur-replies are highly disfavored and permitted only in extraordinary circumstances." *Finley v. Maricopa Cty. Sheriff's Office*, 2016 WL 777700, *1 n.1 (D. Ariz. 2016). "Although the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. 2005). "While a party may not file 'new' evidence with a reply, it may file 'rebuttal' evidence to contravene arguments first raised by the non-moving party in its opposition . . . . District of Arizona precedent is clear . . . that it is immaterial that [the movant] already had this evidence in its possession at the time it filed is motion . . . , so long as it is rebuttal evidence." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 WL 880408, *1 (D. Ariz. 2014) (cleaned up).

   i. <u>Dual-Deadline Argument</u>

Amex does not impermissibly raise new arguments in its reply brief concerning the dual-deadline issue. In its motion to dismiss, Amex argues that the 180-day administrative statute of limitations is separate from statute of limitations for filing actions in federal court and thus does not preclude application of the federal catch-all statutes of limitations. (Doc. 9 at 5 ["SOX's whistleblower provision provides a statute of limitations of 180 days for 'filing a complaint with the Secretary of Labor' (*i.e.* an administrative complaint) pursuant to 18 U.S.C. § 1514A(b)(1)(A). *See* 18 U.S.C. § 1514A(b)(2)(D). The statute, however, does not provide a time limitation for 'bringing an action at law or equity for de novo review in the appropriate district court of the United States' pursuant to 18 U.S.C. § 1514A(b)(1)(B). Because SOX does not provide a time limitation for filing a *de novo* action in district court, 28 U.S.C. § 1658, the federal 'catch-all' statute of limitations applies."].) In her response to the motion to dismiss, Lewis argues that the 180-day administrative statute of limitations is the only one that applies to SOX claims and cites authorities, including *Despain v. BNSF Ry. Co.*, 186 F. Supp. 3d 988, 993 (D. Ariz. 2016),

to support this contention. (Doc. 15 at 5-8.) In reply, Amex includes the following paragraph:

> A review of other employment discrimination statutes, which provide for separate statute of limitations for claims filed with an administrative agency and in court, also leads to the conclusion that [Lewis's] reading of SOX is incorrect. For example, Title VII, like SOX, requires a complainant to first file their claim with an administrative agency, the Equal Employment Opportunity Commission ("EEOC"), before filing in court and provides a 180-day statute of limitations for filing with the EEOC (42 U.S.C. § 2000e5(e)(1)) and a separate 90-day statute of limitations for filing in court following issuance of a right to sue (42 U.S.C. § 2000e-5(f)(1)). Similarly, Arizona's Civil Rights Act ("ACRA") provides a 180-day statute of limitation for filing a charge of discrimination with the Civil Rights Division (A.R.S. § 41-1481(A)) and a separate one-year statute of limitation for filing discrimination claims in court (A.R.S. § 41-1481(D)). Here, the statute should be read in accord with other similar employment discrimination statutes like Title VII and ACRA so that a separate limitations period—namely, Section 1658(a)'s four-year default statute of limitation—applies to filings in court.

(Doc. 16 at 3.)

Although Amex did not employ this specific statutory analogy to Title VII and ACRA in its initial motion, that does not make it a new argument. *Beckhum v. Hirsch*, 2010 WL 582095, *8 (D. Ariz. 2010) ("Thus, Defendants' arguments are not new; they are rebuttal arguments, which are permitted in a reply brief."); *Salerno v. Steel Plate, LLC*, 2021 WL 1061939, *1 n.1 (N.D. Ohio 2021) ("[C]iting additional authority in a reply [in] support of an argument previously raised in a motion or to counter an argument raised in an opposition brief does not constitute a new argument otherwise justify a sur-reply."). Because it is not a new argument, the Court declines to grant Lewis leave to file a sur-reply to respond to it.

2. Exhibits O and P

The Court also agrees that Amex, by filing Exhibits O and P in support of its reply, did not impermissibly present new evidence.

To the extent Lewis argues that judicial notice is substantively improper here—or that she should be given leave to file a sur-reply to respond to the request for judicial notice

- 7 -

of Exhibits O and P—that argument is rejected. A "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). This includes publicly filed briefs. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Courts are, however, limited to judicially noticing the existence of the brief—not the truth of the arguments contained therein. *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("While a court may take judicial notice of a judicial or administrative proceeding which has a direct relation to the matters at issue, a court can only take judicial notice of the existence of those matters of public record (the existence of a motion or of representations having been made therein) but not of the veracity of the arguments and disputed facts contained therein.") (cleaned up). As stated above, a court may take judicial notice *sua sponte*.

Applying these principles, the Court takes judicial notice of Exhibits O and P.[4] Both exhibits are publicly available briefs filed in federal court proceedings. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6. Amex does not request judicial notice of the truth of the contents of Exhibit O (the brief of the appellee in *Jones*); it only requests judicial notice of the *existence* of the brief and the representations made within it—namely, the absence of any stipulations and the discussion of the statute-of-limitations issue. (Doc. 16 at 8-9.)[5] The same is true for Exhibit P, which is a memorandum brief from the Department of Labor in *Moldauer* that Amex directly cites in its initial motion to dismiss. (Doc. 9 at 6-7.) Amex includes

---

[4] Because Lewis does not oppose (Doc. 15 at 2 n.1) Amex's initial motion for judicial notice of Exhibits A-N (Doc. 11-1), and because all of those exhibits are properly subject to judicial notice, that motion is likewise granted.

[5] More specifically, Amex refers to the case of *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917 (D. Kan. 2014). Amex argues that because the briefing in *Jones* reveals that the parties raised the relevant statute-of-limitations issue in the context of their discussion of *Jordan*—and because the court ultimately ruled that the federal four-year statute of limitations applied to SOX whistleblower claims despite that discussion—the court thus "necessarily rejected" the argument raised by the appellee in *Jordan*, which argument Lewis also raises. (Doc. 16 at 8-9 [citing Doc. 17-1 at 13-14]).

- 8 -

the full brief and requests judicial notice of its existence in response to Lewis's statement in her response to the motion to dismiss that "it is unclear what [Amex] is citing" (Doc. 15 at 13-14).

To the extent Lewis argues that Amex is attempting to use Exhibits O and P to make impermissibly new arguments, that argument is also rejected.

In her response to the motion to dismiss, Lewis asserts that the parties in *Jones* "stipulated away" the issue of "whether [§] 1658 applied in light of SOX's clearly articulated statute of limitations of 180 days." (Doc. 15 at 1.) Amex attaches Exhibit O and requests judicial notice to show that "there is no indication in the text of the *Jones* decision that the parties made any stipulation regarding the applicable statute of limitations" and that, in fact, "a review of the briefing in *Jones* reveals that the issue of whether only the 180-day statute of limitations period applied to de novo actions was raised by the parties in discussing *Jordan*, and thus, was necessarily rejected by *Jones*." (Doc. 16 at 8.) This is a permissible attempt to rebut the arguments Lewis raised in her response. *Beckhum*, 2010 WL 582095 at *8.

Regarding Exhibit P, Amex makes no new argument; it only restates the arguments originally made in its motion to dismiss. (Doc. 16 at 10.) And it only does so in response to Lewis's apparent inability to locate the citation. This is not the sort of new argument that justifies a sur-reply.[6]

…
…
…
…
…
…
…

---

[6] Because Lewis's motion for leave to file a sur-reply is denied, it is unnecessary to address Amex's arguments concerning whether such a sur-reply would be helpful or would be prejudicial to Amex. (Doc. 20 at 8-12.)

- 9 -

Accordingly,

**IT IS ORDERED** that:

1. Amex's motion for judicial notice (Doc. 11) is **granted**. The Court takes judicial notice of the documents set forth at Doc. 11-1.

2. Lewis's motion to strike, or in the alternative for leave to file a sur-rely (Doc. 18) is **denied**.

3. Amex's supplement (Doc. 17), which the Court construes as a motion for judicial notice, is **granted**. The Court takes judicial notice of the documents set forth at Doc. 17-1.

4. The Court will resolve Amex's pending motion to dismiss (Doc. 9) by separate order in due course.

Dated this 30th day of June, 2025.

Dominic W. Lanza
United States District Judge