Amy Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS P.C.
201 E. 5th Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis, | Case No: 2:24-cv-03370-PHX-DWL |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION FOR AN ORDER PERMITTING INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND SUPPORTING MEMORANDUM** |
| American Express Company, | |
| Defendant. | **(Oral Argument Requested)** |

**MOTION**

Defendant American Express Company respectfully moves the Court for an order certifying this Court's July 11, 2025, order denying American Express's motion to dismiss (Doc. 23, or the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Specifically, American Express requests that this Court certify for interlocutory appeal the following question: whether the default four-year statute of limitations of 28 U.S.C. § 1658(a) applies to de novo actions for whistleblower discrimination in violation of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A(a). American Express also requests that, if this Court permits the interlocutory appeal, the Court also suspend all deadlines and stay proceedings in this Court pending the resolution of any interlocutory appeal. This Motion is supported by the following Memorandum, the Court's entire file in this matter, and any oral argument that the Court may wish to hear.

Counsel for the parties have conferred and Plaintiff opposes this Motion in its entirety.

**INTRODUCTION**

This Court should certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b) to allow the Ninth Circuit to promptly determine whether the default four-year statute of limitations of 28 U.S.C. § 1658(a) applies to "kick out" actions alleging whistleblower discrimination under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A(a).

A "statute of limitations" question like the one presented here is the paradigmatic "[e]xample[]" of what § 1292(b) was "intended" to address. *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). After all, statute of limitations questions are "legal questions" that arise in the "early stages of litigation" and "which, if decided in favor of [the defendant], would end the lawsuit," thus sparing not only the parties, but future parties and the courts, unnecessary and wasteful litigation. *Id.* The limitations question in this case is particularly well suited for immediate appeal: It is a novel and important question of statutory interpretation over which the courts are divided. Because the Order satisfies all of § 1292(b)'s prerequisites and is a compelling candidate for interlocutory

appeal, the Court should grant this Motion and suspend all deadlines and proceedings in this Court while the appeal proceeds.

This Court would be in good company in doing so. In fact, the Supreme Court's leading case on § 1658(a) was decided on an interlocutory appeal initially certified by the district court under § 1292(b). *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 374 (2004). So too was another important case about the meaning of the same section of the Sarbanes-Oxley Act at issue here. *See Lawson v. FMR LLC*, 571 U.S. 429, 439 (2014). The question here is just as worthy of immediate appellate review.

## BACKGROUND

Because many federal statutes do not contain a statute of limitations, federal law provides a default limitations period of four years for actions arising under federal statues enacted after 1990. *Jones*, 541 U.S. at 371. This "catchall" statute of limitations was enacted to avoid litigation about what limitations period fills the gap. *Id.* at 371, 378-79. Accordingly, § 1658(a)'s four-year period applies "[e]xcept" when a different statute of limitations is "otherwise provided by law." 28 U.S.C. § 1658(a).

Plaintiff Sophia Lewis brought this suit under Section 806 of Sarbanes-Oxley Act of 2002, which prohibits publicly traded companies from retaliating against employees who report potentially unlawful conduct. 18 U.S.C. § 1514A(a); Doc. 1. Lewis, a former employee of American Express Travel Related Services Company, Inc., alleges that she was retaliated against for disclosing misconduct within the company, retaliation that included her eventual termination on August 20, 2020. Doc. 9, at 1 n.1; Order 2-4.

Lewis timely filed administrative complaints with the Department of Labor, as Sarbanes-Oxley requires. Order 4; *see* § 1514A(b)(1)(A), (2)(D) (complaint must be filed 180 days after violation occurs). Owing in part to Lewis's own actions—including requesting what turned out to be a four-day evidentiary hearing—the administrative process continued through August 2024, when an administrative law judge issued a lengthy decision denying Lewis's retaliation claims on the ground that she never engaged in protected activity. Order 4-5.

Before the ALJ's decision in favor of American Express could become the agency's final decision, Lewis filed this suit on November 26, 2024, more than four years after she was fired and filed her administrative complaints. Order 5. Ordinarily, a complainant cannot come to federal court until the agency has issued a final decision; only then may she seek judicial review of that decision under a standard of review that is deferential to the agency's determination. *Lawson*, 571 U.S. at 437. But the Sarbanes-Oxley Act permits de novo whistleblower actions in district court in limited circumstances. Specifically, the statute's kick-out provision allows a complainant to bring an action in federal court for de novo review if "the Secretary [of Labor] has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant." 28 U.S.C. § 1514A(b)(1)(B). "Sarbanes-Oxley does *not* set forth any additional limitations period within which the de novo action must be brought in federal court." Order 9 (emphasis added).

American Express moved to dismiss Lewis's complaint, contending that § 1658(a)'s default four-year statute of limitations applies because the Sarbanes-Oxley Act does not provide a specific limitations period for kick-out actions and Lewis's suit came too late. Doc. 9, at 1. In opposition, Lewis acknowledged that the Act does not "specif[y] an additional time limit for the right to file suit in the federal district court, as long as the administrative complaint was timely" and has been pending for 180 days. Doc. 15, at 4. But that, she contended, was enough to displace the default four-year limitations period. *Id.* at 6.

This Court denied the motion to dismiss. Order 16. The Court acknowledged that "[t]he Ninth Circuit has not directly addressed this issue and each side cites non-binding cases that reach contradictory conclusions." Order 10. The Court recognized, too, that the "dispute ultimately turns on how to conceptualize Sarbanes-Oxley's treatment of these timing issues," Order 9, and found more compelling the view offered by Lewis and her non-binding authorities.

**ARGUMENT**

**I.    The Court Should Certify the Order for Interlocutory Appeal.**

"Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1981). The Order denying American Express's motion to dismiss meets all of § 1292(b)'s requirements: It (a) "involves a controlling question of law [(b)] as to which there is substantial ground for difference of opinion" and (c) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b). Even under the most "formalistic" and "rigid" reading of these requirements, the Order warrants interlocutory appeal. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 n.5 (9th Cir. 2011). And it certainly satisfies the Ninth Circuit's more "flexible approach," as an immediate appeal will avoid "unnecessary, protracted litigation and considerable waste of judicial resources" in this case and others. *Id.*

**A.    There Is a Controlling Question of Law.**

A controlling question of law is a legal question whose resolution "on appeal could materially affect the outcome of the litigation in the district court," *In re Cement*, 673 F.2d at 1026, even if it will not necessarily "determine[] who will win on the merits," *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).

Whether § 1658(a)'s four-year limitations period applies to Sarbanes-Oxley kick-out actions is plainly a controlling question of law. Indeed, "questions … relating to … a statute of limitations" are classic "[e]xamples" of controlling questions of law. *Woodbury*, 263 F.2d at 784; *see, e.g.*, *FERC v. Vitol Inc.*, 79 F.4th 1059, 1062 (9th Cir. 2023) (§ 1292(b) appeal on statute of limitations question); *Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998, at *1 (9th Cir. Sept. 5, 2023) (same). After all, "the appropriate statute of limitations is a question of law," *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993), and if decided adversely to the plaintiff "would terminate the case," *Woodbury*, 263 F.2d at 787, a result that "materially affect[s] the

4

outcome of the case," *In re Cement*, 673 F.2d at 1026, to say the least. *See also Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-369, 2012 WL 3879887, at *2 (D. Nev. Sept. 6, 2012) ("Clearly, the effect a statute of limitations has on a case is a controlling question of law, as any claims falling outside of the four-year statute would be precluded from litigation.").

Because this limitations question turns on the meaning of a federal statute, it is even more obviously a controlling question of law appropriate for certification under § 1292(b). *See, e.g.*, *S.E.C. v. Rind*, 991 F.2d 1486, 1488 (9th Cir. 1993) (interlocutory appeal granted to answer "what, if any, statute of limitations applies to a civil enforcement action brought by the Securities and Exchange Commission"). It is "a matter of statutory interpretation and presents a pure question of law the Ninth Circuit could resolve without needing to delve deeply into the record." *Flowers-Carter v. Braun Corp.*, No. 2:18-cv-3836, Doc. 228, at 6 (June 14, 2021) (Lanza, J.) ("*Flowers-Carter* Order") (holding movant carried burden on first § 1292(b) factor).

### B.    A Substantial Ground for Difference of Opinion Exists.

The next statutory prerequisite is just as easily met here. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The difference-of-opinion requirement is met "where novel and difficult questions of first impression are presented" or "where reasonable jurists might disagree on an issue's resolution." *Reese*, 643 F.3d at 688 (cleaned up).

This is case has both. First, the Ninth Circuit has not determined what limitations period governs kick-out actions under the Sarbanes-Oxley Act. And second, jurists can reasonably disagree—and indeed, have disagreed—about whether the four-year default limitations period applies. This Court recognized as much when it observed in the Order that "[t]he Ninth Circuit has not directly addressed this issue and each side cites non-binding cases that reach contradictory conclusions." Order 10; *see Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 585 (D. Ariz. 2024) ("The Court further agrees the second statutory requirement is met because the Ninth Circuit has

5

not yet opined on the issue, and there are cases displaying that 'other courts both within and outside the Ninth Circuit are hostile to such an approach.'" (citation omitted)).

On one side of the split are this Court and a district court in the Tenth Circuit. *See* Order 10; *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 927 (D. Kan. 2014) ("The Court agrees that § 1658(b) is inapplicable to these claims [under § 1514A.]"); *see also Despain v. BNSF Ry. Co.*, 186 F. Supp. 3d 988, 989 (D. Ariz. 2016) (holding § 1658(a)'s four-year limitations period does not apply to similar scheme under Federal Railroad Safety Act).

On the other side of the split are the Fourth Circuit in *Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 668 (4th Cir. 2015), which unambiguously held that "Section 1658(a) controls;" a district court in the Central District of California that is in accord, *see Pittman v. Cedars-Sinai Med. Ctr.*, No. 2:14-07857-SVW-FFM, 2015 WL 13857137, at *2 (C.D. Cal. Apr. 9, 2015) (holding whistleblower claims "clearly time-barred" because they were filed after more than four years); and the Department of Labor, which has previously advanced American Express's position in litigation, including in *Jones*. *See* Br. for Sec'y of Labor, *Jones*, 777 F.3d 658, 2014 WL 2903673, at *15-16 (June 27, 2014). The Department of Labor, of course, is not a court, but its views—which are well informed by its delegated authority and institutional experience— are a strong signal of what reasonable jurists might think. And the Department is of the view that "[d]istrict court actions under Section 1514A(b)(1)(B) fit easily into the plain language of 28 U.S.C. 1658(a) because Section 1514A does not provide an explicit statute of limitations for the civil action filed in federal court." *Id.* at *15. The Fourth Circuit's ultimate holding in *Jones* was informed by that argument and is fully consistent with it.

To be sure, this Court concluded that *Jones* is not squarely on point, noting that the question there was whether a two-year limitations period for fraud claims under § 1658(b) applied as opposed to the four-year period under § 1658(a), whereas here the question is whether the four-year period applies as opposed to nothing. Order 14. But *Jones*'s language is unequivocal—"Section 1658(a) controls," 777 F.3d at 668—and other courts

have read it accordingly. *E.g.*, *Gunderson v. BNSF Ry. Co.*, 850 F.3d 962, 972 n.11 (8th Cir. 2017) ("At least one circuit has held that the 'catchall' four-year statute of limitations in 28 U.S.C. § 1658(a) applies to a similar whistleblower statute [i.e. Sarbanes-Oxley]." (citing *Jones*)).

In any event, even if *Jones* "should not be construed as *necessarily* rejecting the conclusion reached" in the Order, Order 14 (emphasis added), there are still sufficient ground for difference of opinion to warrant certification. As the Ninth Circuit has made clear, "interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief." *Reese*, 643 F.3d at 688. Rather, "[a] substantial ground for difference of opinion exists where reasonable jurists *might* disagree on an issue's resolution, not merely where they have already disagreed;" there is no need to "first await[] development of contradictory precedent." *Id.* (emphasis added). Thus, even if *Jones* and the other authorities are read to "not squarely address" the question here, they at least "highlight the possibility that fair-minded jurists *may* disagree with the Court's conclusion on these similar issues," and that is good enough. Order Granting Motion to Certify for Interlocutory Appeal, *Padilla v. ICE*, No. 2:18-cv-928, Doc. 236, at 3 (W.D. Wash. Mar. 11, 2024) (emphasis added).

### C.   An Interlocutory Appeal Will Materially Advance the Termination of the Litigation.

"For substantially the same reasons that [the] issue [here] constitutes a controlling issue of law, … it would also materially advance the ultimate termination of litigation." *Flowers-Carter* Order 11. As explained above, a holding from the Ninth Circuit that Lewis's claims are time-barred would "avoid protracted and expensive litigation" and end the lawsuit. *In re Cement*, 673 F.2d at 1026.

This factor is satisfied even though Lewis may claim she is entitled to equitable tolling if § 1658(a)'s four-year statute of limitations applies. "[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation."

7

*Reese*, 643 F.3d at 688 (quoting § 1292(b)); *see Biederman v. FCA US LLC*, No. 23-CV-06640-JSC, 2025 WL 1266907, at \*6 (N.D. Cal. May 1, 2025) (certifying interlocutory appeal over defendant's objection that "there are potential alternative grounds for dismissal" that the district court did not address). In any event, in this case, the statutory question will be dispositive, because Lewis has no colorable argument for tolling. *See* Doc. 9, at 8-9 (motion to dismiss arguing against tolling); Doc. 16, at 10-11 (reply doing the same). Indeed, she did not even hazard one. Doc. 15 (asserting tolling in introduction of opposition but not supporting it in argument).

### D.    This Case Warrants the Exercise of the Court's Discretion to Certify an Interlocutory Appeal.

Certifying this Order for interlocutory appeal would be a sound use of this Court's discretion. Statute of limitations questions like this one are especially deserving of interlocutory consideration, and not just because it serves judicial economy. *Supra* 4. Much of the value of a limitations period is lost if the defendant must wait for final judgment to appeal an erroneous ruling. And in many cases, they will not have that opportunity. Sarbanes-Oxley whistleblower claims are common, and many are meritless. When they are dismissed on their merits (or settled), the statute of limitations question will evade appellate review. (This may explain why there are not more circuit-level decisions on the question.) An interlocutory appeal, then, is the Ninth Circuit's best shot to resolve this open question in the circuit. And if that court resolves it in American Express's favor, it will spare countess defendants expensive, time-consuming litigation—and the pressure to settle that comes with it. *See Wilton Miwok Rancheria v. Salazar*, No. C-07-02681-JF-PVT, 2010 WL 693420, at \*13 (N.D. Cal. Feb. 23, 2010) (certifying where the "issue is important not only for the Parties but to future litigants who may be similarly situated"). It would also conserve the judiciary's resources, as courts can quickly dismiss time-barred cases and will avoid the many cases that are never filed in the first place.

8

The limitations period here is "unusual." Order 13, 16. And the "dispute ultimately turns on how to conceptualize Sarbanes-Oxley's treatment of these timing issues." Order 9. That presents just the kind of clean, novel legal issue the Ninth Circuit should have a chance to address under § 1292(b) in order to help guide this case and others like it raising this issue.

**II.      If The Court Certifies an Interlocutory Appeal, It Should Also Suspend All Deadlines Pending Appellate Proceedings.**

If the Court certifies its Order for interlocutory appeal, it should also suspend all existing deadlines and proceedings in this Court pending disposition of any further appellate proceedings. *See* 28 U.S.C. § 1292(b) (authorizing district court to stay proceedings); *see, e.g.*, Order, *Avrahami v. Clark*, No. 19-cv-4631 (D. Ariz. Feb. 12, 2021) (certifying interlocutory appeal and staying discovery order); *Ono v. Dias*, No. CV 14-00327 LEK-KSC, 2014 WL 12597404, at *6 (D. Haw. Dec. 23, 2014) (granting motion to certify and staying further proceedings); *Wilton Miwok Rancheria*, 2010 WL 693420, at *13-14 (same).

Without a stay pending resolution of an interlocutory appeal, the parties and the court will expend substantial resources, potentially all for naught. It is already "extremely wasteful" what Lewis has done: "pursue an administrative process almost to its conclusion (a process that in this case included discovery, a lengthy evidentiary hearing, and a detailed written order) and then start all over again in federal court." *Gunderson v. BNSF Ry. Co.*, 29 F. Supp. 3d 1259, 1262 (D. Minn. 2014); *supra* 2-3. Certifying the limitations question for interlocutory appeal and suspending discovery and other deadlines in the meantime would stop Lewis from further wasting time and resources.

**CONCLUSION**

Based on the foregoing, American Express respectfully requests the Court certify its Order for interlocutory appeal and, if it does so, suspend all existing deadlines and proceedings pending resolution of appellate proceedings.

DATED:  August 8, 2025.

JACKSON LEWIS P.C.

By:/s/ *Amy J. Gittler*

Amy Gittler
Jackson Lewis P.C.
2111 E. Highland Avenue
Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Amy.Gittler@jacksonlewis.com
-and-
David Nenni (admitted *pro hac vice*)
Jackson Lewis P.C.
PNC Building, Floor 26
201 E. 5th St.
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
David.Nenni@jacksonlewis.com

Michael Delikat (admitted *pro hac vice*)
Mark Thompson (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 W 52nd St,
New York, NY 10019
Telephone: (212) 506-5000
mdelikat@orrick.com
mthomspon@orrick.com

Attorneys for Defendant American Express Company

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4927-6847-9324, v. 2