Amy J. Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS P.C.
201 E. 5th Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis,<br><br>                Plaintiff,<br><br>v.<br><br>American Express Company,<br><br>                Defendant. | Case No:  2:24-cv-03370-PHX-DWL<br><br>**ANSWER** |

For its Answer to Plaintiff's Complaint (the "Complaint"), Defendant American Express Company ("Defendant")[1] admits, denies, and alleges as follows:

_____

[1] Defendant states that American Express Travel Related Services Company, Inc., is Plaintiff's former employer and should be the named defendant in this matter. As used in this Answer, "Defendant" refers to American Express Travel Related Services Company, Inc.

1.      Paragraph 1 of the Complaint calls for a legal conclusion, is argumentative and, as to those allegations, no response is required.  As to the factual allegations stated therein, Defendant denies the allegations.

2.      Paragraph 2 of the Complaint calls for a legal conclusion, is argumentative and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations.

3.      Paragraph 3 of the Complaint calls for a legal conclusion, is argumentative and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint, except admits on information and belief that Plaintiff filed an OSHA Charge pursuant to the Sarbanes-Oxley Act on December 10, 2019 (Charge No. 9-0370-20-025), which OSHA dismissed on August 13, 2020.

5.      Paragraph 5 of the Complaint calls for a legal conclusion, is argumentative and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint, except admits that the Department of Labor, Office of Administrative Law Judges issued a decision on August 8, 2024, related to Department of Labor/ Office of Administrative Law Judge Case Nos. 2023-SOX-00010 and 2023-SOX-00011. Defendant also admits the Administrative Law Judge found that Plaintiff did not engage in protected activity under SOX and she timely filed a Petition for Review with the Department of Labor Administrative Review Board after August 8, 2024.

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis, denies the allegations.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint, except admits that venue is proper in this Court and Defendant conducts business and maintains offices in the state of Arizona.

10. Based on information and belief, Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint, except admits Plaintiff was employed by American Express Travel Related Services Company, Inc. as a manager within its Commercial Acquisition Group (CAG) covering Middle Market Sales. Defendant further admits that it is a covered employer under the Sarbanes-Oxley and Dodd-Frank Acts.

12. Paragraph 12 of the Complaint calls for a legal conclusion, is argumentative and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations, except admits that the American Express Company is a publicly traded company and is subject to various U.S. federal regulatory agencies, and further denies that the American Express Company is a proper party defendant.

13. Defendant denies the allegations in Paragraph 13 of the Complaint, except admits that it has  employees in offices in Arizona who regularly transact business in Arizona.

14. Defendant denies the allegations in Paragraph 14 of the Complaint, except admits that it hired Plaintiff in 2014 as a salesperson in its Commercial Acquisition Group ("CAG") in Phoenix, Arizona, selling into middle market accounts.

15. Defendant denies the allegations in Paragraph 15 of the Complaint, except admits that in or around February 2017 Plaintiff became a Sales Leader overseeing middle market account salespeople within CAG.

16. Defendant denies the allegations in Paragraph 16 of the Complaint, except admits on information and belief that Plaintiff received certain plaques/ awards as follows: (a) Highest Team Spend 2017 for Q2 Spend, an award given to the "Phoenix Sales Team";

(b) Top Team Activation 2017 for Q2 Spend Activation, an award given to the "Phoenix Sales Team"; and (c) a "tribute" plaque for 2018.

17. Defendant denies the allegations in Paragraph 17 of the Complaint, except admits that Plaintiff's annual performance ratings and reviews speak for themselves.

18. Defendant denies the allegations in Paragraph 18 of the Complaint, except admits that the middle market sales staff, in part, focused on selling business charge cards and corporate cards to businesses that generally had between $4 million and $10 million in annual revenues. However, this was not a strict requirement.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint, except admits that successful sales generally resulted in commissions for salespeople and sales leaders in accordance with the terms of the relevant Sales Incentive Plan.

21. Defendant denies the allegations in Paragraph 21 of the Complaint, except admits that, since on or about 2017, Defendant has used a computer system, commonly referred to as "DASH," to assess risk related to certain applications for credit cards.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint, except admits that in  or around the middle of 2018, it modified the relevant sales incentive plan.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint, except admits that in June 2019, Plaintiff communicated with Shawn Hynes about alleged concerns she had related to Wiley King.

31. Defendant denies the allegations in Paragraph 31 of the Complaint, except admits that Plaintiff sent an email to Shawn Hynes and Judith Devieux on June 12, 2019, which speaks for itself. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint, except admits that Plaintiff sent an email to Shawn Hynes on June 26, 2019, and Hynes responded, and the email exchanges speak for themselves.

33. Defendant denies the allegations in Paragraph 33 of the Complaint, except admits that Director, US Employee & Labor Relations, Jeanne Stout, had an email exchange with Sandra Diaz between June 26 and 27, 2019, with the subject line, "Sophia Lewis" related to an internal investigation, and the email speaks for itself.

34. Defendant denies the allegations in Paragraph 34 of the Complaint, except admits that on September 7, 2019, Plaintiff sent an email to Stephanie Howard and Shawn Hynes, and the email speaks for itself.

35. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint, and on that basis, denies the allegations.

36. Defendant denies the allegations in Paragraph 36 of the Complaint, except admits that on September 27, 2019, Plaintiff sent an email to David Rabkin, and the email speaks for itself.

37. Defendant denies the allegations in Paragraph 37 of the Complaint, except admits that on October 10, 2019, Sandra Diaz sent Jeanne Stout certain emails, all of which speak for themselves.

38. Defendant denies the allegations in Paragraph 38 of the Complaint, except admits that Plaintiff met with Julie Tomich, Senior Vice President and GM for Global Commercial Services, in or around the middle of October 2019.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint, except admits that on or about October 17, 2019, Plaintiff sent an email to Julie Tomich with the subject line, "Corp accounts below 4MM" and the email speaks for itself.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint, except admits that on or about October 30, 2019, Plaintiff sent an email to Wiley King, Tom Lundstadt, Pablo Rivero, Steve Lindstrom, and Julie Tomich with the subject line, "Corporate application integrity check requested" and the email speaks for itself.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint, except admits that in Plaintiff's October 30, 2019, email with the subject line, "Corporate application integrity check requested," which speaks for itself and, in part, states: "BC [Business Consultant] used the DUNS number belonging to Apple Inc vs the actual DUNS number for business that shows their revenue at 951k (correct DUNS number is 100370753)."

42.    Defendant denies the allegations in Paragraph 42 of the Complaint, except admits that on or about October 22, 2019, Plaintiff sent an email to Michelle Rasmussen with the subject line, "follow up" and the email speaks for itself.

43.    Defendant denies the allegations in Paragraph 43 of the Complaint, except admits that Plaintiff sent an email on October 30, 2019, with the subject line, "Corporate application Integrity check requested," which speaks for itself.

44.    Defendant denies the allegations in Paragraph 44 of the Complaint, except admits that Julie Tomich sent Sophia Lewis, Wiley King, Tom Lundstedt, Pablo Rivero, and Steve Lindstrom an email on November 1, 2019, with the subject line: "RE: Corporate application Integrity check requested," and the email speaks for itself.

45.    Defendant denies the allegations in Paragraph 45 of the Complaint, except admits that on November 4, 2019, Julie Tomich emailed an update on the investigation to Plaintiff and the email speaks for itself.

46.    Defendant denies the allegations in Paragraph 46 of the Complaint, except admits that Steve Lindstrom and Jeanne Stout met with Plaintiff on November 11, 2019, and Steve Lindstrom sent Plaintiff an email on November 12, 2019, which speaks for itself.  Defendant further admits that Plaintiff recorded at least part of the November 11, 2019, meeting.

47.    Defendant denies the allegations in Paragraph 47 of the Complaint, except admits that on or about November 19, 2019, Plaintiff emailed Steve Lindstrom with the subject line, "Recap," and the email speaks for itself.

48.    Defendant denies the allegations in Paragraph 48 of the Complaint, except admits that on or about December 10, 2019, Plaintiff filed a complaint with OSHA pursuant to 18 USC §1514A, which complaint speaks for itself.

49.    Defendant denies the allegations in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations in Paragraph 50 of the Complaint.

51.    Defendant denies the allegations in Paragraph 51 of the Complaint, except admits that Plaintiff emailed certain information and emails to her personal email address in 2019, including the October 17, 2019, email to Julie Tomich with the subject line, "Corp accounts below 4MM" and each email speaks for itself.

52.    Defendant denies the allegations in Paragraph 52 of the Complaint, except lack of knowledge or information as to what Plaintiff provided to OSHA.

53.    Defendant denies the allegations in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations in Paragraph 55 of the Complaint, except admits that the American Express Company's February 2021 10-K filing speaks for itself.

56.    Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Defendant denies the allegations in Paragraph 57 of the Complaint, except admits that in June 2019, Plaintiff was not selected for a promotion she claims she wanted and she subsequently reported to Wiley King.

58.    Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations in Paragraph 60 of the Complaint, except admits that Defendant suspended Plaintiff in February 2020 with pay during an investigation into her conduct.

61.    Defendant denies the allegations in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations in Paragraph 62 of the Complaint, except admits that it communicated the decision to terminate Plaintiff's employment to Plaintiff on August 20, 2020, and stated its bases for that decision in the letter, which speaks for itself.

63.    Defendant denies the allegations in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations in Paragraph 65 of the Complaint.

66.    Defendant restates its responses to Paragraphs 1-65 of Plaintiff's Complaint.

67.    Defendant denies the allegations in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations in Paragraph 70 of the Complaint.

71.    Defendant denies the allegations in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations in Paragraph 73 of the Complaint, except the second sentence calls for a legal conclusion, is argumentative and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations.

74.    Defendant denies the allegations in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations in Paragraph 76 of the Complaint, except the second sentence of Paragraph 76 calls for a legal conclusion, is argumentative and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations.

77.    Defendant denies the allegations in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations in Paragraph 78 of the Complaint.

79.    Defendant denies the allegations in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations in Paragraph 80 of the Complaint.

81.    Defendant denies the allegations in Paragraph 81 of the Complaint.

82.    Defendant denies the allegations in Paragraph 82 of the Complaint.

83.    Defendant denies the allegations in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations in Paragraph 84 of the Complaint.

85.    Defendant denies the allegations in Paragraph 85 of the Complaint.

86.    Defendant denies the allegations in Paragraph 86 of the Complaint.

87.    Defendant denies the allegations in Paragraph 87 of the Complaint.

88.    Defendant denies the allegations in Paragraph 88 of the Complaint.

89.    Defendant lacks sufficient information to admit or deny the allegations relating to Wells Fargo and, on that basis, denies the allegations.  Defendant denies all other allegations in Paragraph 89 of the Complaint.

90.    Defendant denies the allegations in Paragraph 90 of the Complaint.

91.    Defendant lacks sufficient information to admit or deny and, on that basis, denies the allegations in Paragraph 91 of the Complaint.

92.    Defendant denies the allegations in Paragraph 92 of the Complaint.

93.    Defendant denies the allegations in Paragraph 93 of the Complaint.

94.    Defendant denies the allegations in Paragraph 94 of the Complaint.

95.    Defendant denies the allegations in Paragraph 95 of the Complaint.

96.    Defendant denies the allegations in Paragraph 96 of the Complaint.

97.    Defendant denies the allegations in Paragraph 97 of the Complaint, including a-h, and denies that Plaintiff is entitled to any damages whatsoever.

98.    Defendant denies any and all liability asserted by Plaintiff.

99.    Defendant denies all allegations in Plaintiff's Complaint that are not expressly admitted in this Answer.

## DEFENDANT'S ADDITIONAL DEFENSES

Defendant asserts the following defenses.  In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on Plaintiff.  Defendant asserts the following defenses:

1.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, to the extent they are untimely or outside the applicable statute of limitations.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

4.    Plaintiff's claims are barred, in whole or in part, by principles of res judicata and/or collateral estoppel.

5.    Plaintiff has not named the proper defendant which is indispensable to resolution of her case.

6.    Defendant took reasonable and good faith efforts to comply with state and federal laws. Although Defendant denies that any of the unlawful actions alleged by Plaintiff occurred, to the extent they did, they were contrary to Defendant's good-faith efforts to comply with state and federal laws.

7.    Plaintiff's claims are barred, in whole or in part, because Defendant applied business judgment, acted at all times in good faith, and had legitimate, non-retaliatory reasons for its employment actions.

10

8.     Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

9.     Plaintiff's claims fail, in whole or in part, because Defendant treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

10.    To the extent Plaintiff suffered any damages or losses for which she seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions.

11.    Plaintiff's claims for damages must be reduced or her claims dismissed based on the doctrine of after-acquired evidence.

12.    Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.  To the extent Plaintiff has failed to make reasonable attempts to mitigate her damages, Plaintiff's damage claims must be reduced.

13.    Defendant reserves the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

**WHEREFORE,** Defendant respectfully requests that this Court:

a.     Dismiss the complaint in its entirety;

b.     Deny each and every demand, claim, and prayer for relief contained in the Complaint;

c.     Award Defendant its reasonable attorneys' fees and costs incurred in defending this action; and

d.     Grant such other and further relief as the Court may deem just and proper.

11

Case 2:24-cv-03370-DWL   Document 27   Filed 08/22/25   Page 12 of 13

DATED:  August 22, 2025.

JACKSON LEWIS P.C.

By:/s/ Amy J. Gittler
    Amy Gittler
    Jackson Lewis P.C.
    2111 E. Highland Avenue
    Suite B-250
    Phoenix, AZ 85016
    Telephone: (602) 714-7044
    Amy.Gittler@jacksonlewis.com
    -and-
    David Nenni (*pro hac vice* pending)
    Jackson Lewis P.C.
    PNC Building, Floor 26
    201 E. 5th St.
    Cincinnati, Ohio 45202
    Telephone: (513) 898-0050
    David.Nenni@jacksonlewis.com

    Michael Delikat (*pro hac vice* pending)
    Mark Thompson (*pro hac vice* pending)
    Orrick, Herrington & Sutcliffe LLP
    51 W 52nd St,
    New York, NY 10019
    Telephone: (212) 506-5000
    mdelikat@orrick.com
    mthomspon@orrick.com

    Attorneys for Defendant American Express
    Company

12

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com

Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4930-0818-1089, v. 4