Stephani L. Ayers, Esq., Pro Hac Vice (Wash. Bar #31610)
Law Office of S.L. Ayers
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Tel: 813.382.7865

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**SOPHIA R. LEWIS,**

     Plaintiff,

v.                                                                              Case No. 2:24-cv-03370-DWL

**AMERICAN EXPRESS COMPANY,**

     Defendant.

_____

## PLAINTIFF'S OPPOSITION TO  DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

### I.  INTRODUCTION

Plaintiff Sophia R. Lewis respectfully opposes Defendant American Express Company's ("Amex") Motion for an Order Permitting Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion"). Amex seeks certification of this Court's July 11, 2025, Order denying Amex's motion to dismiss, which held that the four-year "catchall" statute of limitations under 28 U.S.C. § 1658(a)[1] does not apply to *de novo* actions under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A(b)(1)(B). Amex also requests a stay of proceedings pending appeal, seeking to add even

---

[1] 28 U.S.C.A. § 1658(a) provides: "*Except as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." (Emphasis added).

more delay to this matter. The Motion should be denied because the Order does not meet the stringent requirements for interlocutory certification under § 1292(b). Interlocutory appeals are exceptional remedies, disfavored to avoid piecemeal litigation. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).[2] Amex fails to show: (1) a controlling question of law; (2) substantial ground for difference of opinion; or (3) that immediate appeal would materially advance the litigation. *Reese v. BP Expl*. Inc., 643 F.3d 681, 687-88 (9th Cir. 2011).[3]

Even if § 1658(a) applied (which this court has at least twice agreed that it does not), Plaintiff's *de novo* action is timely, as her cause accrued only after the mandatory 180-day Department of Labor ("DOL") period expired in February 2021, making her November 2024 filing within four years. *See Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997) (accrual occurs only when plaintiff has "complete and present cause of action" and can file suit).[4] Amex's cited cases are distinguishable and do not compel

---

[2] "[J]ust because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id*. (footnotes omitted). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)

[3] As we have previously noted, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where '. . . novel and difficult questions of first impression are presented,'" as is the case here. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 *Federal Procedure*, Lawyers Ed. § 3:212 (2010)). Our interlocutory appellate jurisdiction  does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief. *Reese v. BP Expl*. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). That a question may be "novel" in no way implies it is "difficult".

[4] As explained in *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997):

> Unless Congress has told us otherwise in the legislation at issue, a cause of action does not become "complete and present" for limitations purposes until the plaintiff can file suit and obtain relief. *See Reiter* v. *Cooper,* 507 U.S. 258, 267, 122 L. Ed. 2d 604, 113 S. Ct. 1213 (1993) ("While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of

certification.

## II.    BACKGROUND

1. Plaintiff incorporates the factual background from her Opposition to Amex's Motion to Dismiss (Doc. 15) and Proposed Sur-Reply (Doc. 19). Plaintiff was terminated on August 20, 2020, after whistleblowing on alleged misconduct. She timely filed OSHA complaints within 180 days under SOX § 1514A(b)(2)(D).

2. The administrative process extended over four years due to investigations, hearings, and joint continuances, culminating in an ALJ decision on August 1, 2024. Plaintiff exercised her SOX kick-out right on November 4, 2024, and filed this *de novo* action on November 26, 2024.

3.  On August 24, 2020, Lewis filed her Second Administrative Complaint, alleging that American Express terminated her in retaliation for her earlier whistleblower allegations. *Lewis v. Am. Express Co.*, No. CV-24-03370-PHX-DWL, 2025 U.S. Dist. LEXIS 131966, at *6–7 (D. Ariz. July 11, 2025). She claimed Amex engaged in adverse actions, including denial of promotion, suspension for forwarding emails, assigning her the lowest performance rating in 2019 despite a top rating the year before, and ultimately terminating her employment on August 20, 2020. *Id.* at *5.

4.  The timing of her filing complied with SOX's exhaustion rules. Thus, the court confirmed that Lewis's federal filing was procedurally proper and timely under the governing statutes.  The Court found that the "Complaint was thus filed nearly five years after Lewis's filing of the First Administrative Complaint and more than four years after Lewis's termination and

---

calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute.").

after Lewis's filing of the Second Administrative Complaint. *Lewis v. Am. Express C*o., No. CV-24-03370-PHX-DWL, 2025 U.S. Dist. LEXIS 131966, at *8 n.2 (D. Ariz. July 11, 2025).

5.  Because the Sarbanes-Oxley Act requires 180 days of administrative exhaustion, Lewis could not pursue her termination claim in federal court until February 16, 2021. Even if Defendant were correct, this exhaustion requirement interacted with any arguable four-year statute of limitations in 28 U.S.C. § 1658(a), which still set her ultimate filing deadline at February 15, 2025. As the Court noted, she filed her federal complaint on November 26, 2024. The Court did not note that this was well before the §1658(a) deadline of February 15, 2025.[5]

### III.  ARGUMENT

A.  **THE ORDER DOES NOT MEET § 1292(B)'S REQUIREMENTS FOR CERTIFICATION**

This Court denied Amex's motion to dismiss, holding SOX's internal 180-day limit displaces § 1658(a), and no additional judicial limit applies if kick-out prerequisites are met. Order , at pp.10-12 (citing *Despain v. BNSF Ry. Co.*, 186 F. Supp. 3d 988 (D. Ariz. 2016)). This Court found nothing difficult in dismissing Amex's argument.[6] Amex now seeks certification,

---

[5] A SOX plaintiff has no cause of action in federal court until the 180 days exhaustion has passed, and therefore if any §1658(a) limitation applied (which it does not) it would be measured from the date of termination to four years plus the 180 days. *See Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 195, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)) (internal quotation marks omitted); accord *Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) ("[A]ccrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief.")

[6] As this Court has already ruled in *Lewis v. Am. Express Co*., No. CV-24-03370-PHX-DWL, 2025 U.S. Dist. LEXIS 131966, at *19-20 (D. Ariz. July 11, 2025):

Amex ignores that SOX contains a built-in failsafe, whereby the right to file a *de novo* action in federal court terminates as soon as the Secretary reaches a final decision. As *Despain* explains, this natural limit "tracks rather than defeats Congress's remedy for delayed agency proceedings. The remedy ends when the

citing a purported split and relying on *United States v. Woodbury*, 263 F.2d 784 (9th Cir. 1959); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). To adopt Amex's position would result in an inundation of interlocutory aspirations in multitudes of statute of limitations rulings by district judges.[7]

### 1.    The Question Is Not a Controlling Question of Law

A "controlling question of law" must be purely legal, resolvable without factual disputes, and dispositive or significantly narrowing if reversed. *Couch*, 611 F.3d at 633. Statute-of-limitations issues can qualify if purely legal and early-stage, but not if intertwined with facts. Here, the question—whether § 1658(a) applies to SOX de novo actions—is not controlling. Even if reversed, the case continues: Plaintiff's claim is timely under § 1658(a). Accrual occurs when she could file suit, post-180-day DOL period (February 20, 2021), expiring February 20, 2025— after her November 2024 filing. *Bay Area Laundry*, 522 U.S. at 195; *Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012).[8]  Equitable tolling during the mandatory administrative phase also

---

need ends and not before." 186 F. Supp. 3d at 995. The structure of § 1514A thus creates a natural limitation on when a plaintiff can file suit in federal court.

[7] *In Krause v. Yavapai Cty.*, No. CV 19-08054-PCT-MTL (ESW), 2020 U.S. Dist. LEXIS 85726, at *8 (D. Ariz. May 14, 2020), the Yavapai County and State Defendants argued that the statute of limitations and potential tolling were "controlling questions of law" that should allow an interlocutory appeal under §1292(b). The Court rejected this position, emphasizing *that nearly every denial of summary judgment involves potentially outcome-determinative legal issues*. Allowing such appeals whenever a dispositive motion raises an important legal question would undermine §1292(b)'s exceptional-case standard and flood appellate courts with routine disputes. The Court acknowledged that §1292(b) allows appeals of legal questions that could end a lawsuit early, such as statute of limitations issues. However, it stressed that merely expediting termination is not enough. Since nearly every dispositive motion could do so, defendants must show more than this to meet the third requirement. The Court held that the issues raised were not controlling questions of law under §1292(b). Accordingly, defendants failed the first requirement.

[8] As held in *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012):

applies, *Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990)*).[9] These require factual inquiries (e.g., diligence, agency delays), making the issue mixed, not pure law. *See Jordan v. Sprint Nextel Corp.,* 3 F. Supp. 3d 917, 930 (D. Kan. 2014) (rejecting § 1658(a) for SOX, considering tolling).[10]

Amex cites *Woodbury*, 263 F.2d at 787, for statute of limitations questions being "paradigmatic" for § 1292(b). But *Woodbury* involved no administrative exhaustion, no accrual disputes, and immediate termination if resolved for the government. Here, SOX's remedial structure mandates exhaustion, and reversal wouldn't end the case due to timeliness under alternative theories. *See Despain*, 186 F. Supp. 3d at 995 (similar FRSA analysis; no certification

---

When the statute of limitations begins to run for an action at law is reviewed de novo. *See Oja v. U.S. Army Corps. of Engineers*, 440 F.3d 1122, 1127 (9th Cir. 2006); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 780 (9th Cir. 2002). Whether a claim is barred by the statute of limitations is also reviewed de novo. *Orr*, 285 F.3d at 780. However, "[t]he question of when a claim accrues is a fact intensive inquiry, and we have held that a district court's factual finding concerning when a claim accrues is entitled to deferential review." *Hells Canyon Pres. Council v. U.S. Forest Serv*., 403 F.3d 683, 691 (9th Cir. 2005).

[9] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 explained:

Time requirements in lawsuits between private litigants are customarily subject to "equitable tolling," *Hallstrom v. Tillamook County*, 493 U.S. 20, 27, 107 L. Ed. 2d 237, 110 S. Ct. 304 (1989). Indeed, we have held that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling

*Citing Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 394, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982); *Crown, Cork & Seal Co.* v. *Parker*, 462 U.S. 345, 349, n.3, 76 L. Ed. 2d 628, 103 S. Ct. 2392 (1983).

[10] In *Ariix LLC v. Usana Health Scis., Inc.,* No. 2:22-cv-00313-JNP-DAO, 2023 U.S. Dist. LEXIS 48091, at *18-19 (D. Utah Mar. 20, 2023) the district judge noted that courts generally require affirmative defenses to be pled in an answer, not raised on a motion to dismiss. However, courts may consider any matter raised under Rule 12(b)(6) motion practice if the complaint itself would admit the required element re delay and limitations issues.

implied). *Woodbury's* emphasis on "early stages" also cuts against Amex—this case is post-four-year admin process, not nascent.[11]

*Jones*, 541 U.S. at 374, certified a different issue: whether § 1658(a) applies to post-1990 amendments to pre-1990 statutes (e.g., Civil Rights Act of 1991 amending § 1981). That involved a broad circuit split on statutory construction, directly dispositive of claims. Here, SOX

---

[11] The provision authorizes employees to transfer their complaint to district court in the event of agency delay. Under this authorization, the action can be brought as long as the targeted harm persists, that is, as long as the agency delays. Thus, the action expires only with passage of the harm, not with passage of time. This is analogous to the equitable doctrine that, in some contexts, a statute of limitations does not run against a claim as long as the actionable harm continues. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982) (finding Fair Housing Act claim timely where alleged unlawful practice "continue[d] into the limitations period"),  As explained in *Despain v. BNSF Ry. Co*., 186 F. Supp. 3d 988, 996 (D. Ariz. 2016), the Federal Railroad Safety Act's "kick-out" provision allows employees to bring whistleblower claims into federal district court if the Department of Labor delays action. The key measure of timeliness is the persistence of harm—ongoing agency delay—rather than the passage of time alone. This approach parallels the continuing violations doctrine in equity, which recognizes that statutes of limitations do not run while the actionable harm continues. The Supreme Court's decision in *Havens Realty* confirms that claims remain timely if unlawful practices extend into the limitations period, reinforcing the principle that remedies should endure while the injury persists. Even if one argued for a distinct limitations period, the FRSA provides its own cutoff. A de novo district-court action is available only until the Secretary of Labor issues a final decision. Once that decision is rendered, the employee's right to transfer ends. This structure ensures that the remedy applies precisely while it is needed—to counteract agency delay—and ends naturally when the agency resolves the case. Accordingly, neither the FRSA nor SOX leave a gap for a catch-all limitations statute. The remedy Congress created functions as its own time limit, making external limitations provisions inapplicable.

In *Lenk v. Monolithic Power Sys*., No. CV-23-02083-PHX-SHD, 2025 U.S. Dist. LEXIS 151064, at *37 (D. Ariz. Aug. 6, 2025), Monolithic advanced the argument that the 180-day statute of limitations applies to the commencement of an action in federal court. At first glance, this may seem plausible, but the Court noted that neither Monolithic nor its own independent research uncovered any judicial decision interpreting the statute in that way. By contrast, courts addressing similar whistleblower statutes describe the federal filing as a "kick-out" procedure that occurs only if the Department of Labor's administrative process drags on too long. In that scenario, jurisdiction transfers from the agency to the district court. Moreover, courts interpreting comparable kick-out provisions, like the Federal Railroad Safety Act, have held that limitations periods apply to the initial administrative filing, not to the subsequent federal court complaint. The federal action is simply a continuation of the timely agency filing.

is wholly post-1990, with its own limit (§ 1514A(b)(2)(D)), and the "split" is limited to one circuit (Fourth) versus districts rejecting § 1658(a). *See Jones v. Southpeak Interactive Corp.*, 777 F.3d 658 (4th Cir. 2015), applying § 1658(a) to SOX but only as to whether the two year or four-year SOL applied, and there was no issue as to untimeliness beyond four years. *Jones* should be read as holding that *assuming §1658 applies*, *Jones'* SOX action was timely.[12] Because no circuit has held that § 1658(a) extinguished a claim before the court, there is no circuit split of authority.

### 2.   There Is No Substantial Ground for Difference of Opinion

An actual conflict of decisions between courts is a factor, but it is not dispositive of all three factors.[13]  *Reese*, 643 F.3d at 688. A single out-of-circuit case doesn't suffice, especially if

---

[12] As this Court held in *Lewis v. Am. Express Co.*, No. CV-24-03370-PHX-DWL, 2025 U.S. Dist. LEXIS 131966, at *22-23 (D. Ariz. July 11, 2025):

> Although Amex understandably views the statement in *Jones* that "Section 1658(a) controls" as supporting its position here, the Fourth Circuit did not discuss whether SOX itself might supply a limitations period that is potentially even longer than the four-year limitations period created by § 1658(a). Rather, *Jones* seemed to frame the issue as binary, with the defendant arguing that the two-year limitations period in § 1658(b) applied and the plaintiff arguing that the four-year limitations period in § 1658(a) applied, and adopted the plaintiff's position. *See Despain*, 186 F. Supp. 3d at 996 ("[T]he parties [in *Jones*] framed the question as whether § 1658(b)(1) applied. The court treated the question as the parties posed it: whether the four-year limitation of § 1658(a) or the two-year limitation of § 1658(b)(1) applied, not whether § 1658 applied at all."). *These details provide a reason why Jones should not be construed as necessarily rejecting the conclusions reached in Jordan, Despain, and this order.*

(Emphasis added).

[13] A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

intra-circuit precedent aligns. *See Couch*, 611 F.3d at 633.[14]  The purported "split" is overstated: Only the Fourth Circuit (*Jones*, 777 F.3d 658) applies § 1658(a) to SOX de novo actions, while districts like this one (*Despain, Jordan*) reject it, holding SOX's 180-day limit "otherwise provides" under § 1658(a)'s exception. There is no Ninth Circuit ruling, but *Despain* (D. Ariz.) is persuasive here. *Woodbury* doesn't address splits—it certified a novel criminal SOL without conflict. *Jones* resolved a multi-circuit split on amendments, unlike here's limited disagreement. *Lawson* certified amid emerging split on SOX coverage; here, the Fourth Circuit stands alone, not warranting certification.

**3.  <u>Immediate Appeal Would Not Materially Advance the Litigation</u>**

Certification must speed resolution, not delay. *In re Cement*, 673 F.2d at 1027.[15]  Here, appeal would prolong a case already delayed by administrative proceedings, with discovery pending. Reversal would not terminate the action, given the alternative timeliness and equitable tolling arguments.  To the contrary, denying certification advances efficiency.

**B.  <u>ALTERNATIVELY, EVEN IF § 1658(A) WERE TO APPLY, PLAINTIFF'S CLAIM IS TIMELY</u>**

Even if were we to assume arguendo that the four-year statute of limitations under 28 U.S.C. § 1658(a) governs SOX *de novo* actions, the instant complaint is still timely. This means

---

[14] Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met. *Couch v. Telescope Inc*., 611 F.3d 629, 633 (9th Cir. 2010).

[15] In re *Cement Antitrust Litig.,* 673 F.2d 1020, 1027 (9th Cir. 1982) the court held the district judge's recusal order had no impact on the district court's ability to render binding decisions or the litigation's substantive outcome. The only potential effect concerns time. If the order were immediately overturned on appeal, some delay might be avoided compared to assigning a new judge. But that savings relates solely to duration, not outcome. Some courts have suggested that shortening litigation time qualifies as a "controlling question," yet this interpretation effectively reads that requirement out of §1292(b). Congress required both efficiency and a genuine controlling legal question, and the two standards must remain distinct.

that 1658(a) would not be dispositive and an interlocutory appeal would not save time or resources. If the entire issue of timeliness could be decided on interlocutory appeal in all its aspects, then it might be possible for appellate review to have a benefit.  But such a broad multi-level limitations issues cannot be certified, and Defendant has not asked for such broad certification.

This conclusion flows from well-established federal accrual principles, which dictate that the limitations period begins only when Plaintiff has a complete and present cause of action, i.e., when she can file suit in federal court. Because SOX mandates administrative exhaustion for 180 days before permitting a *de novo* filing, accrual occurs at the end of that period. *See* 18 U.S.C. § 1514A(b)(1)(B). Applying this rule, Plaintiff's claim accrued in February 2021, rendering her November 2024 filing well within four years. Equitable tolling during the mandatory exhaustion phase further supports timeliness. Amex's contrary view—that accrual runs from the date of retaliation—would create absurd results, allowing the limitations period to expire before the right to sue arises, contrary to Supreme Court precedent.

### 1.  Federal Accrual Principles Require the Limitations Period to Commence When the Plaintiff Can File Suit

Under federal law, a claim accrues "when the plaintiff has a complete and present cause of action," meaning "when the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.*, 522 U.S. 192, 195, 201 (1997) (*quoting Rawlings v. Ray*, 312 U.S. 96, 98 (1941)) (internal quotation marks omitted); *accord Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) ("[A]ccrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief.") (emphasis added).[16] The Supreme

---

[16] However, "[t]he question of when a claim accrues is a fact intensive inquiry, and we have held that a district court's factual finding concerning when a claim accrues is entitled to deferential

Court has emphasized that courts should not infer a bifurcated accrual scheme—where the claim accrues at one time for starting the limitations clock but at another for filing suit—absent clear statutory indication. *Bay Area Laundry*, 522 U.S. at 201 ("While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute.") (quoting *Reiter v. Cooper*, 507 U.S. 258, 267 (1993) and *Clark v. Iowa City*, 87 U.S. 583, 589 (1875)).

This principle applies with force to remedial statutes like SOX, which Congress enacted to protect whistleblowers and encourage reporting of corporate misconduct. *See Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 155 (2018) (SOX's whistleblower provisions aim to "motivate people who know of securities law violations to tell the SEC"). Narrow constructions that frustrate access to remedies are disfavored. *See Bay Area Laundry*, 522 U.S. at 201 (refusing to adopt accrual rule that would undermine remedial purpose). Here, SOX explicitly bars *de novo* actions until after the 180-day DOL period expires without a final decision. 18 U.S.C. § 1514A(b)(1)(B). Thus, no "complete and present cause of action" exists for federal court filing until that prerequisite is met.

### 2.    Application to SOX De Novo Actions: Accrual Occurs After the 180-Day Exhaustion Period

In this case, the alleged retaliation culminated in Plaintiff's termination on August 20, 2020. She filed her second OSHA complaint alleging unlawful termination on August 24, 2020—well within SOX's 180-day administrative filing window. The mandatory 180-day DOL exhaustion period thus expired on February 20, 2021 (August 24, 2020, plus 180 days). Only

---

review." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 691 (9th Cir. 2005).

then did Plaintiff have a "complete and present cause of action" for *de novo* review in federal court, as she was statutorily prohibited from filing earlier. *Bay Area Laundry*, 522 U.S. at 195; *Pouncil*, 704 F.3d at 573-74.

Even if § 1658(a)'s four-year period applies, it commenced on February 21, 2021, and expired on February 20, 2025. Plaintiff exercised her kick-out right on November 4, 2024, and filed this *de novo* complaint on November 26, 2024—nearly two months before expiration. This timeline aligns with SOX's purpose: to provide a "second avenue" for relief when administrative delays occur, without imposing barriers that could nullify the kick-out provision. Amex's position—that accrual runs from the August 2020 termination—would absurdly allow the four-year period to lapse during protracted administrative proceedings (here, over four years due to investigations, hearings, and *joint* extensions), barring relief before it ripens. Courts reject such outcomes. *See Bay Area Laundry*, 522 U.S. at 201; *see also Jordan*, 3 F. Supp. 3d at 930 (rejecting § 1658(a) for SOX to avoid "nonsensical" results).[17]

---

[17] In *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 927 (D. Kan. 2014), the court determined that applying §1658(b) to Sarbanes-Oxley (SOX) whistleblower retaliation claims would lead to an absurd result. That subsection, which imposes a two-year limitations period for certain fraud-related claims, is inapplicable. While one court instead applied the general four-year statute of limitations in §1658(a), this Court concludes that even §1658(a) does not govern the present facts. Section 1658(a) provides that a four-year limitations period applies to causes of action created after December 1, 1990. Because 18 U.S.C. §1514A, the SOX whistleblower provision, was enacted in 2002, it might appear that §1658(a) would apply. However, §1658(a) expressly applies only "except as otherwise provided by law." Here, Congress has otherwise provided the governing limitations period in §1514A itself. That statute explicitly requires whistleblower retaliation claims to be filed administratively with the Secretary of Labor within 90 days after the alleged violation occurs or when the employee becomes aware of it. Thus, the specific statutory filing deadline in §1514A controls rather than the general catch-all provisions of §1658. This ensures that Congress's more targeted scheme for timely administrative complaints governs SOX whistleblower claims, leaving no role for §1658(a) or §1658(b) to fill.

### 3. Equitable Tolling During Mandatory Administrative Exhaustion Reinforces Timeliness

Even if accrual were deemed to run from the retaliation date, equitable tolling would suspend the limitations period during the mandatory 180-day DOL exhaustion phase and beyond, given the circumstances. Equitable tolling applies when a plaintiff pursues remedies diligently but is prevented from filing by extraordinary circumstances, such as mandatory administrative processes. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) reiterated that tolling is presumptively available for suits against private defendants under federal statutes: "Indeed, we have held that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling"); *see also Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 428 (1965) (tolling where plaintiff timely files in wrong forum due to statutory requirements but defendant was served and had full notice of the action).[18]

Here, Plaintiff diligently pursued her claims: She timely filed with OSHA, participated in a four-day evidentiary hearing, and sought extensions jointly with Amex for legitimate reasons (e.g., transitioning counsel in September 2024). Doc. 15 at 2-3; Doc. 19 at 1. The delays stemmed from DOL processes and mutual extension agreements, not Plaintiff's fault—precisely

---

[18] The Court in *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428-30 (1965) emphasized that statutes of limitations primarily serve to ensure fairness to defendants. They prevent the revival of stale claims where evidence has been lost, memories have faded, or witnesses are unavailable. The Supreme Court has explained that, even if a claim may be just, it becomes unjust to allow prosecution after long delay, since defendants have a right to be free of stale claims. This policy of repose also protects courts from the burden of adjudicating disputes where plaintiffs have neglected their rights. Yet this principle is not absolute. Courts have long recognized exceptions where justice requires preserving a plaintiff's claim. For example, in *Glus v. Brooklyn Eastern Terminal*, a Federal Employers' Liability Act (FELA) claim was permitted beyond the statutory period because the defendant misled the plaintiff about the time to sue. Similarly, courts have tolled limitations when war or disability prevented timely filing. In such cases, plaintiffs did not sleep on their rights but were prevented from acting. Thus, where a plaintiff has filed a timely state action, served the defendant, and pursued his claim, and the defendant knew of the claim and even moved to dismiss for venue, it cannot rely on the fundamental purpose of repose.

13

the "extraordinary circumstances" warranting tolling. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (tolling during exhaustion).[19] Tolling at least the initial 180 days (August 2020 to February 2021) extends the four-year window to August 2024 plus four years (August 2028), easily encompassing the November 2024 filing. Further tolling for the full administrative period (over four years) would extend it even more.

## C. **A JURY MUST DECIDE POTENTIAL FACT ISSUES RE STATUTE OF LIMITATONS**

While statute of limitations defenses are often decided by the court as a matter of law at dismissal or summary judgment, they become jury questions when genuine disputes of material fact exist, particularly regarding accrual, equitable tolling, or estoppel. *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1045 (9th Cir. 2011) (equitable tolling may be resolved on pleadings if facts undisputed, but factual disputes preclude early resolution).

### 1. **Disputes Over the Accrual Date Require Jury Resolution**

A key fact issue is the precise accrual date of Plaintiff's claim—whether it runs from the August 20, 2020 termination (as Amex asserts) or later, such as when she discovered the full harm or after the 180-day DOL exhaustion period expired (~February 20, 2021). Accrual occurs when the plaintiff has a "complete and present cause of action," *Pouncil*, 704 F.3d at 573-74, but

---

[19] As explained in *AMTRAK v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072 (2002):

> As we have held, however, this time period for filing a charge is subject to equitable doctrines such as tolling or estoppel. See *Zipes* v. *Trans World Airlines, Inc.,* 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). Courts may evaluate whether it would be proper to apply such doctrines, although they are to be applied sparingly.

in retaliation claims, this can turn on facts like the timing of discrete adverse acts or when the employee learned of them. The Complaint alleges a series of retaliatory acts leading to termination potentially creating a factual dispute over whether post-termination harms (e.g., ongoing effects or later-discovered impacts) delayed accrual. In Ninth Circuit SOX cases, accrual can involve facts on awareness. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) (SOX admin SOL accrues on awareness; factual if disputed).[20]  A jury must weigh evidence on these acts' timing and Plaintiff's knowledge to determine accrual, precluding certification of a "pure" legal question.

## 2.  Other Potential Fact Issues: Equitable Estoppel and Continuing Violations

In determining whether Amex's investigation and litigation delay requests estop them from asserting statute of limitations now, a jury would be responsible for assessing Amex's intent. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (estoppel is factual). Amex is presumed to have known of its restrictive statute of limitations views during the administrative proceedings.  It may be a fact question, therefore, if Amex's requested extensions and failures to press OSHA for more prompt administrative action were based on the undisclosed desire to cause Plaintiff to miss a statute of limitations.

---

[20] As explained in *Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010):

> "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Equitable tolling does not depend on the defendant's wrongful conduct; rather, it focuses on whether the plaintiff's delay was excusable. *Id*. "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id*.

## IV.    <u>CONCLUSION</u>

The Motion should be denied in full and the parties should proceed with discovery and

setting a trial date.


Respectfully submitted August 29, 2025:

<u>/s/ Stephani L. Ayers</u>
Stephani L. Ayers, Esq.
Attorney for Plaintiff