Amy Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS P.C.
201 E. 5th Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis,<br><br>            Plaintiff,<br><br>v.<br><br>American Express Company,<br><br>            Defendant. | Case No:  2:24-cv-03370-PHX-DWL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AN ORDER PERMITTING INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** |

**INTRODUCTION**

This case is an ideal candidate for interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiff Lewis's opposition only underscores that. Lewis does not dispute that statute of limitations questions are generally textbook cases for § 1292(b) review, particularly when (as here) they turn on the meaning of a federal statute. Nor does Lewis dispute that the specific limitations question here—whether the default four-year statute of limitations of 28 U.S.C. § 1658(a) applies to "kick out" actions alleging whistleblower discrimination under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A(a)—is an important legal question over which reasonable jurists have diverged.

Rather, Lewis insists that the limitations question is not controlling in this particular case because (she says) her suit is timely even if § 1658(a)'s four-year limitations period applies. But a question is no less controlling just because the would-be appellee throws multiple fallback arguments against the wall—especially not when those fallback arguments are waived and meritless, as they are here. What is more, Lewis's principal fallback argument, even if preserved and successful, would mean only that a subset of her claims would survive. The rest would be time-barred if the Ninth Circuit holds that § 1658(a) applies, and that by itself would be enough to satisfy § 1292(b)'s requirements. But as discussed below, this and Lewis's other new fallback arguments were not raised in response to the motion to dismiss and are not properly raised by Lewis here.

The Court should therefore certify its dismissal order (the "Order") for interlocutory appeal. The Court should also stay proceedings pending interlocutory appeal to conserve judicial and party resources.

**ARGUMENT**

**I.     The Order Meets the Requirements for § 1292(b) Review.**

The Order denying American Express's motion to dismiss meets all three of § 1292(b)'s requirements: It (a) "involves a controlling question of law [(b)] as to which there is substantial ground for difference of opinion" and (c) "an immediate appeal from

1

the order may materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b).  Lewis effectively concedes the second requirement, and her challenge to the first and third rest on waived arguments and a misunderstanding of what it means for a question to materially advance the litigation.

### A.    There Is a Controlling Question of Law.

A question about the applicable statute of limitations is a classic controlling question of law. Doc. 26 ("Mot.") at 1-2, 4-5. Indeed, Lewis acknowledges that "[s]tatute-of-limitations issues can qualify" as controlling questions of law "if purely legal and early-stage." Doc. 30 ("Opp.") 5.  That is true of the limitations question here. Whether the four-year statute of limitations of § 1658(a) applies to Sarbanes-Oxley kick-out actions is indisputably a purely legal question, Mot. 5, and this case is in the earliest stages: American Express only just filed its Answer. *See* Doc. 27.[1]

Unable to deny that the question presented here is generally a controlling question of law, Lewis instead insists it is not controlling in this particular case because, she now argues, her suit would survive even if § 1658(a)'s limitations period applies.  Opp. 5. But Lewis's new fallback arguments are waived (and meritless, *see infra* 5-8), so if § 1658(a) applies, it would indeed doom Lewis's suit.

It is established law that "litigants waive arguments by failing to raise them in an opposition to a motion to dismiss." *Twilio, Inc. v. Telesign Corp.*, 249 F. Supp. 3d 1123, 1151 (N.D. Cal. 2017) (citation omitted).  Here, Lewis did not make any of her now-asserted fallback arguments in her opposition to the motion to dismiss, despite having every reason and opportunity to do so.  *See* Mot. 8; *see also* Doc. 9, at 7-9 (motion to

---

[1] Lewis argues otherwise, claiming "this case is post-four-year admin process, not nascent." Opp. 7.  But this is a de novo action, not a petition to review final agency action, so the parties have to go back to the beginning.  And it was Lewis's choice to continue the administrative process all those years; she could have brought this suit much earlier. Instead, she pursued the administrative process nearly to its conclusion, filing this suit and starting all over again only when it was becoming increasingly clear she would lose before the agency.  Mot. 2-3, 9.

dismiss arguing Lewis is not entitled to equitable tolling).[2]  The only argument she raised in response to the motion to dismiss was that § 1658(a)'s four-year statute of limitations did not apply *at all*. Doc. 15.  This Court rejected Lewis's attempt to smuggle the accrual argument in via a procedurally improper motion for a sur-reply.  Doc. 19, 22.  It should likewise reject her attempt to smuggle in this and the other waived arguments as a basis to oppose interlocutory appeal.

Even if they were preserved, none of Lewis's fallback arguments would, in any event, warrant denial of an interlocutory appeal.  "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal *could* materially affect the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (emphasis added).  The question need not necessarily be "dispositive" to be controlling within the meaning of § 1292(b).  *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).  A ruling that § 1658(a)'s four-year statute of limitations applies to a suit that was filed more than four years after the claimed violations certainly "could" affect the outcome—and indeed, require the suit's dismissal. The possibility of alternative arguments for timeliness that this Court has not yet addressed does not strip the limitations question of its potential material effect.  *See FERC v. Vitol Inc.*, No. 2:20-CV-00040-KJM-AC, 2022 WL 583998, at *2 (E.D. Cal. Feb. 25, 2022) (certifying order regarding statute of limitations for interlocutory appeal where plaintiff claimed its action would be timely even "[i]f the Ninth Circuit agrees with defendants" because plaintiff "advanced two other arguments for timeliness, which the [district] court did not address in its previous order").  So "all" of Lewis's "conjecture" about "potential alternate grounds" for affirmance "is beside the point since Section

---

[2] *See also Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1045 n.8 (N.D. Cal. 2013) (declining to address plaintiffs' equitable tolling argument because they "failed to raise equitable tolling in [their] opposition papers, even though the statute of limitations was expressly raised by … defendants"); *Nilsen v. Univ. of Washington Med. Ctr.*, No. C23-1498 MJP, 2024 WL 4723233, at *6 (W.D. Wash. Nov. 8, 2024) ("Plaintiffs could have, but failed to raise this theory in opposition to Defendants' Motion and by failing to do so, they waived the argument.").

1292(b) only requires that the interlocutory appeal '*may* materially advance' the litigation," and "[i]t very well may do so here." *Biederman v. FCA US LLC*, No. 23-CV-06640-JSC, 2025 WL 1266907, at *6 (N.D. Cal. May 1, 2025) (quoting 28 U.S.C. § 1292(b) (emphasis added by court).

What is more, Lewis's principal fallback argument for timeliness—about when a claim accrues and the four-year clock starts—does not even implicate several of her claims and bases for relief. A legal question whose resolution meaningfully narrows the suit, even if it does not dispose of it entirely, is still controlling. *See In re Prewitt*, No. 5:19-CV-2302-DOC, 2020 WL 2121430, at *2 (C.D. Cal. Jan. 9, 2020) ("A question of law is 'controlling' under Section 1292(b) if 'resolution of the issue on appeal could materially affect the outcome of litigation;' however, resolution of the issue need not dispose of the case entirely." (quoting *In re Cement*, 673 F.2d at 1026)); *Woodbury*, 263 F.2d at 787 (question is controlling where the "basic determination as to the applicable law might also have led to other results seriously affecting the relief otherwise available"); *Biederman*, 2025 WL 1266907, at *3 (similar); *see also* Opp. 5 (a controlling question of law is one that "significantly narrow[s]" the suit); *see, e.g.*, *Doe 1 v. Github, Inc.*, No. 22-CV-06823-JST, 2024 WL 4336532, at *1 (N.D. Cal. Sept. 27, 2024) (finding controlling question of law that implicated only some of the claims in suit). Lewis argues that a claim does not accrue, and thus § 1658(a)'s four-year clock (if it applies at all) does not begin to run, until 180 days after a complainant files an administrative action. Opp. 5, 10-11. Put differently, Lewis insists that the limitations period remains open for four and a half years after the filing of an administrative complaint.

Based on that reasoning, Lewis contends that she "could not pursue her *termination claim* in federal court until February 16, 2021," which was within four years of when she filed this suit on November 26, 2024. Opp. 4 (emphasis added); *see* Opp. 5, 11-12. But retaliatory termination is not Lewis's only claim. She alleges, too, that American Express unlawfully retaliated against her prior to her termination. Order 3-4; *see* Doc. 1 (Compl.) ¶¶ 56-61 (alleging, e.g., retaliation in the form of denial of promotion, suspension, and

negative performance assessment). And she seeks relief specific to these pre-termination retaliatory actions. Compl. ¶ 96 (seeking damages for "loss of promotions"); Compl. ¶ 97(f) (seeking relief in the form of "expungement of written warnings, reprimands [and] negative performance appraisals"). It is undisputed that Lewis filed her first administrative complaint, alleging these pre-termination violations of Sarbanes-Oxley, nearly *five* years before she brought this suit. Order 5 n.2. Thus, § 1658(a)'s four-year statute of limitations period is dispositive of those core elements of the suit, even if Lewis is correct about when claims in a kick-out action accrue and the limitations period expires. It remains, then, a controlling question of law whose resolution will materially affect the litigation by significantly narrowing its scope.

In any event, Lewis is wrong about when her claims accrued. The law is clear: "A [Sarbanes-Oxley] claim accrues 'and the statute of limitations begins to run, when the employee learned of the actual injury, *i.e.*, that the employer decided to terminate the employment'" or commit other qualifying retaliatory acts. *Smith v. Coupang, Inc.*, 772 F. Supp. 3d 1228, 1238 (W.D. Wash. 2025) (quoting *Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010)) (cleaned up); *accord* 18 U.S.C. § 1514A(b)(2)(D) ("An action under paragraph (1) shall be commenced not later than 180 days after the date on which *the violation occurs*, or after the date on which the employee *became aware of the violation*.") (emphasis added).

The accrual rule is no different when a complainant kicks out a Sarbanes-Oxley claim after affording the agency 180 days to resolve it. That 180-day waiting period is merely an exhaustion requirement, and an exhaustion requirement "does not justify creating a new accrual rule." *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) (holding that a prisoner's § 1983 action accrued when his injury occurred, even though he could not go to court until he exhausted his administrative remedies). Rather, a "claim accrues … when the cause of action is complete with all of its elements." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citation omitted). The 180-day period merely "add[s] a procedural prerequisite to a cause of action" whose "substantive

5

elements" are already complete and present upon discovery of the injury, *FERC v. Vitol Inc.*, 79 F.4th 1059, 1064-65 (9th Cir. 2023) (citation omitted)—i.e., the unlawful retaliation, *see Coppinger-Martin*, 627 F.3d at 749. The analysis might be different if the complainant could bring suit in federal court only after the agency issued a ruling, where "the focus of the court action [would be] the validity of the administrative decision" and the relief would include an order enforcing or setting aside the administrative decision. *Vitol*, 79 F.4th at 1065 (quoting *Crown Coat Front Co. v. United States*, 386 U.S. 503 (1967)); *see Soto*, 882 F.3d at 871. A kick-out action, however, is not a suit against the agency for its delay; it is a suit against the employer for discrimination, and all the elements of that cause of action are established when the injury occurs or is discovered.

The cases Lewis cites are not the contrary. In *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, 522 U.S. 192, 195, 201-02 (1997), the claim accrued, as here, when the violation and injury occurred—in that case, when the employer failed to make a payment it owed to a fund. *Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012), is also inapposite. It asked how the relationship between two discrete wrongful acts affects the running of the statute of limitations. *Id.* at 569, 581. It did not address the relationship between an exhaustion requirement and accrual.

There is likewise no merit to Lewis's argument—also waived, *see* Mot. 8—that, if the four-year statute of limitations applies, it should be tolled for the duration of administrative proceedings, or any part of it. Opp. 13. Equitable tolling for administrative exhaustion may make sense when complete exhaustion is required. *See Soto*, 882 F.3d at 871. But the whole point of Sarbanes-Oxley's kick-out provision is that claimants like Lewis do not need to see the administrative process through to its conclusion; they only need to pursue the administrative process for 180 days. Lewis strategically chose to continue the administrative process for years beyond that. Mot. 2-3; *supra* 2 n.1. No "extraordinary circumstance prevented" Lewis, if she were "acting with reasonable diligence[,] from" bringing her suit on time. *Smith v. Davis*, 953 F.3d 582, 599-600 (9th Cir. 2020) (explaining that plaintiff must show both extraordinary circumstances and

diligence for equitable tolling). If the four-year limitations period "lapse[d] during protracted administrative proceedings," Opp. 12, that was entirely Lewis's fault. There is nothing "absurd[]" about acknowledging as much. Opp. 12.

If anything, Lewis's fallback arguments about accrual and equitable estoppel only underscore the propriety of an interlocutory appeal. Both are purely legal questions of federal law that have not been squarely addressed in this Circuit. *See Vitol*, 79 F.4th at 1061-62 (deciding on interlocutory appeal when a claim under a federal statute accrues and limitations period begins to run); *Pouncil*, 704 F.3d at 573-74 (same). If they are preserved and encompassed by the Order, she may ask the Ninth Circuit to consider those legal issues on interlocutory appeal. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1130-31 (9th Cir. 2018) (appellate court has jurisdiction under § 1292(b) to review issues fairly included within the certified order); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1226 (9th Cir. 2009) (stating general rule that "we may affirm the district court's holding on any ground raised below and fairly supported by the record"); *Angle v. United States*, 709 F.2d 570, 573 (9th Cir. 1983) (general rule that the court may affirm on alternative ground applies to appeals under § 1292(b)). But she cannot avoid interlocutory appeal by merely insisting that she will ultimately prevail.

Nor can Lewis transform a plainly controlling legal question—what is the limitations period for Sarbanes-Oxley kick-out actions—into a factual dispute simply by asserting that "potential[]" facts might arise that could render her suit timely if § 1658(a)'s limitations period applies. Opp. 15. Lewis has not previously alleged any of these facts nor timely argued any legal theories that would render them relevant. And for good reason: Any such theories are baseless. For instance, Lewis suggests the possibility that her claims did not accrue until after she was fired, owing to some unspecified and merely "potential[]" "ongoing effects or later-discovered impacts." Opp. 15. But there can be no dispute that Lewis "had sufficient information to make out a prima facie case by [August 20, 2020], when the decision to terminate her employment had unquestionably been made and communicated to her." *Coppinger-Martin*, 627 F.3d at 750 (rejecting argument that

7

equitable tolling extended the period for filing an administrative complaint) (cited at Opp. 15). And because Lewis alone always had the power, after the first 180 days of administrative proceedings, to kick out the action to federal court, she likewise has no basis to contend that American Express may have "cause[d] Plaintiff to miss a statute of limitations" and is therefore equitably estopped from asserting a limitations defense. Opp. 15. Lewis, and Lewis alone, was always in control of the timing of the filing of this action.

**B.      There Is Substantial Ground for Difference of Opinion on the Statute of Limitations Question.**

Lewis effectively concedes that the Order satisfies the second condition for interlocutory appeal—substantial ground for difference of opinion. Lewis acknowledges that this Court's conclusion that § 1658(a) does not apply to Sarbanes-Oxley kick-out actions is at odds with the Fourth Circuit's holding in *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 667 (4th Cir. 2015) that it does. *See* Opp. 9 (acknowledging that the "Fourth Circuit … applies § 1658(a) to SOX de novo actions"). Lewis is wrong, however, that "the Fourth Circuit stands alone," Opp. 9—though that would be enough. *See* Mot. 5-7. Lewis forgets that a district court in this Circuit has also held that § 1658(a) applies to kick-out actions under the Sarbanes-Oxley Act, *see Pittman v. Cedars-Sinai Med. Ctr.*, No. 2:14-07857-SVW-FFM, 2015 WL 13857137, at *2 (C.D. Cal. Apr. 9, 2015), and that the Department of Labor has taken that same position. Mot. 6; *contra* Opp. 8-9 (implying that "intra-circuit precedent aligns").

At times, Lewis suggests that *Jones* is not in conflict with the Order, reading it as merely "*assuming § 1658 applies*." Opp. 8. *Jones* did not assume anything. *Jones* "*held* that the 'catchall' four-year statute of limitations in 28 U.S.C. § 1658(a) applies" to Sarbanes-Oxley kick-out actions. *Gunderson v. BNSF Ry. Co.*, 850 F.3d 962, 972 n.11 (8th Cir. 2017) (citing *Jones*, 777 F.3d at 666) (emphasis added). Merely assuming as much would not have permitted the Fourth Circuit to reject the defendant-appellant's contention that a shorter limitations period applied and affirm the decision below. *Jones*'s broad statement that "Section 1658(a) controls" is unqualified. 777 F.3d at 658.

Even Lewis ultimately recognizes—correctly—that "a novel issue may be certified for interlocutory appeal without first awaiting development of contrary precedent." Opp. 8 n.13 (citing *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)); *id.* ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed."); *see* Mot. 7. Though made in a different factual context, the broad statement in *Jones* about the statute of limitations—no doubt influenced by the plainly on-point argument of the Department of Labor in that case—shows that the Order, at minimum, presents a novel question on which reasonable jurists *might* disagree. *See United States ex rel. Atlas Copco Compressors LLC v. Rwt LLC*, No. CV 16-00215 ACK-KJM, 2017 WL 2986586, at *10 (D. Haw. July 13, 2017) (concluding that a case, which the court found was "distinguishable," nonetheless showed that "reasonable minded jurists might reach a contradictory conclusion," given the case's "broad language").

### C.    An Interlocutory Appeal Will Materially Advance the Litigation.

As explained, a ruling that § 1658(a)'s four-year limitations period applies will not only materially advance the litigation, it will also guarantee its termination, for all of Lewis's claims were filed after four years, and Lewis has waived any argument that her claims are nevertheless timely. *Supra* 2-3. At minimum, such a ruling *could* bar the whole suit and will bar at least some of Lewis's claims. *Supra* 3-5. That suffices. *See Reese*, 643 F.3d at 688 (holding the third prong only requires that the interlocutory appeal "'may materially advance' the litigation").

### II.    This Case Warrants the Exercise of the Court's Discretion to Certify an Interlocutory Appeal.

As American Express explained in its motion, certifying this Order for interlocutory appeal would be a sound use of this Court's discretion. Mot. 8-9. Lewis does not deny the importance of the question presented for certification. Nor could she. The Sarbanes-Oxley Act is landmark federal legislation, and discrimination claims are common. Mot. 8. Nor does Lewis deny that the answer to the limitations question may

long elude resolution by the Ninth Circuit absent an interlocutory appeal. Mot. 8. Instead, and relying on her waived alternative arguments, Lewis contends that an interlocutory appeal would not "save time or resources" in this case. Opp. 10. As explained above, that is wrong, and anyway, Lewis cannot deny that it would save time and resources in *other* cases. Finally, Lewis warns of "an inundation of interlocutory aspirations in multitudes of statute of limitations rulings by district judges." Opp. 5. But only the rarest limitations rulings will raise unresolved questions of the meaning of federal law that have divided courts across the country, as this Order does.

**III.    If the Court Certifies an Interlocutory Appeal, It Should Also Stay Proceedings in this Court Pending Resolution of the Interlocutory Appeal.**

This Court should stay all proceedings in this Court if it certifies its Order for interlocutory appeal. Mot. 9. Lewis offers no substantive argument to the contrary. Nor could she, for such stays are commonly granted pursuant to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see, e.g.*, *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (granting "motion for a stay pending resolution of the interlocutory appeal" because "[i]t would be a waste of judicial and party resources to proceed with" the case "while the appeal is pending").

Lewis simply asserts in passing that a stay would "add even more delay to this matter." Opp. 1-2. But if the Court certifies an interlocutory appeal, it will have recognized (rightly) that doing so "facilitates disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later," which "saves the courts and the litigants unnecessary trouble and expense." *Atlas Copco Compressors*, 2017 WL 2986586, at *11 (cleaned up). Given that, "an interlocutory appeal makes little sense without a stay of proceedings." *Id.* at 12.

* * *

Lewis's position that she will prevail at the Ninth Circuit is irrelevant. The question here is not what the Ninth Circuit will ultimately hold. The question is whether the Ninth Circuit should weigh in now, on an issue where there are (at a minimum) substantial grounds for disagreement, rather than years down the line, after the parties and this Court have expended great resources litigating a suit that may turn out to have been barred all along.

## CONCLUSION

For the foregoing reasons, and those stated in the Motion, American Express respectfully requests the Court certify its Order for interlocutory appeal and, if it does so, suspend all existing deadlines and proceedings pending resolution of appellate proceedings.

DATED:  September 5, 2025.

JACKSON LEWIS P.C.

By:/s/ *Amy J. Gittler*
      Amy Gittler
      Jackson Lewis P.C.
      -and-
      David Nenni (admitted *pro hac vice*)
      Jackson Lewis P.C.

      Michael Delikat (admitted *pro hac vice*)
      Mark Thompson (admitted *pro hac vice*)
      Orrick, Herrington & Sutcliffe LLP

      Attorneys for Defendant American Express
      Company

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Attorneys for Plaintiff

By: /s/ *Amalia Tafoya*

4929-0429-4758, v. 1

12