Amy Gittler (State Bar No. 004977)
Amy.Gittler@jacksonlewis.com
JACKSON LEWIS P.C.
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044

David Nenni (admitted *pro hac vice*)
David.Nenni@jacksonlewis.com
JACKSON LEWIS P.C.
201 E. 5th Street
Cincinnati, OH 45202
Telephone: (513) 898-0050

Michael Delikat (admitted *pro hac vice*)
mdelikat@orrick.com
Mark Thompson (admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant American Express Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia R. Lewis, | Case No:  2:24-cv-03370-PHX-DWL |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO DEFER RULE 26(f) JOINT CASE MANAGEMENT REPORT AND SUPPORTING MEMORANDUM** |
| American Express Company, | |
| Defendant. | |

Defendant American Express Company[1] respectfully requests that this Court defer the preparation and submission of the parties' Rule 26(f) joint case management report until the Court rules on Defendant's pending motion for an order permitting interlocutory appeal under 28 U.S.C. § 1292(b) and a stay for the duration of appellate proceedings. That motion is fully briefed and, if granted, would moot the deadlines required for the Rule 26(f) report and resulting case management plan. Indeed, if the appeal proceeds and Defendant succeeds, there will be no need for a case management plan at all.

**1**. On August 8, 2025, Defendant moved this Court to certify an interlocutory appeal of the order denying Defendant's motion to dismiss all claims on statute-of-limitations grounds. (Doc. 26) Defendant also requested that, if the Court certifies the order for appeal, it also suspend all deadlines and proceedings in this Court pending resolution of appellate proceedings. *Id.* As Defendant explained in its motion, the statute-of-limitations question presented here is a classic controlling issue of law that, if resolved in Defendant's favor, would end this litigation, and thus is a compelling candidate for interlocutory appeal and an accompanying stay. The motion is fully briefed (Docs. 30, 31) and is awaiting a decision from this Court.

**2**. On September 23, the Court issued an order directing the parties to prepare and file their Rule 26(f) report. (Doc. 32) Among other things, the report requires the parties to agree on a discovery plan and various deadlines, including for dispositive motions. The report is currently due on October 21.

**3**. This Court has the "inherent" power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It would be prudent to exercise that power here to postpone the parties' preparation and submission of the case management report until this Court decides whether to grant Defendant's motion for an interlocutory appeal and a stay. If the Court grants that motion, any previously submitted discovery plan and

---

[1] Defendant states that American Express Travel Related Services Company, Inc., is Plaintiff's former employer and should be the named defendant in this matter.

1

deadlines will be mooted as the Ninth Circuit considers Defendant's petition for appeal. And if the Ninth Circuit accepts the appeal, the report will either need to be redone or will be entirely unnecessary, should that court hold that Plaintiffs' claims are time-barred. Accordingly, judicial economy counsels in favor of deferring the Rule 26(f) report while this Court considers the certification motion. Both parties and this Court would only waste valuable time in making a plan that may soon be upended.

**4**. Courts have recognized as much in granting similar relief in similar circumstances. *See, e.g.*, Minute Entry, *Consumer Financial Protection Bureau v. TransUnion*, No. 1:22-cv-01880, Doc. 73 (N.D. Ill. Dec. 22, 2022) (setting briefing schedule on motion for certification of order for interlocutory appeal and striking dates for Rule 26(f) report and scheduling conference pending disposition of that motion); c*f*. Order, *Whitfield v. Career Training Institute, Orlando, Inc.*, No. 3:15-cv-00518, Doc. 15 (M.D. Fla. June 30, 2015) (deferring parties' deadlines to prepare and file case management report pending court's ruling on motion to compel arbitration).

**5**. For the foregoing reasons, the Court should vacate the current deadline for the preparation and submission of the parties' joint Rule 26(f) report and order instead that the report be due not later than 21 days after either (1) this Court denies the motion for an interlocutory appeal or (2) this Court grants the motion and the Ninth Circuit declines to accept the interlocutory appeal.

**6**. Defendant has conferred with Plaintiff who opposes this Motion.

DATED:  October 10, 2025.

JACKSON LEWIS P.C.

By:/*s/ Amy J. Gittler*
    Amy Gittler
    Jackson Lewis P.C.
    2111 E. Highland Avenue
    Suite B-250
    Phoenix, AZ 85016
    -and-

2

David Nenni (admitted *pro hac vice*)
Jackson Lewis P.C.
PNC Building, Floor 26
201 E. 5th St.
Cincinnati, Ohio 45202

Michael Delikat (admitted *pro hac vice*)
Mark Thompson (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 W 52nd St,
New York, NY 10019

Attorneys for Defendant American Express
Company

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephani Lynne Ayers
**TM Guyer & Ayers & Friends P.C.**
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com

Attorneys for Plaintiff

By: */s/ Amalia Tafoua*

4932-5309-6305, v. 1