Stephani L. Ayers, Esq., Pro Hac Vice (Wash. Bar #31610)
Law Office of S.L. Ayers
P.O. Box 1061
Medford, OR 97501
stephani@whistleblowerdefenders.com
Tel: 813.382.7865

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**SOPHIA R. LEWIS,**

    Plaintiff,

v.                                                      Case No. 2:24-cv-03370-DWL

**AMERICAN EXPRESS COMPANY,**

    Defendant.

_____

## PLAINTIFF'S OPPOSITION TO  DEFENDANT'S MOTION FOR STAY /DEFERRAL OF CASE MANAGEMENT REPORT

## I.  INTRODUCTION

This Complaint was filed with the federal court on November 26, 2024.  Though substantively Defendant lost their motion to dismiss, procedurally they have succeeded in preventing discovery by nearly a year so far.  They now seek to further prevent discovery while the parties await the outcome of an appeal that is either not appropriately filed at this stage, or highly unlikely to succeed at resolving the dispute.

1

Compounding the issue is the potential for even further delay in the Court issuing decisions given the government shutdown impacting the federal judiciary and civil docket by reducing staffing levels to essential only as of October 17, 2025.  Rather than waste the time waiting for the outcome of their motion for interlocutory appeal, the parties could be using their time efficiently securing and finalizing their discovery to que the case for next steps.  The impact to the Defendant of taking discovery is much less significant given that a fair amount of discovery was exchanged in the Department of Labor proceeding, and thus Plaintiff will be targeting discovery requests to materials she did not secure in the proceeding below. By contrast, delaying discovery even further to await the outcome of a motion or appeal with a very low chance of success at resolving the full dispute, places much more significant negative impact on the Plaintiff. Further, Defendant and its employees will receive the significant and same benefit of resolution as Plaintiff will by moving this case forward.  Finally, courts routinely deny discovery stays in situations similar to Lewis' and a few of those cases are highlighted below.  Defendant did not argue compellingly facts or law supportive of unnecessary discovery stays.

   A. **The District Court's Order is Well-Reasoned and Any Appeal Is Unlikely to be Fully Dispositive**

The District Court's Order denying Amex's Motion to Dismiss [Doc. #23] provided a robust analysis for its decision. The Court explicitly held that the Sarbanes-Oxley Act's own 180-day limitations period for administrative filings, coupled with its "kick-out" provision allowing *de novo* review in federal court before a final agency decision, constitutes a "limitation period provided by law" that displaces the general four-year "catch-all" statute of limitations under 28 U.S.C. § 1658(a).

This conclusion was grounded in persuasive precedent from the same district (*See Despain v. BNSF Ry. Co., 186 F. Supp. 3d 988* (D. Ariz. 2016)) and consistent reasoning in *Jordan v. Sprint Nextel Corp., 3 F. Supp. 3d 917* (D. Kan. 2014). Crucially, the District Court directly addressed and distinguished *Jones v. Southpeak Interactive Corp. of Delaware, 777 F.3d 658* (4th Cir. 2015), which Amex primarily relies upon. The Court noted that *Jones* did not undertake a full analysis of whether SOX itself supplied a limitations period potentially longer than the four-year period. This detailed distinction significantly weakens Amex's argument for a "substantial ground for difference of opinion" necessary for interlocutory appeal.

Furthermore, even if the Ninth Circuit were to reverse the District Court's primary holding, Lewis has presented compelling alternative arguments for

timeliness, as articulated in Plaintiff's Opposition to Defendant's Motion for Interlocutory Appeal. These include:

- Accrual Post-Exhaustion: Lewis's cause of action accrued only after the mandatory 180-day Department of Labor administrative exhaustion period expired on February 20, 2021, placing her November 2024 federal filing well within Defendant's claimed four-year limit.

- Equitable Tolling: Equitable tolling principles apply during the mandatory administrative phase and subsequent proceedings, especially given the delays were not due to Lewis' bad faith but rather the protracted administrative process and mutual extension agreements, often at the behest of Amex, and consented to by Complainant in cooperation, as expected by the court.

These alternative arguments demonstrate that the interlocutory appeal, even if successful for Amex on the primary legal question, may *not* be "dispositive or significantly narrowing" enough to "materially advance the ultimate termination of the litigation," a core requirement for Section 1292(b) certification.

### B. <u>**A Stay of Discovery Would Cause Undue Delay and Prejudice to the Plaintiff**</u>

Interlocutory appeals are "exceptional remedies, disfavored to avoid piecemeal litigation" *Couch v. Telescope Inc., 611 F.3d 629, 633* (9th Cir. 2010). The very purpose of Section 1292(b) is to "materially advance the ultimate

termination of the litigation," not to create additional delays. Granting a stay of discovery would directly contravene this principle by prolonging an already extended litigation process.

In a whistleblower retaliation case such as this, discovery delays are particularly prejudicial to the Plaintiff who carries the burden of proof.  Delays can lead to: (1) the loss or degradation evidence-- critical documents or digital records may be lost, purged, or become more difficult to retrieve over time; (2) failing memories—the recollections of key witnesses may fade, impairing the ability to get full and accurate testimony; (3) continued professional and personal harm—prolonged litigation without progress in discovery maintains uncertainty and perpetuates the professional and emotional strain on the whistleblower; (4) resource drain-- requiring the Plaintiff to await an appellate decision on a non-dispositive issue forces her to bear unnecessary legal costs and emotional burden.  While this prejudice is mitigated somewhat by having secured some discovery in the proceedings below, this also means the burden on the Defendant to answering discovery requests is significantly less.  Further Defendant and its employees get the same benefit of heading towards resolution rather than delaying for an undetermined period of time to await an unsuccessful motion/appeal.[1]

---

[1] Though it is completely irrelevant, Defendant repeatedly speculates as to Plaintiff's reason for removal to federal court and the timing of said removal, but that is all they can offer – – incorrect speculation. In fact, there are many reasons for removal to federal court, including access to

Plaintiff's filings explicitly argue that "immediate appeal would not materially advance the litigation" because "reversal would *not* terminate the action, given the alternative timeliness and equitable tolling arguments." To the contrary, denying a stay and allowing discovery to proceed advances efficiency and prevents further prolonging the case.

## C. Relevant Case Law Supports Proceeding with Discovery

The Ninth Circuit applies a four-factor test when deciding whether to grant a general stay of court proceedings pending appeal: (1) Whether the appellant has made a strong showing that it is likely to succeed on the merits of the appeal; (2) Whether the appellant will be irreparably injured absent a stay, (3) Whether issuance of the stay will substantially injure the other parties interested in the proceeding (i.e., the plaintiff); (4) Where the public interest lies. *See Nken v. Holder*, 557 U.S. 418, 434 (2009). The appellant has not made a strong showing it is likely to succeed (and even they implicitly acknowledge they are not likely to succeed, noting in their Reply to Motion for Interlocutory Appeal, p. 12 that: "Lewis's position that she will prevail at the Ninth Circuit is irrelevant. The question here is not what the Ninth Circuit will ultimately hold."). Second, there is

---

subpoena power and the right to a jury trial, especially when the Plaintiff believes in the strength of her case before a jury. The federal courts are often able to offer more consistency procedurally and legally for employees who have faced retaliation and discrimination, especially as agencies, their precedent, and authority can change with changing administrations.

no notable irreparable injury to the Defendant, and they have not even argued such. However, Plaintiff is asserting issuing a stay will injure the plaintiff's legal, emotional, and financial interests in the proceedings. Finally, the public interest lies in moving forward cases of whistleblower retaliation to give the whistleblower, who likely has lost a significant career and financial standing, a remedy as expeditiously as possible and to encourage whistleblowers who are valuable sources of information to come forward with the understanding and knowledge that they will be treated fairly and efficiently by the federal courts.

Courts generally exercise caution when considering a stay of proceedings, especially discovery, during an interlocutory appeal. This discretion is guided by the understanding that a stay is an extraordinary remedy. The Ninth Circuit, in *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1027 (9th Cir. 1981) emphasized that for a question to be "controlling" under § 1292(b), it must genuinely advance the litigation, not merely offer a *potential* for time savings. The Court stated that "Congress required both efficiency and a genuine controlling legal question, and the two standards must remain distinct." This supports the notion that if the appeal will not definitively resolve the entire case, a stay is less justifiable.

The requirements for interlocutory appeals are "stringent." *See Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d 681, 687-88 (9th Cir. 2011). When these stringent requirements are not clearly met—particularly if the appeal is unlikely to result in

the full termination of the case—the presumption should be against disrupting the district court's management of its docket.  While Amex cites *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) in its Reply for the court's inherent power to control its docket with economy of time and effort, the application of this power cuts both ways. In this instance, true judicial economy lies in allowing the case to move forward through discovery rather than pausing for an appeal that lacks substantive merit and even in the very low likelihood it succeeds may only partially resolve the underlying legal disputes.

Courts routinely deny stays of discovery in the interests of moving cases forward for both parties:

> Denying the stay on discovery will also allow for a quick resolution of the antitrust trial, if it is required, as both parties will already have most of the information required. Bifurcating the trial but denying the stay on discovery should serve the interests of both parties in an expedited resolution of all the claims.

*Ecrix Corp. v. Exabyte Corp,* 2000 U.S. Dist. LEXIS 2767, *11 (Colo. D.C. 2000). In *Kassover v. UBS A.G.*, 2008 U.S. Dist. LEXIS 105213 (S.D. NY 2008), the Court determined the plaintiffs advocating legally respectable litigation positions and seeking a narrower scope of discovery supported denying a discovery stay. Plaintiff here not only won before the District Court, indicating meritorious litigation positions but has also noted that the scope of this discovery will be more targeted given prior productions in the agency proceeding.  *See also Niederhoffer*

8

*Intermarket Fund, L.P. v. Chicago Mercantile Exchange,* 1999 U.S. Dist. LEXIS 14305 (N.D. Ill 1999) (denying a stay of discovery because defendant did not present case law demonstrating a stay was called for).

## II.  <u>CONCLUSION</u>

Given the District Court's well-reasoned rejection of Amex's motion to dismiss, the strong likelihood that Lewis's claims would survive even a reversal on appeal through alternative timeliness arguments, and the substantial prejudice that further delay would impose on the Plaintiff in this whistleblower retaliation action, the request for a stay of proceedings should be denied. Lewis should be permitted to proceed with discovery expeditiously to ensure the timely and just resolution of her claims.

Respectfully submitted Oct. 17, 2025:

<u>/s/ Stephani L. Ayers</u>
Stephani L. Ayers, Esq.
Attorney for Plaintiff