# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sophia Lewis, | No. CV-24-03370-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| American Express Company, | |
| Defendant. | |

The Court has reviewed the parties' Rule 26(f) report.  (Doc. 45.)  Plaintiff seeks authorization to pursue "discovery to the full extent allowed by the federal rules and all relevant topics" while "Defendant does not believe any discovery is necessary or appropriate for resolution of the issues in this case."  (*Id.* at 9-10.)  Defendant adds: "However, if Plaintiff can establish that additional discovery is warranted, it should be limited to three (3) depositions of witnesses who have not testified previously in connection with the proceedings before the Department of Labor, for a total of ten (10) hours, and written discovery should be limited to three (3) interrogatories and three (3) RFP's."  (*Id.* at 11.)

The parties are also far apart when it comes to case-related deadlines.  Plaintiff proposes fact- and expert-discovery deadlines in mid-2026 while Defendant does not propose any such deadlines—the only relevant deadline Defendant asks to be set is an early deadline for summary judgment motions.  (*Id.* at 12.)

Given the parties' wide divergence on these topics, the Court concludes it would be

inefficient to hold a case management conference at this time.  In the recent order resolving Defendant's certification request, the Court concluded that Plaintiff should be allowed to pursue some discovery, albeit discovery that is less expansive than in a typical case not preceded by a related administrative proceeding: "Lewis identified several important witnesses who were not examined during the administrative proceedings.  Lewis also stated (although this point appears to be disputed by Amex) that certain documents were not produced by Amex during the administrative  proceedings.  Finally, Lewis avowed (although this point was also disputed by Amex) that despite her need to follow up as to certain witnesses and documents, the overall scope of discovery in this action will be less expansive than in a typical case because she has no intention of issuing duplicative demands for materials that were previously produced.  In light of all of these considerations, and again acknowledging that the issue presents a close call, the Court concludes a stay of discovery is not warranted."  (Doc. 40 at 16-17.)  Given this determination, Defendant's request for the issuance of a scheduling order that categorically disallows discovery and does not include any discovery-related deadlines is a non-starter. However, Plaintiff's request for unrestricted discovery up to the full limits allowed by the Federal Rules of Civil Procedure is also inconsistent with the position she previously took.

The Court will thus require the parties to engage in another Rule 26(f) conference and then submit an amended Rule 26(f) report.  The parties encouraged to take *reasonable* positions in the next iteration of the Rule 26(f) report.

…

…

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that the parties are directed to meet, confer, and develop an Amended Rule 26(f) Joint Case Management Report, which must be filed within 14 days of the date of this order.  It is Plaintiff's responsibility to initiate the Rule 26(f) meeting and preparation of the Amended Joint Case Management Report.  Defendant shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Amended Joint Case Management Report.

Dated this 24th day of November, 2025.

Dominic W. Lanza
United States District Judge